1
2
3
4

Matthew J. Preusch (Cal. Bar No. 298144)
mpreusch@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1129 State Street, Suite 8
Santa Barbara, California 93101
T: (805) 456-1496
F: (805) 456-1497

5
6
7
8
9

Lynn Lincoln Sarko, *admitted pro hac vice*
lsarko@kellerrohrback.com
**KELLER ROHRBACK L.L.P**
1201 Third Ave., Suite 3200
Seattle, Washington 98101
T: (206) 623-1900
F: (206) 623-3384
*Attorneys for Plaintiffs Michael Corona
and Christina Mathis*

10
11
12
13
14
15

Daniel C. Girard (SBN 114826)
dcg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
T: (415) 981-4800
F: (415) 981-4846
*Attorneys for Plaintiffs Joshua Forster and
Ella Carline Archibeque*

Michael W. Sobol (SBN 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
T: (415) 956-1000
F: (415) 956-1008
*Attorneys for Plaintiffs Michael
Levine and Lionel Felix*

16
17

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

18
19
20
21
22
23
24
25
26
27
28

MICHAEL CORONA and CHRISTINA
MATHIS, individually and on behalf of
others similarly situated,

        Plaintiffs,

    v.

SONY PICTURES ENTERTAINMENT,
INC.,

        Defendant.

Case No. 2:14-cv-09600-RGK-SH

CLASS ACTION

**NOTICE OF UNOPPOSED MOTION
AND UNOPPOSED MOTION FOR
CONSOLIDATION AND
APPOINTMENT OF INTERIM CO-
LEAD CLASS COUNSEL**

Date:      February 9, 2015
Time:     9:00 a.m.
Judge:    Hon. R. Gary Klausner
Courtroom: 850

| | |
|---|---|
| 1 2 3 4 5 6 7 | JOSHUA FORSTER and ELLA CARLINE ARCHIBEQUE, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>       v.<br><br>SONY PICTURES ENTERTAINMENT INC.,<br><br>              Defendant. | Case No. 2:14-cv-09646-RGK-SH |
| 8 9 10 11 12 13 14 | MICHAEL LEVINE and LIONEL FELIX, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>       v.<br><br>SONY PICTURES ENTERTAINMENT, INC.,<br><br>              Defendant. | Case No. 2:14-cv-09687-RGK-SH |
| 15 16 17 18 19 20 21 22 | MARCELA BAILEY, individually, and on behalf of a class of similarly situated individuals,<br><br>              Plaintiff,<br>       v.<br><br>SONY PICTURES ENTERTAINMENT INC., a Delaware corporation<br><br>              Defendant. | Case No. 2:14-cv-09755-RGK-SH |

1
2

STEVEN SHAPIRO, individually and on behalf of all others similarly situated,

Case No. 2:14-cv-09762-RGK-SH

3

Plaintiff,

v.

4
5

SONY PICTURES ENTERTAINMENT, INC.,

6

Defendant.

7
8

9
10

ANASTASIO GARCIA RODRIGUEZ, individually and on behalf of all others similarly situated,

Case No. 2:15-cv-00014-RGK-SH

11

Plaintiff,

v.

12
13

SONY PICTURES ENTERTAINMENT, INC., a Delaware Corporation

14

Defendant.

15
16

17

LAWON EXUM, individually and on behalf of all others similarly situated,

Case No. 2:15-cv-00111-CAS-JEM

18
19

Plaintiff,

v.

20

SONY PICTURES ENTERTAINMENT, INC.,

21

22

Defendant.

23
24
25
26
27
28

## Table of Contents

NOTICE OF MOTION ....................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 4

I.     INTRODUCTION ............................................................................. 4

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................... 6

    A.   Plaintiffs' Allegations ............................................................. 6

    B.   The Currently Pending Federal Cases ...................................... 6

    C.   The Two Related State Court Cases ......................................... 8

III.   THE COURT SHOULD CONSOLIDATE THE SEVEN FEDERAL CASES ....... 8

IV.   THE COURT SHOULD APPOINT KELLER ROHRBACK, GIRARD GIBBS, AND LIEFF CABRASER TO SERVE AS INTERIM CO-LEAD CLASS COUNSEL . 10

    A.   The Work Interim Co-Lead Class Counsel Have Done ....................................... 11

    B.   Proposed Interim Co-Lead Class Counsel Have the Experience Necessary to Represent the Best Interests of the Putative Class and Have Extensive Knowledge of the Applicable Law ....................................... 13

        1.   Keller Rohrback's Experience ....................................... 13

        2.   Girard Gibbs's Experience ....................................... 15

        3.   Lieff Cabraser's Experience ....................................... 18

    C.   Proposed Interim Co-Lead Class Counsel Have the Resources to Prosecute This Action ....................................... 19

    D.   Proposed Interim Co-Lead Class Counsel Will Litigate the Case Efficiently and Economically ....................................... 20

V.    CONCLUSION ....................................... 20

# TABLE OF AUTHORITIES

**Federal Cases**                                                                  **Page(s)**

*Huene v. United States*,
    743 F.2d 703 (9th Cir. 1984) ....................................................................... 9

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
    877 F.2d 777 (9th Cir. 1989) ....................................................................... 8

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices
    Litig.*,
    282 F.R.D. 486 (C.D. Cal. 2012) ............................................................ 8, 10

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*,
    720 F. Supp. 805 (N.D. Cal. 1989) ............................................................. 9

*In re WorldCom, Inc. ERISA Litig.*,
    No. 02-4816, 2004 WL 2338151 (S.D.N.Y. Oct. 18, 2004) ....................... 14

**Federal Statutes**

15 U.S.C. § 1681w ........................................................................................ 7

**State Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................. 7, 8

Cal. Civ. Code § 56, *et seq.* ................................................................ *passim*

Cal. Civ. Code § 1798.80, *et seq.* .......................................................... 7, 8

Va. Code §§ 18.2-186.6 ................................................................................ 7

**Rules**

Fed. R. Civ. P. 23(g) ................................................................. 2, 4, 10, 13

Fed. R. Civ. P. 42 ........................................................................... 1, 4, 8

**Regulations**

16 C.F.R. § 682, *et seq.* ............................................................................. 7

**Other Authorities**

*Manual for Complex Litigation, Fourth,* § 10.221 (2004) ................................................. 4

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 9, 2015, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner of the United States District Court, Central District of California, Los Angeles Division, located at Court Room 850, 255 East Temple Street, Los Angeles, CA 90012, Plaintiffs Michael Corona, Christina Mathis, Joshua Forster, Ella Carline Archibeque, Michael Levine, and Lionel Felix will and hereby do move the Court for consolidation of related cases and for appointment of interim co-lead class counsel. This unopposed motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 29, 2014.

Pursuant to Rule 42(a)(2) Federal Rules of Civil Procedure, Plaintiffs move to consolidate seven cases currently pending before this Court, *Corona et al. v. Sony Pictures Entm't*, No. 2:14-cv-09600-RGK-SH, *Forster et al. v. Sony Pictures Entm't*, No. 2:14-cv-09646-RGK-SH, *Levine et al. v. Sony Pictures Entm't*, No. 2:14-cv-09687-RGK-SH, *Bailey et al. v. Sony Pictures Entm't*, No. 2:14-cv-09755-RGK-SH, *Shapiro et al. v. Sony Pictures Entm't*, No. 2:14-cv-09762-RGK-SH, *Rodriguez v. Sony Pictures Entm't, Inc.*, No. 2:15-cv-00014-RGK-SH, and *Exum v. Sony Pictures Entm't, Inc.*, No. 2:15-cv-00111-CAS-JEM, as well as any additional cases that are hereafter filed in or removed to this Court.[1] All of these cases have been filed generally on behalf of the proposed class of former and current employees of Sony Pictures Entertainment Inc. ("SPE") and other persons whose personal information and/or medical information is alleged to have been compromised as a result of SPE's data breach publicized in November 2014. Consolidating the cases will be the most efficient and effective way of litigating the claims on behalf of the proposed class.

---

[1] There are two cases currently pending in state court: *Dukow v. Sony Pictures Entm't, Inc.*, No. BC566884 (L.A. Cnty. Superior Court) and *Doe v. Sony Pictures Entm't, Inc.*, No. BC567358 (L.A. Cnty. Superior Court).

1

1    Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, Plaintiffs further
2    seek the appointment of Plaintiffs' counsel in the first three filed cases, Keller Rohrback
3    L.L.P., Girard Gibbs LLP, and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff
4    Cabraser") as Interim Co-Lead Class Counsel, with Keller Rohrback also serving as
5    Liaison Counsel.  Interim Co-Lead Class Counsel are experienced class action attorneys
6    with particular expertise in consumer class actions, privacy and data breach litigation, and
7    employee representation and have the resources necessary to efficiently prosecute this
8    case on behalf of the proposed class.
9        Plaintiffs' unopposed motion is based on this notice, the accompanying
10   memorandum of points and authorities, the accompanying declarations of Lynn Lincoln
11   Sarko, Daniel C. Girard, and Michael W. Sobol in support of Plaintiffs' unopposed
12   motion, the proposed order and any additional argument and evidence the Court may
13   consider at the hearing.

14
15   Dated:        January 12, 2015            Respectfully submitted,
16
17                                            **KELLER ROHRBACK L.L.P.**
18                                            By:  _/s/ Lynn Lincoln Sarko_
19                                            Lynn Lincoln Sarko, *Admitted pro hac vice*
20                                            Gretchen Freeman Cappio, *Admitted pro hac vice*
                                             Cari Campen Laufenberg, *Admitted pro hac vice*
21                                           1201 Third Ave., Suite 3200
22                                           Seattle, Washington 98101
                                             Tel: (206) 623-1900 / Fax: (206) 623-3384
23
24                                           Matthew J. Preusch (Cal. Bar No. 298144)
25                                           1129 State Street, Suite 8
                                             Santa Barbara, California 93101
26                                           Tel.: (805) 456-1496 / Fax (805) 456-1497
27
                                             *Attorneys for Plaintiffs Michael Corona and*
28                                           *Christina Mathis*

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GIRARD GIBBS LLP**

By:  _/s/ Daniel C. Girard_
Daniel C. Girard
Matthew B. George
Linh G. Vuong
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

*Attorneys for Plaintiffs Joshua Forster and Ella Carline Archibeque*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By:  _/s/ Michael W. Sobol_
Michael W. Sobol
RoseMarie Maliekel
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorneys for Plaintiffs Michael Levine and Lionel Felix*

**MEMORANDUM OF POINTS AND AUTHORITIES**

# I.   <u>INTRODUCTION</u>

Plaintiffs Michael Corona, Christina Mathis, Joshua Forster, Ella Carline Archibeque, Michael Levine, and Lionel Felix (collectively, "Plaintiffs") respectfully move for consolidation, pursuant to Federal Rule of Civil Procedure 42, of the above-captioned cases filed against Sony Pictures Entertainment Inc. ("SPE"), as well as any additional related cases that are hereafter filed in or removed to this Court.  As of January 12, 2015, seven federal lawsuits have been filed against SPE, alleging similar legal and factual claims related to the SPE data breach that was publicized on November 24, 2014.  Plaintiffs' claims in all of these cases will require the Court to resolve "common questions of law or fact" and consolidation will eliminate duplication of effort and make litigating the case more convenient and efficient for the parties and the Court.  SPE and plaintiffs in the other four federal lawsuits also support consolidation of the related matters.

Plaintiffs also request that the Court appoint three well-qualified law firms, counsel in the first-filed cases, Keller Rohrback L.L.P., Girard Gibbs LLP, and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), to serve as Interim Co-Lead Class Counsel for the proposed class in the consolidated cases pursuant to Federal Rule of Civil Procedure 23(g).  In the interest of facilitating communications with the Court, the moving parties also propose Keller Rohrback as Liaison Counsel.  Keller Rohrback has a Santa Barbara office in this District, and is well-recognized for its excellent track-record in complex litigation, as outlined below.[2]  Proposed Interim Co-Lead Class Counsel are

---

[2] As the Manual for Complex Litigation (Fourth) notes, Liaison Counsel is "[c]harged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court." *Manual for Complex Litigation, Fourth,* § 10.221 (2004).

uniquely qualified to represent the putative class in this case because of their extensive expertise and experience in consumer class actions, data breach litigation, and employee representation, which will be applied in this case to maximize the recovery for class members and move the litigation forward efficiently.

Proposed Interim Co-Lead Class Counsel includes Lynn Sarko of Keller Rohrback, who has frequently served as lead or co-lead counsel in many of the most high profile and complex class action cases in the country involving consumer and employee rights, including, for example, *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.); and *In re the Exxon Valdez*, No. 89-00095 (D. Alaska). The team also includes Daniel C. Girard of Girard Gibbs, who is currently a member of the Court-appointed Steering Committee representing consumers in coordinated multi-district litigation arising from Target's massive 2013 data breach, a former member of the United States Judicial Conference Advisory Committee on Civil Rules, and whose work in nationwide class action cases has been repeatedly recognized by the federal judiciary. The team also includes Michael Sobol of Lieff Cabraser, who has extensive experience representing classes in consumer and privacy class actions, and has served as lead counsel and in other court-appointed leadership roles in numerous class cases.

Collectively, Proposed Interim Co-Lead Class Counsel's professional experience will enable them to direct this litigation in an efficient and economic manner. SPE takes no position on Plaintiffs' request for appointment of Interim Co-Lead Class Counsel. Interim Co-Lead Counsel have also conferred with counsel for Plaintiffs in the *Bailey*, *Shapiro*, *Rodriguez*, and *Exum* Actions and are authorized to represent that they support the appointment of Interim Co-Lead Class Counsel as requested and otherwise support the relief sought by this Motion.

Accordingly, Plaintiffs request that the Court grant their motion to consolidate the seven currently pending federal cases filed against SPE, as well as any additional related cases that are hereafter filed in or removed to this Court, and appoint Keller Rohrback,

Girard Gibbs, and Lieff Cabraser as Interim Co-Lead Class Counsel.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiffs' Allegations

Plaintiffs are former SPE employees who provided SPE with sensitive and personal information, including medical information and Social Security numbers during their employment with SPE.  Plaintiffs in each of the cases generally allege that SPE failed to maintain adequate security policies and practices to protect Plaintiffs' information.  Plaintiffs allege that they were victims of a data breach that was first made public beginning November 24, 2014.  In the following weeks, many of SPE's personnel records were made available online for the public to download, including files containing former and current employees' names, birthdates, addresses, Social Security numbers, salaries, and health insurance and medical information.  SPE confirmed the authenticity of the breach with its current employees on December 2, 2014, and began notifying former employees later.

### B.   The Currently Pending Federal Cases

As of January 12, 2015, Plaintiffs have filed seven proposed class actions against SPE in the United States District Court for the Central District of California, five of which have been related to the first filed action.  The Plaintiffs in all seven of these cases allege that SPE failed to employ adequate data security practices to protect the confidentiality of its employees' personal and sensitive information.  In each case, the Plaintiffs propose to represent identical or substantially overlapping classes of current and former SPE employees and other persons whose personal information was compromised in the data breach that was publicized in November 2014.

The first nationwide federal case, *Corona v. Sony Pictures Entm't, Inc.* ("*Corona Action*"), No. 2:14-cv-09600-RGK-SH (C.D. Cal.), was filed on December 15, 2014 in this Court, on behalf of a proposed class of former and current employees whose personal information was compromised in the SPE data breach that was first publicized in November 2014.  The complaint alleges a claim of negligence and violations of various

privacy statutes, including the California's Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56, *et seq.*, California's Customer Records Act ("CRA"), Cal. Civ. Code. § 1798.80, *et seq.*, and Virginia's data breach notification law, Va. Code §§ 18.2-186.6.  The *Corona* Plaintiffs are represented by Keller Rohrback.

Plaintiffs Forster and Archibeque filed the second federal case against SPE on December 17, 2014, *Forster v. Sony Pictures Entm't Inc.* ("*Forster* Action"), No. 2:14-cv-09646-RGK-SH (C.D. Cal.).  The *Forster* Action similarly alleges SPE's conduct was negligent and violates the CRA, the CMIA, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*  The Court related the *Forster* Action to the *Corona* Action on December 23, 2014.  *Forster*, No. 2:14-cv-09646, ECF No. 13.  The *Forster* Plaintiffs are represented by Girard Gibbs.

The third federal case, *Levine v. Sony Pictures Entm't Inc.* ("*Levine* Action"), No. 2:14-cv-09687-RGK-SH (C.D. Cal.), was filed on December 18, 2014, and is brought on behalf of a similar class alleging similar claims of negligence, bailment, violations of the CRA and CMIA, as well as invasion of privacy under the California Constitution.  The Court related the *Levine* Action to the *Corona* Action on December 23, 2014.  *Levine*, No. 2:14-cv-09687, ECF No. 15.  The *Levine* Plaintiffs are represented by Lieff Cabraser.

Two additional federal cases were filed on December 19, 2014 – *Bailey v. Sony Pictures Entm't Inc.* ("*Bailey* Action"), No. 2:14-cv-9755-RGK-SH (C.D. Cal.) and *Shapiro v. Sony Pictures Entm't, Inc.* ("*Shapiro* Action"), No. 2:14-cv-09762-RGK-SH (C.D. Cal.).  Both cases are brought on behalf of classes similar to the preceding three cases and allege violations of the CRA, CMIA, UCL, and a claim of negligence.  The *Bailey* Action alleges additional claims of negligent hiring and violation of the Fair Credit and Report Act and Fair and Accurate Credit Transactions Act (15 U.S.C. § 1681w; 16 C.F.R. § 682, *et seq.*).  The Court related the *Bailey* and *Shapiro* Actions to the *Corona* Action on January 8, 2015.  *Bailey*, No. 2:14-cv-9755, ECF No. 14; *Shapiro*, No. 2:14-cv-09762, ECF No. 20.  Plaintiff Bailey is represented by Capstone Law APC and Plaintiff Shapiro is represented by Gomez Trial Attorneys, Chimicles & Tikellis

LLP, and Ryan & Maniskas, LLP.

The sixth federal case, *Rodriguez v. Sony Pictures Entm't, Inc.* ("*Rodriguez* Action"), No. 2:15-cv-00014-RGK-SH (C.D. Cal.), was filed on January 2, 2015 on behalf of a similar class and alleges a single claim of negligence.  The Court related the *Rodriguez* Action to the *Corona* Action on January 8, 2015.  *Rodriguez*, No. 2:15-cv-00014, ECF No. 10.  Plaintiff Rodriguez is represented by Rukin Hyland Doria & Tindall LLP.  The most recent federal case, *Exum v. Sony Pictures Entm't, Inc.*, No. 2:15-cv-00111-CAS-JEM (C.D. Cal.), was filed on January 6, 2015 on behalf of classes similar to the preceding cases and alleges violations of the CRA, UCL, CMIA, and a claim of negligence.  Plaintiff Exum is represented by Gomez Trial Attorneys and Lite DePalma Greenberg, LLC.

## C.     The Two Related State Court Cases

Moving parties are also aware of two proposed class actions pending in the Los Angeles Superior Court: *Dukow v. Sony Pictures Entm't, Inc.*, No. BC566884 (L.A. Cnty. Superior Court) and *Doe v. Sony Pictures Entm't, Inc.*, No. BC567358 (L.A. Cnty. Superior Court), filed on December 16, 2014 and December 19, 2014, respectively.  The complaints in *Dukow* and *Doe* both allege a claim of negligence, violations of the CMIA, the CRA, and invasion of privacy under the California Constitution.

## III.     THE COURT SHOULD CONSOLIDATE THE SEVEN FEDERAL CASES

The Court should consolidate the seven above-captioned federal cases, as well as any related cases hereafter filed in or removed to this Court, as *In re Sony Pictures 2014 Data Breach Litigation*.  Where cases before the same court "involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices*

*Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (quoting *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) and *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

      Here, each of the seven federal actions presents common questions of law and fact. The cases were each filed against the same defendant, SPE, and allege that its data security practices led to a massive data breach and compromised the personal information of thousands of its current and former employees.  As the Court has already found in relating five of the federal actions, these cases arise from the same events, involve "the same or substantially related or similar questions of law and fact," and "would entail substantial duplication of labor if heard by different judges."  *Rodriguez*, No. 2:15-cv-00014, ECF No. 10; *Bailey*, No. 2:14-cv-9755, ECF No. 14; *Shapiro*, No. 2:14-cv-09762, ECF No. 20; *Forster*, No. 2:14-cv-09646, ECF No. 13; *Levine*, No. 2:14-cv-09687, ECF No. 15.

      Consolidating these seven federal cases and any later filed or removed cases will streamline the litigation and make it more efficient for the Court to resolve the similar legal and factual issues involved in all these cases.  Common legal and factual questions include whether SPE breached its legal duties by failing to protect the personal information of Plaintiffs and members of the class, and whether SPE failed to promptly notify Plaintiffs and class members that their personal information had been compromised.  Moreover, consolidation will not cause any inconvenience, delay or extra expenses as these cases are at the initial stages of litigation and are not at different trial stages or different stages of discovery.  Instead, consolidation will minimize delay and costs and make the litigation more convenient and cost-efficient for the parties and the Court.  Plaintiffs therefore request that the Court consolidate the seven federal cases and any other cases alleging similar claims that are hereafter filed in or removed to this Court. Should the Court consolidate the pending matters, Plaintiffs will file a proposed Consolidated Amended Complaint within 14 days of the Court's Order.  Plaintiffs have conferred with SPE and counsel for Plaintiffs in *Bailey*, *Shapiro*, *Rodriguez*, and *Exum*

Actions and understand that all parties also support consolidation of the pending matters. Declaration of Daniel C. Girard (Attached hereto as Ex. A) ("Girard Decl.") at ¶ 5; Declaration of Lynn Lincoln Sarko ("Sarko Decl.") at ¶ 5; Declaration of Michael W. Sobol (Attached hereto as Ex. B) ("Sobol Decl.") at ¶ 9.

## IV.   THE COURT SHOULD APPOINT KELLER ROHRBACK, GIRARD GIBBS, AND LIEFF CABRASER TO SERVE AS INTERIM CO-LEAD CLASS COUNSEL

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Courts appointing interim class counsel must consider the following four factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see also In re Oreck Corp.*, 282 F.R.D. at 492 (applying the criteria of Rule 23(g) in assessing lead interim class counsel). Additionally, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

These factors support the appointment of Keller Rohrback, Girard Gibbs, and Lieff Cabraser as Interim Co-Lead Class Counsel, with Keller Rohrback also serving as Liaison Counsel who will be responsible for facilitating coordination and communications among counsel for the parties and with the Court. As detailed below, the firms have already invested significant time and effort into investigating the claims alleged in the litigation, and analyzing the legal issues that will drive the litigation. Girard Decl. at ¶ 4; Sarko Decl. at ¶ 4; Sobol Decl. at ¶ 8. The firms also have the

specific subject matter and procedural expertise necessary to obtain the best result for the classes, with collective experience litigating hundreds of class action cases, including complex cases involving consumer and medical privacy claims and massive data breaches.  Girard Decl. at ¶¶ 6-12; Sarko Decl. at ¶¶ 6-16; Sobol Decl. at ¶¶ 2-7. Moreover, the firms have the necessary resources to commit to prosecuting this case on behalf of Plaintiffs and the putative class against a well-resourced defendant like SPE. Girard Decl. at ¶¶ 13-21; Sarko Decl. at ¶¶ 6-16; Sobol Decl. at ¶¶ 10-14.

With a proposed leadership structure limited to three law firms, Proposed Interim Co-Lead Class Counsel can apply their professional experience and qualifications to prosecute this case in a cost-effective and efficient manner that will protect and advance the rights of former and current SPE employees.  The co-lead counsel structure proposed also assures that class members will have the benefit of counsel who are experienced in litigating the complex legal issues raised by this case.  Proposed Interim Co-Lead Class Counsel's duties will include directing, coordinating, and supervising the prosecution of Plaintiffs' claims, coordinating work with other Plaintiffs' counsel to avoid duplication and inefficiency in filing of pleadings or discovery, managing discovery, retaining experts, communicating with the Court and opposing counsel, trying the case or conducting settlement negotiations on behalf of Plaintiffs and the putative class, and collecting and reviewing time and expense records from all Plaintiffs' counsel on a monthly basis.  SPE has advised the moving parties that it takes no position on Plaintiffs' request for appointment of Interim Co-Lead Class Counsel.

### A.    The Work Interim Co-Lead Class Counsel Have Done

The first factor strongly supports the appointment of Keller Rohrback, Girard Gibbs, and Lieff Cabraser as Interim Co-Lead Class Counsel.  Being the first three firms to file the first three complaints against SPE, Proposed Interim Co-Lead Class Counsel have performed substantial work in investigating the underlying facts and potential claims in this action on behalf of SPE employees impacted by the breach.  *See* Girard Decl. at ¶ 4; Sarko Decl. at ¶ 4; Sobol Decl. at ¶ 8.  After the SPE data breach was first

publicized on November 24, 2014, the firms interviewed over 150 current and former SPE employees, including Plaintiffs, who either contacted the firms through their respective websites or were referred to the firms by other former SPE employees. *Ids.* As alleged in Plaintiffs' complaints, many of these potential class members provided SPE with sensitive personal information, such as their Social Security numbers and medical information, which have been disclosed in the breach. *Ids.*

In interviewing SPE employees, Proposed Interim Co-Lead Class Counsel drew upon their experience in managing complex litigation and information privacy cases to analyze the legal issues at hand and strategize on how to efficiently proceed on behalf of Plaintiffs. Proposed Interim Co-Lead Class Counsel used their collective expertise on issues involving data breach, medical privacy, and employee rights and their understanding of common data security practices and technologies to assess the issues and advise their clients. *See* Girard Decl. at ¶ 4; Sarko Decl. at ¶ 4; Sobol Decl. at ¶ 8. Proposed Interim Co-Lead Class Counsel also spent weeks evaluating information about the data breach as reported by various news sources, reviewed SPE's data security practices, and researched the relevant legal principles and case law before filing complaints against SPE. *Ids.*

After the complaints were filed, Proposed Interim Co-Lead Class Counsel conferred with each other to discuss coordination and case scheduling to combine and streamline efforts on behalf of the proposed class. Girard Decl. at ¶ 5; Sarko Decl. at ¶ 5; Sobol Decl. at ¶ 9. On December 29, 2014, Proposed Interim Co-Lead Class Counsel met and conferred with SPE's counsel to discuss Plaintiffs' plans for coordination and appointment of Interim Co-Lead Class Counsel before filing this motion, as well as some initial scheduling and discovery matters. *Ids.* Proposed Interim Co-Lead Class Counsel have also discussed their proposed appointment with counsel for Plaintiffs in the *Bailey*, *Shapiro*, *Rodriguez*, and *Exum* Actions and understand those Plaintiffs support the proposed leadership structure and have no objection to this Motion. Sarko Decl. at ¶ 5; Sobol Decl. at ¶ 9.

**B.     Proposed Interim Co-Lead Class Counsel Have the Experience Necessary to Represent the Best Interests of the Putative Class and Have Extensive Knowledge of the Applicable Law**

The second and third factors under Rule 23(g) also support the appointment of Keller Rohrback, Girard Gibbs, and Lieff Cabraser as Interim Co-Lead Class Counsel due to their substantial and extensive experience and accomplishments in complex litigation, and successful representation of plaintiffs in consumer, employee and data breach class actions throughout the country.  Each firm has served as lead or co-lead counsel in numerous nationwide consumer class actions and is highly knowledgeable regarding the law applicable to consumer, employee and medical privacy implicated in this case.  Girard Decl. at ¶¶ 8-12; Sarko Decl. at ¶¶ 7-16; Sobol Decl. at ¶¶ 2-7.  Each firm has also designated primary attorneys with specific expertise identified below that will direct the litigation and achieve the best possible results for the class.  Girard Decl. at ¶¶ 13-21; Sarko Decl. at ¶¶ 6-16; Sobol Decl. at ¶¶ 10-14.

**1.      Keller Rohrback's Experience**

Keller Rohrback has over 25 years of experience representing consumers and employees in class action cases nationwide.  With more than 60 attorneys, the firm frequently serves as lead or co-lead counsel in some of the most prominent, high-stakes class action cases involving consumer and employee rights, including, *In re the Exxon Valdez*, No. 89-00095 (D. Alaska), *In re Diet Drugs(Phentermine/Fenfluramine/ Dexfenfluramine) Products Liab. Litig*., MDL No. 02-1203 (E.D. Pa.); *In re Vitamin Antitrust Litig*., MDL No. 1285 (D.D.C.); and *In re JPMorgan Chase Mortgage Modification Litig*., MDL No. 2290 (D. Mass.).  Sarko Decl. at ¶¶ 7-10 & Ex. 1.  Based in Seattle, Keller Rohrback also has offices in Santa Barbara, Phoenix and New York, and is experienced in handling complex class actions similar to this Action.  *Id*. at ¶ 7.  To date, the firm has achieved recoveries of over $6 billion.  *Id*.

13

In addition, Keller Rohrback is a national leader in ERISA litigation and has served as lead or co-lead counsel in many of the largest and most complex ERISA class action cases, such as *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.); *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.), and numerous other cases brought on behalf of employee retirement plan participants. Sarko Decl. at ¶¶ 8, 10 & Ex. 1. The firm has pioneered and obtained ground-breaking opinions in the area of ERISA class action retirement plan cases, including the ground-breaking case *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.). *Id.* at ¶ 8. Indeed, the firm's work as lead counsel in ERISA cases has been widely praised. For example, in the *In re WorldCom, Inc. ERISA Litigation*, where Keller Rohrback served as Lead Counsel, Judge Cote found that: "Lead Counsel has performed an important public service in this action and has done so efficiently and with integrity. It has cooperated completely and in novel ways with Lead Counsel for the Securities Litigation and in doing so all of them have worked to reduce legal expenses and maximize recovery for class members." *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151 at *10 (S.D.N.Y. Oct. 18, 2004). *Id.*

Keller Rohrback's Complex Litigation Group is highly accomplished, and includes numerous lawyers whose practices focus primarily on consumer and employee class action cases. Sarko Decl. at ¶ 13. The members of Keller Rohrback's Complex Litigation Group who will be primarily responsible for this case have extensive experience in litigating discovery issues, class certification motions, and substantive pretrial motions in complex class action cases, as well as a specific background in consumer protection, data breach and privacy law. *Id.* at ¶¶ 8-16. For instance, Lynn Sarko, managing partner of Keller Rohrback, has been appointed as lead or co-lead counsel in many of the nation's most complex class actions involving consumer and employee rights, including the Exxon Valdez Oil Spill, the Microsoft civil antitrust case, the Vitamins price-fixing cases, the *MDL Fen/Phen Diet Drug Litigation*, the *JPMorgan*

*Chase Mortgage Modification Litigation* and many high-profile ERISA retirement plan cases, including, the *Enron*, *WorldCom*, *HealthSouth*, *Lucent Technologies*, *Marsh*, *Merrill Lynch* and *Global Crossing* litigation. *Id.* at ¶¶ 9-10.

Gretchen Freeman Cappio, a partner at Keller Rohrback L.L.P. and a member of the firm's Consumer and Employee Protection team, is one of the chief plaintiffs' counsel in numerous consumer protection and data breach cases, such as *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (holding that plaintiff employees alleged a "credible threat of real and immediate harm stemming from the theft of a laptop containing their unencrypted personal data"); *In re Mattel, Inc. Toy Lead Paint Prods. Liab. Litig.*, MDL No. 07-1897 (C.D. Cal.); *In re JPMorgan Chase Mortgage Modification Litig.*, MDL No. 2290 (D. Mass.); *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liab. Litig.*, MDL No. 08-1967 (W.D. Mo.); and *Herfert, et al. v. Crayola LLC*, No. 11-1301 (W.D. Wash.). *Id.* at ¶ 14. Ms. Cappio has played a lead role in successful settlement negotiations in several of the firm's Consumer and Employee Protection cases. *Id.* at ¶ 15. She is a frequent speaker at national continuing legal education conferences on a variety of topics, including the legal ramifications of data breaches on consumer and employee privacy. *Id.*

### 2.  Girard Gibbs's Experience

Girard Gibbs is a firm of 20 attorneys who are dedicated to serving plaintiffs in class actions and aggregate litigation. Girard Decl. at ¶ 6 & Ex. 1. The firm was founded in 1995 and has successfully prosecuted class actions involving shareholder rights, securities, antitrust, consumer, privacy, employment, and civil rights laws in courts throughout the United States. *Ids.* Girard Gibbs was distinguished as a Tier 1 law firm for plaintiffs' mass tort and class-action litigation in the 2013 "Best Law Firms" list, an annual survey published in the U.S. News & World Report's Money Issue. *Id.* at ¶ 7.

Girard Gibbs is specially qualified to represent the proposed class of former and current SPE employees in this data privacy case due to the firm's extensive experience in consumer data privacy litigation, claims regarding the confidentiality of medical records

15

under the CMIA, and employee representation.  Girard Decl. at ¶ 8.  For instance, Girard Gibbs currently serves on the Steering Committee in *In re Target Corp. Customer Data Sec. Breach Litig.*, representing customers whose personal and financial information was compromised through a breach of Target's point-of-sale systems in late 2013, and who recently defeated Target's motion to dismiss.  *Id.* at ¶ 9; No. 0:14-md-02522-PAM, 2014 WL 7192478 (D. Minn. Dec. 18, 2014).  Girard Gibbs was also appointed to lead the prosecution of consolidated litigation in *In re Adobe Sys., Inc. Privacy Litig.*, No. 5:13-cv-05226-LHK (N.D. Cal.) on behalf of consumers who assert privacy and consumer fraud claims arising from Adobe's 2013 data breach.  Girard Decl. at ¶ 9.  In *Shurtleff v. Health Net of Cal., Inc.*, No. 34-2012-00121600-CU-CL (Sacramento Cnty. Superior Court), Girard Gibbs served as co-lead counsel in this patient privacy case alleging violations of the CMIA and achieved a settlement that provided class members with credit monitoring, established a $2 million fund to reimburse consumers for related identity theft incidents, and instituted material upgrades to and monitoring of Health Net's information security protocols.  *Id.*  Girard Gibbs has also successfully represented employees in a number of class actions, including *Mitchell v. Acosta, Inc.*, No. 11-01796-GAF-OP (C.D. Cal.), in which plaintiffs obtained a $9.9 million settlement on behalf of employees asserting state and federal wage claims.  *Id.* at ¶ 10.

Girard Gibbs also has substantial experience in managing class actions brought on behalf of consumers and investors, such as *In re Lehman Bros. Holdings Secs. & ERISA Litig.*, No. 09-MD-2017 (S.D.N.Y.), in which Daniel Girard was appointed as a member of the executive committee charged with managing multidistrict proceedings arising out of the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in United States history.  Girard Decl. at ¶ 11.  Girard Gibbs served as class counsel for a certified class of retail investors in Lehman-issued principal protection notes sold by UBS Financial Services, Inc.  *Id.*  The litigation yielded recoveries of $735 million.  *Id.*  In *Billitteri v. Secs. Am., Inc.*, No. 3:09-cv-01568-F (N.D. Tex.), Girard Gibbs served as lead counsel for a class of investors and coordinated settlement negotiations resulting in a

recovery of $150 million, returning approximately 40% of the net losses suffered by class members. *Id.* In approving the settlement, Judge W. Royal Furgeson of the Northern District of Texas wrote: "Class counsel in this case possess great competence and experience, and the result reached in this case perfectly justifies their abilities. The Court has been extremely impressed with the conduct, skill, and accomplishment of class counsel throughout this litigation." *Id.*

Several of Girard Gibbs' lawyers have also developed a broad knowledge of privacy law through their litigation of other cases involving privacy issues. Girard Decl. ¶¶ 13-20. The lawyers who will be primarily responsible for this case also have a background in consumer protection law generally, as well as extensive experience in litigating discovery issues, class certification motions, and substantive pretrial motions. *Id.* For instance, Daniel Girard, founder and managing partner of Girard Gibbs, has been appointed leading roles in many complex class actions and data privacy matters, including *In re Lehman Bros. Holdings Secs. & ERISA Litig.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal.), *Billitteri v. Secs. Am., Inc.*, *In re SLM Corp. Secs. Litig.*, No. 08-Civ-1029 (S.D.N.Y.), *Paeste v. Gov't of Guam*, No. 1:11-cv-00008 (D. Guam), *In re Target Corp. Customer Data Sec. Breach Litig.*, and *In re Yahoo! Mail Litig.*, No. 5:13-cv-4980-LHK (N.D. Cal.). *Id.* at ¶¶ 15-16. Mr. Girard is also a member of the American Law Institute's Restatement of the Law of Privacy Members' Consultative Group. *Id.* at ¶ 17. Matthew George, a partner at Girard Gibbs, has substantial experience representing consumers and employees in complex litigation and privacy matters, such as *Shurtleff v. Health Net of Cal., Inc.*, *In re Adobe Sys., Inc. Privacy Litig.*, *In re Target Corp. Customer Data Sec. Breach Litig.*, and *In re Yahoo! Mail Litig*. *Id.* at ¶ 18. Mr. George is also a frequent speaker on consumer privacy law issues and has worked closely with information security experts that will inform discovery and liability issues in this case. *Id.* at ¶ 19.

### 3.    Lieff Cabraser's Experience

Lieff Cabraser is one of the oldest, largest and most respected law firms in the country representing plaintiffs in class actions.  Sobol Decl. at ¶ 3.  Lieff Cabraser has been recognized repeatedly as one of the nation's top plaintiffs' law firms, has prosecuted hundreds of class actions on behalf of plaintiff classes, has served as lead class counsel and in other court-appointed leadership roles in numerous consumer, privacy, employment and other class cases, and has recovered well over a billion dollars for class members.  *Id.* at ¶¶ 4-7 & Ex. 1.

Lieff Cabraser is very well qualified to represent the proposed class here, given, *inter alia*, the firm's considerable experience prosecuting data privacy claims.  Sobol Decl. at ¶ 5.  For example, Lieff Cabraser serves as Co-Lead Counsel and Plaintiffs' Liaison Counsel in *Campbell v. Facebook, Inc.*, No. 13-5996-PJH (N.D. Cal.), a class action alleging that Facebook violated federal and state data privacy laws by scanning users' private messages.  *Id.*  Lieff Cabraser, along with co-counsel, also represented plaintiffs in *Shurtleff v. Health Net of Cal., Inc.*, No. 34-2012-00121600-CU-CL (Sacramento Cnty. Superior Court), a patient privacy case alleging violations of the CMIA that resulted in significant monetary relief for a class of patients and important data security improvements.  *Id.*  Lieff Cabraser represents plaintiffs in *Perkins v. LinkedIn Corporation*, No. 13-04303-HRL (N.D. Cal.), a class action alleging that LinkedIn improperly harvested and used consumers' email addresses and other data for commercial purposes.  *Id.*  Lieff Cabraser also represents plaintiffs in *In re Google Inc. Street View Electronic Communications Litigation*, No. 3:10-md-021784-CRB (N.D. Cal.), a class action alleging that Google equipped its "Street View" vehicles with Wi-Fi antennas and software to collect personal data from homes within the range of the vehicles' receptors.  *Id.*  Lieff Cabraser also represents plaintiffs in *In re Carrier IQ Privacy Litigation*, MDL No. 2330, a class action alleging that Carrier IQ and other smartphone manufacturers violated the federal Wiretap Act and other privacy laws by

using tracking software to transmit the personal data of millions of mobile device users. *Id.*

Lieff Cabraser also has extensive experience vindicating the rights of consumers in consumer protection class actions, including by way of example only: *Gutierrez v. Wells Fargo Bank, N.A.*, No. 07-5923-WHA (N.D. Cal.) (Lieff Cabraser serves as Co-Class Counsel and Lead Trial Counsel; $203 million judgment obtained following a bench trial); *In re Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.) (Lieff Cabraser serves on the Plaintiffs' Executive Committee; settlements totaling hundreds of millions of dollars have been approved to date); *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, MDL No. 2032 (N.D. Cal.) (Lieff Cabraser serves on the Plaintiffs' Executive Committee and as Plaintiffs' Liaison Counsel; $100 million class settlement approved in 2012). Sobol Decl. at ¶ 6 & Ex. 1 (listing additional examples). Likewise, Lieff Cabraser has extensive experience successfully prosecuting employment class actions, having recovered many millions of dollars for employees in wage and hour, employment discrimination, and other employment cases. *Id.* at ¶ 7 & Ex. 1.

The Lieff Cabraser attorneys, Michael Sobol and Nicholas Diamand, who will have primary responsibility working on this matter have extensive relevant expertise and experience—including prosecuting privacy claims and complex class actions—making them well-qualified and uniquely-situated to prosecute this case efficiently and effectively on behalf of the proposed class. Sobol Decl. at ¶¶ 2, 10-11.

### C. Proposed Interim Co-Lead Class Counsel Have the Resources to Prosecute This Action

Finally, as illustrated in the firm résumés submitted with the accompanying declarations, Proposed Interim Co-Lead Class Counsel have many years of litigation experience and the resources necessary to support their appointment as Interim Co-Lead Class Counsel. Girard Decl. at ¶¶ 6-12 & Ex. 1; Sarko Decl. at ¶¶ 6-16 & Ex. 1; Sobol Decl. at ¶¶ 2-14 & Ex. 1.

**D.      Proposed Interim Co-Lead Class Counsel Will Litigate the Case
Efficiently and Economically**

As they have in other matters, Proposed Interim Co-Lead Class Counsel will
manage the case efficiently and work cooperatively with other Plaintiffs' counsel and
SPE to streamline the litigation.  After conferring with SPE, Plaintiffs have proposed a
schedule to coordinate filing of a Consolidated Amended Complaint and to initiate
discovery and class certification proceedings.  Proposed Interim Co-Lead Class Counsel
will also coordinate work to avoid duplication and inefficiency in the litigation and will
assign tasks to attorneys' commensurate with experience and expertise.  As set forth in
the accompanying proposed order, each firm assigned work in the litigation will also
submit monthly billing and expense reports to be reviewed by Interim Co-Lead Class
Counsel.

## V.      CONCLUSION

Plaintiffs request that the Court consolidate the seven federal cases and appoint
Keller Rohrback, Girard Gibbs, and Lieff Cabraser as Interim Co-Lead Class Counsel,
and further request the appointment of Keller Rohrback as Liaison Counsel.

Dated:    January 12, 2015                Respectfully Submitted,


**KELLER ROHRBACK L.L.P.**


By:   _/s/ Lynn Lincoln Sarko_
Lynn Lincoln Sarko, *Admitted pro hac vice*
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, *Admitted pro hac vice*
gcappio@kellerrohrback.com
Cari Campen Laufenberg, *Admitted pro hac vice*
claufenberg@kellerrohrback.com
1201 Third Ave., Suite 3200
Seattle, Washington 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384

1  Matthew J. Preusch (Cal. Bar No. 298144)
2  mpreusch@kellerrohrback.com
   **KELLER ROHRBACK L.L.P.**
3  1129 State Street, Suite 8
4  Santa Barbara, California 93101
   Tel.: (805) 456-1496 / Fax (805) 456-1497
5

6  *Attorneys for Plaintiffs Michael Corona and*
7  *Christina Mathis*

8  **GIRARD GIBBS LLP**

9
   By:   /s/   Daniel C. Girard
10 Daniel C. Girard
11 Matthew B. George
   Linh G. Vuong
12 601 California Street, 14th Floor
13 San Francisco, California 94108
   Telephone:  (415) 981-4800
14 Facsimile:  (415) 981-4846
15

16 *Attorneys for Plaintiffs Joshua Forster and Ella*
17 *Carline Archibeque*

18 **LIEFF CABRASER HEIMANN &**
19 **BERNSTEIN, LLP**

20
   By: /s/  Michael W. Sobol
21 Michael W. Sobol
22 RoseMarie Maliekel
   275 Battery Street, 29th Floor
23 San Francisco, CA 94111-3339
24 Telephone:  415.956.1000
   Facsimile:  415.956.1008
25

26 *Attorneys for Plaintiffs Michael Levine and Lionel*
27 *Felix*

28

## **CERTIFICATE OF SERVICE**

I, Lynn Lincoln Sarko, hereby certify that on this 12th day of January, 2015, I electronically filed **NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Lynn Lincoln Sarko*
Lynn Lincoln Sarko