1
2
3
4
5
6
7

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 9 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11  MICHAEL CORONA, CHRISTINA
    MATHIS, et al., individually and on behalf
12  of others similarly situated

13              Plaintiff,

14  vs.

15  SONY PICTURES ENTERTAINMENT
    INC.,
16
            Defendants.
17

Case No.: 2:14-cv-09600-RGK-E

[~~PROPOSED~~] **PROTECTIVE
ORDER AND PROTOCOL
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS**

18
19
20
21
22
23
24
25
26
27
28

# ORDER

WHEREAS, Plaintiffs Michael Corona, Christina Mathis, Joshua Forster, Ella Carline Archibeque, Michael Levine, Geoffrey Springer, Marcela Bailey, and Steven Shapiro (collectively the "Plaintiffs") and Defendant Sony Pictures Entertainment Inc. (hereinafter, "SPE," and collectively with Plaintiffs, the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, personal, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information; and

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order");

IT IS HEREBY ORDERED that this Order shall apply for pretrial purposes only, and shall govern the handling and use of any Discovery Material (as defined below), produced or disclosed in this action, including any actions that have been, or are hereafter, consolidated therewith:

## 1. PURPOSES AND LIMITATIONS

(a)     Unless otherwise agreed by the Plaintiffs and SPE, Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for purposes of litigating this action, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Plaintiffs and SPE acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it

- 1 -

1   comes to a Producing Party's attention that designated material does not qualify

2   for protection at all, or does not qualify for the level of protection initially

3   asserted, the Producing Party must promptly notify all other Parties that it is

4   withdrawing or changing the designation.

5   2.   **DEFINITIONS**

6       (a)   "Action" means *Corona et. al. v. Sony Pictures Entertainment, Inc.,*

7   C.D. Cal. Case No. 2:14-CV-09600-RGK-E, including any actions that have

8   been, or are hereafter, consolidated therewith.

9       (b)   "Discovery Material" means all items or information, including from

10   any non-Party, regardless of the medium or manner generated, stored, or

11   maintained (including, among other things, testimony, transcripts, or tangible

12   things) that are produced, disclosed, or generated in connection with discovery

13   pursuant to Federal Rules of Civil Procedure 26–36 and 45, a court order, or any

14   other agreement or stipulation by or among the Parties.

15       (c)   "Counsel" means (i) counsel who have entered appearances in the

16   above-captioned matter on behalf of a Party, (ii) partners, associates, and other

17   employees of any such counsel's law firm (including without limitation

18   paralegals and support staff) to whom it is reasonably necessary to disclose the

19   information for this litigation, and (iii) attorneys not otherwise employed by a

20   Party who have been contracted to provide legal services or advice to a Party in

21   connection with this action; (iv) in-house counsel for any Party, which in the case

22   of SPE shall also include in-house counsel for any direct or indirect parent

23   corporation.

24       (d)   "Sensitive Personal Information" or "SPI" means, solely for

25   purposes of this Order, an individual's social security number, driver's license or

26   state identification number, passport number, visa number, credit card number, or

27   bank or other financial account number.  SPI also includes an individual's name,

28   - 2 -

physical or email address or phone number in combination with one or more of the following: immigration status; ethnic or religious affiliation, sexual orientation; account password; criminal record or history; or medical information (which, solely for purposes of this Protective Order, is defined as a record of a person's medical history, mental or physical condition, or medical treatment).

(e)     "Producing Party" means any Party or non-Party entity that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "MOST CONFIDENTIAL—CORE INFOSEC," as provided for in this Order.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its

[PROPOSED] PROTECTIVE ORDER

1   Discovery Material to an individual who previously prepared or received the
2   Discovery Material.
3          (c)     Nothing in this Order shall be construed to prejudice any Party's
4   right to use any Protected Material in court or in any court filing, provided that
5   the Party complies with this Order and, as appropriate, with any applicable rules
6   regarding the filing under seal and use of material designated for protection.  A
7   Producing Party may consent to the public filing and/or use of its Protected
8   Materials by another Party.
9          (d)     This Order is without prejudice to the right of any Party to seek
10  further or additional protection of any Discovery Material or to modify this Order
11  in any way, including without limitation an order that certain matter not be
12  produced at all or an order that certain Protected Materials do not qualify for
13  protection or the level of protection designated.
14  5.   **DURATION**
15         Even after the termination of this Action, and unless otherwise indicated in this
16  Order, the confidentiality obligations imposed by this Order shall remain in effect until
17  a Producing Party agrees otherwise in writing or an order from this Court otherwise
18  directs.  The termination date of this Action shall be construed as the later of (1) the
19  date on which all claims of any Party are dismissed with or without prejudice; or (2) the
20  date on which, after a final judgment has been entered, all appeals, reconsiderations, or
21  remands have been exhausted.
22  6.   **ACCESS TO AND USE OF PROTECTED MATERIAL**
23         (a)     Basic Principles.  All Protected Material shall be used solely for this
24  Action or any related appellate proceeding, and not for any other purpose
25  whatsoever, including without limitation any other litigation, administrative
26  proceeding, or any business or competitive purpose or function, except as
27
28                                     - 4 -

expressly provided herein.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)  <u>Secure Storage</u>.  All Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited solely to the persons authorized under this Order.

(c)  <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

(d)  <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

(e)  A Non-Party's Protected Material Sought to Be Produced in This Action.

(i)  The terms of this Order are applicable to information and documents produced by a non-party and designated as Protected Material.  Such information and documents produced by non-parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing

- 5 -

1  herein should be construed as prohibiting a non-party from seeking additional

2  protections.

3          (ii)    In the event that a Party is required, by a valid discovery

4  request, to produce a non-party's confidential information in its possession, and

5  the Party is subject to an agreement with the non-party not to produce the non-

6  party's confidential information, then the Party shall:

7          1.    promptly notify in writing the requesting Party and the

8  non-party that some or all of the information requested is subject to a

9  confidentiality agreement with a non-party;

10          2.    promptly provide the non-party with a copy of this

11  Order, the relevant discovery request(s), and a reasonably specific description of

12  the information requested; and

13          3.    make the information requested available for inspection

14  by the non-party.

15  If the non-party fails to object or seek a protective order from this Court within

16  21 days of receiving the notice and accompanying information, the Producing Party

17  may produce the non-party's confidential information responsive to the discovery

18  request. If the non-party timely seeks a protective order, the Producing Party shall not

19  produce any information in its possession or control that is subject to the confidentiality

20  agreement with the non-party before a determination by the Court. Absent a Court

21  order to the contrary, the non-party shall bear the burden of seeking protection in this

22  court of its Protected Material.

23  **7.   <u>DESIGNATING PROTECTED MATERIAL</u>**

24  Blanket or indiscriminate designations are prohibited. If it comes to a Producing

25  Party's attention that information or items that it designated for protection do not

26  qualify for protection, that Producing Party must promptly notify all other Parties that it

27  is withdrawing the mistaken designation.

28

- 6 -

1       (a)    <u>Available Designations</u>.  Any Producing Party may designate

2    Discovery Material with any of the following designations, provided that it meets

3    the requirements for such designations as provided for herein:

4    "CONFIDENTIAL, " "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

5    ONLY," or "MOST CONFIDENTIAL—CORE INFOSEC."

6       (b)    <u>Written Discovery and Documents and Tangible Things</u>.  Written

7    discovery, documents (which include "electronically stored information" ("ESI"),

8    as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things

9    that meet the requirements for the confidentiality designations listed in Paragraph

10    7(a) may be so designated by placing the appropriate designation, prior to

11    production, on each page of the written material that contains Protected Material.

12    For digital files being produced, the Producing Party may mark each viewable

13    page or image that contains Protected Material with the appropriate designation,

14    and mark the medium, container, and/or communication in which the digital files

15    were contained.

16       (c)    Except for materials designated as "MOST CONFIDENTIAL –

17    CORE INFOSEC" pursuant to Paragraph 10, a Producing Party that makes

18    original documents or materials available for inspection need not designate them

19    for protection until after the inspecting Party has indicated which material it

20    would like copied and produced.  During the inspection and before the

21    designation, all of the material made available for inspection shall be deemed

22    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the

23    inspecting Party has identified the documents it wants copied and produced, the

24    Producing Party must determine which documents, or portions thereof, qualify

25    for protection under this Order.  Then, before producing the specified documents,

26    the Producing Party must affix the appropriate designation to each page of a

27    document that contains Protected Material.  If only a portion or portions of the

28

- 7 -

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(d)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty-one (21) days of receipt of the final transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the time for designating the final transcripts as described above has passed, unless the Parties agree in writing or on the record or the Court orders otherwise. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties or order of the Court."  Counsel for any Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, stenographer and/or videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall apply only to the

[PROPOSED] PROTECTIVE ORDER

1   specific periods of examination or testimony that pertain or relate to such

2   Protected Material.

3   8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

4        (a)   A Producing Party may designate Discovery Material as

5   "CONFIDENTIAL" if it contains or reflects information that it believes in good

6   faith qualifies for protection under Federal Rule of Civil Procedure 26(c).

7        (b)   Except as otherwise provided in this Order or as otherwise ordered

8   by the Court, Discovery Material designated as "CONFIDENTIAL" may be

9   disclosed only to the following:

10            (i)   The Receiving Party's counsel;

11            (ii)   Any outside expert or consultant retained by the Receiving

12   Party to assist in this action (including such of the expert's assistants or support

13   staff as are reasonably necessary to facilitate the expert's work), provided that

14   (A) disclosure is only to the extent reasonably necessary to perform such work;

15   and (B) such expert or consultant (and any reasonably necessary assistants or

16   support staff) has agreed to be bound by the provisions of this Protective Order

17   by signing a copy of the "Agreement to Be Bound by Protective Order," attached

18   hereto at Exhibit A;

19            (iii)   Officers, directors, partners, members, and employees of the

20   Receiving Party that counsel for such Party deems necessary to aid counsel in the

21   prosecution and defense of this Action; provided, however, that: (A) disclosure is

22   only to the extent reasonably necessary to provide such assistance; and (B) prior

23   to the disclosure of such materials to any such officer, director, partner, member,

24   or employee, counsel for the Party making the disclosure shall deliver a copy of

25   this Protective Order to such person, shall explain that such person is bound to

26   follow the terms of such Protective Order, and shall secure the signature of such

27

28                                    - 9 -

person on a copy of the "Agreement to Be Bound by Protective Order," attached hereto at Exhibit A;

(iv)   Any deposition, trial, or hearing witness in the Action who created, received or had access to the Protected Material in the ordinary course;

(v)   Any deposition or non-trial hearing witness in the Action who previously did not have access to the Protected Material; provided, however, that prior to the disclosure of such materials to any such witness, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a copy of the "Agreement to Be Bound by Protective Order," attached hereto at Exhibit A;

(vi)   Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(vii)   The Court, jury, and court personnel, subject to Paragraph 13 and any applicable rules regarding the filing and/or use of material designated for protection;

(viii)   Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, provided that they have agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order," attached hereto at Exhibit A;

(ix)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential, and any trial and jury consulting personnel retained by a party in this action;

[PROPOSED] PROTECTIVE ORDER

(x)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree as required by this Protective Order; and

(xi)     Any other person with the prior written consent of the Producing Party or by Order of this Court.

(c)     All Protected Materials designated "CONFIDENTIAL" shall be produced electronically or in hard copy, in a manner agreed to by the Parties or ordered by the Court.  To the extent any such materials are produced electronically, the production media shall be encrypted using AES 128-bit encryption or equivalent, with a passcode of at least 10 characters.

9.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if it contains or reflects SPI or information that is trade secret and/or commercially sensitive such that its disclosure or dissemination would cause the Producing Party substantial harm. Producing Parties shall exercise care to ensure that the use of the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation is limited to materials and information that fit the description in this subparagraph.

(b)     Except as otherwise provided in this Order or otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's counsel;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work;

Case 2:14-cv-09600-RGK-E

(B) such expert or consultant is not a current officer, director, employee, or consultant to a competitor of the Producing Party, nor anticipated at the time of retention to become an officer, director, employee, or consultant to a competitor of the Producing Party; and (C) such expert or consultant (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order," attached hereto at Exhibit A;

(iii)   Any deposition, trial, or hearing witness in the Action who created, received or reviewed the Protected Material in the course of his or her current or former employment by SPE provided, however, that the disclosure of Protected Material to any such witness may be made only in connection with preparing that witness for a deposition or hearing or during a deposition or hearing, and that (1) prior to the disclosure of such materials to any such witness, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a copy of the "Agreement to Be Bound by Protective Order," attached hereto at Exhibit A, and that (2) the witness may not retain copies of any Protected Material shown to him or her during the preparation.

(iv)   Any deposition or non-trial hearing witness in the Action who is employed by the Party that produced and designated the pertinent Protected Material, regardless of whether that witness previously had access to the Protected Material;

(v)   Court reporters, stenographers and videographers retained to record testimony taken in this Action;

1              (vi)    The Court, jury, and court personnel, subject to Paragraph 13

2    and any applicable rules regarding the filing and/or use of materials designated

3    for protection;

4              (vii)   Document processing and hosting vendors, having first agreed

5    to be bound by the provisions of the Protective Order by signing a copy of the

6    "Agreement to Be Bound by Protective Order," attached hereto at Exhibit A;

7              (viii)  Any trial and jury consulting personnel retained by a Party in

8    this Action;

9              (ix)    Any mediator who is assigned to hear this matter, and his or

10   her staff, subject to their agreement to maintain confidentiality to at least the

11   same degree as required by this Protective Order; and

12             (x)     Any other person with the prior written consent of the

13   Producing Party or by order of this Court.

14        (c)    All Protected Materials designated "HIGHLY CONFIDENTIAL—

15   ATTORNEYS' EYES ONLY" shall be produced electronically or in hard copy,

16   in a manner agreed to by the Parties or ordered by the Court.  To the extent any

17   such materials are produced electronically, the production media shall be

18   encrypted using AES 128-bit encryption or equivalent, with a passcode of at least

19   10 characters.  Any electronic copies of materials designated "HIGHLY

20   CONFIDENTIAL—ATTORNEYS' EYES ONLY" maintained by a Receiving

21   Party or its counsel for archival, review, or use in prosecuting this Action, shall

22   also be maintained in an encrypted environment.

23        (d)    Printed copies of materials designated "HIGHLY

24   CONFIDENTIAL—ATTORNEYS' EYES ONLY," maintained by the

25   Receiving Party must be kept in a locked storage container or room when not in

26   use.

27

28
                                     - 13 -

(e)     Except as expressly provided herein, absent express written permission from the Producing Party, the Receiving Party shall take reasonable steps to minimize the creation of copies, duplicates, or images (whether electronic or in hard copy) of Discovery Materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Wherever practicable, such materials shall be referenced by production Bates number, and the inclusion of images or copies of such materials shall be kept to a minimum. To the extent that a Receiving Party reasonably needs to create copies, duplicates or images of such materials, the copies, duplicates, or images must be labeled "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" as provided for in this Order.

(f)     For depositions, the Receiving Party shall not prepare more copies of materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" than are reasonably necessary for the deponent, his or her counsel, and counsel of record expected to be in attendance. At the conclusion of the deposition, one (1) paper copy of any such document marked as a deposition exhibit may be retained for the official deposition record. All other copies of such documents brought to the deposition shall be collected and returned to the Producing Party or securely destroyed in a timely manner following the deposition.

(g)     Nothing herein shall be deemed a waiver of a Party's right to object to the production of any document, communication, or other Discovery Material (including without limitation on the basis of relevance, burden, expense, privilege, or other evidentiary immunity) or to seek additional protection beyond that provided in this Order.

10. **DISCOVERY MATERIAL DESIGNATED AS "MOST CONFIDENTIAL—CORE INFOSEC"**

(a)    The parties agree that certain documents concerning SPE's core information security details will require additional protection beyond what Paragraph 9 herein provides and will be designated as "MOST CONFIDENTIAL—CORE INFOSEC." The parties are meeting and conferring in good faith about the types of documents that would be subject to a "MOST CONFIDENTIAL—CORE INFOSEC" designation and the protections that would attach to such documents. The parties anticipate submitting a Supplemental Stipulated Protective Order describing the documents and protections to which this "MOST CONFIDENTIAL —CORE INFOSEC" designation would apply, but reserve all rights to present any unresolved disputes concerning this designation to the Court for resolution in the event they are unable to reach agreement.

11. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Protected Material under this Order shall be in writing, shall be served on outside counsel for the Producing Party, shall identify the documents or information that the Receiving Party contends should be differently designated (or not designated at all) with particularity, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall confer, either in person, in writing or by telephone with the Producing Party claiming protection (as well as any other

- 15 -

1    interested party) in a good faith effort to resolve the dispute.  The Producing

2    Party shall make itself available for such meet and confer within fourteen (14)

3    days of receipt of a challenge notice provided under this Paragraph.

4            (ii)    Failing agreement, the Receiving Party may initiate a dispute

5    before the Court consistent with applicable rules and standing order(s) for

6    discovery disputes.  In such disputes, the Producing Party shall bear the burden of

7    justifying the disputed designation.  Nothing in this Protective Order shall

8    preclude or prejudice either Party from arguing for or against any designation,

9    establish any presumption that a particular designation is valid, or alter the

10   burden of proof that would otherwise apply in a dispute over discovery or

11   disclosure of information.

12           (iii)   Notwithstanding any challenge to a designation, the Protected

13   Material in question shall continue to be treated as designated under this Order

14   until one of the following occurs: (a) the Party who designated the Protected

15   Material in question withdraws or changes such designation in writing; or (b) the

16   Court rules that the Protected Material in question is not entitled to the

17   designation.

18   12.   **SUBPOENAS OR COURT ORDERS**

19           If at any time any Protected Material is subpoenaed by any court, arbitral,

20   administrative, or legislative body, the Party to whom the subpoena or other request is

21   directed shall promptly give written notice thereof to every Party who has produced

22   such Protected Material, or to its counsel of record, and shall provide each such Party

23   with a copy of the subpoena or request.   If the Producing Party timely seeks a

24   protective order, the Party served with the subpoena or court order shall not produce

25   any information designated in this Action as Protected Material before a determination

26   by the court from which the subpoena or order issued, unless they obtained the

27   Producing Party's permission.  The Producing Party shall bear the burden and expense

28

- 16 -

1   of seeking protection in that court of its material—and nothing in these provisions

2   should be construed as authorizing or encouraging a Party in this Action to disobey a

3   lawful directive from another court.

4   13.   **FILING PROTECTED MATERIAL**

5        Except as otherwise provided in this Order or otherwise ordered by the Court,

6   any Party wishing to file any Protected Material must either (1) obtain written

7   permission from the Producing Party to file such material in the public record, or (2)

8   move the Court for leave to file the Protected Material under seal pursuant to Local

9   Rule 79-5. Unless and until the Court has ruled on such a motion, a Receiving Party

10  may not file any Protected Material in the public record. Nothing herein shall preclude

11  any party from filing a redacted version of such a pleading, brief, exhibit or other

12  document in the public record that omits the Protected Material.

13  14.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

14        (a)   Pursuant to Federal Rule of Evidence 502, inspection or production

15  of documents shall not constitute waiver of the attorney-client privilege or

16  attorney work product protection or any other applicable privilege or immunity

17  from discovery, if both: (a) within ten (10) days after the Producing Party

18  becomes aware of any inadvertent or unintentional disclosure, the Producing

19  Party designates any such document as within the attorney-client privilege or

20  work product protection or any other applicable privilege or immunity and

21  requests in writing the return or destruction of such documents and provides the

22  basis for the assertion of privilege or immunity; and (b) the Producing Party took

23  reasonable steps to prevent disclosure of such document(s). The parties agree

24  that the procedure outlined in Federal Rule of Civil Procedure 26(b)(5)(B) shall

25  govern all post-production claims of privilege or protection (including claims of

26  privileges or protections not specifically described therein) including all

27

28                                         - 17 -

Case 2:14-cv-09600-RGK-E   [

restrictions in Rule 26(b)(5)(B) regarding the use, retrieval and disclosure by the Receiving Party of the documents at issue, except that:

(i)     To "notify" a Party of a claim of privilege or protection pursuant to Rule 26(b)(5)(B) shall mean to provide the Party with written notice describing with particularity (including reference to specific Bates ranges where applicable) the Discovery Materials to which the claim of privilege or protection applies.  Within five (5) days of providing such written notice, the Party asserting the claim of privilege or protection shall produce a privilege log with entries for the relevant documents.

(ii)    To "promptly return, sequester or destroy" any Discovery Materials or copies thereof under Rule 26(b)(5)(B) shall require the Receiving Party to, within ten (10) business days of receipt of notice of a claim of privilege or protection pursuant to this Paragraph: (A) return to the Producing Party or destroy such materials, and (B) certify to the Producing Party in writing that it has returned or destroyed all known copies of such materials.  The Producing Party shall retain a copy of the Discovery Materials at issue.

(iii)   If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Receiving Party shall advise counsel for the Producing Party, in writing, of such objections, the specific Discovery Materials to which each objection pertains, and the basis for such objections.  Within seven (7) days after service of such written objections, the Parties shall meet and confer in good faith in an effort to resolve the dispute.  If the Parties are unable to resolve the dispute, the information shall be promptly presented to the Court, under seal and consistent with applicable rules and standing order(s) for discovery disputes, for a determination of the claim under Rule 26(b)(5)(B).  In the event of such a dispute, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity.

[PROPOSED] PROTECTIVE ORDER

However, in no case will the return of any demanded document be delayed or refused by reason of a Party's objection to the demand or by the filing of a motion to compel, nor may a party assert the fact of the production as a ground for any such motion.

15. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with a copy bearing the correct confidentiality designation, consistent with the terms of this Order, within seven (7) days of notifying the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all copies of any Discovery Materials that were improperly designated.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the notice described in Paragraph 15(a).  Once a Receiving Party has received the Protected Material with the corrected confidentiality designation, the Receiving Party shall treat such Discovery Material at the new designated level pursuant to the terms of this Order.

16. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify

- 19 -

counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 17.    **FINAL DISPOSITION**

(a)     Not later than sixty (60) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with or without prejudice, and after exhaustion of all appeals or expiration of any applicable deadline for noticing such appeals.  If a Party files a timely motion for reconsideration of an event that caused a Final Disposition to occur, or a motion under Federal Rule of Civil Procedure 59, the sixty (60) day period shall commence on the later of (1) date that such motion is denied; or (2) the exhaustion of all appeals or the expiration of any applicable deadline for noticing such appeal.

(b)     All Parties that have received any Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document

- 20 -

productions or electronic databases hosting any other party's Discovery Materials) for archival purposes.

18. **DISCOVERY FROM EXPERTS**

(a)     All matters concerning expert discovery shall be governed by the Federal Rules of Civil Procedure and the applicable local rules and standing order(s), to the extent not inconsistent with this Order.

(b)     The following categories of documents and information need not be disclosed, are outside the scope of permissible discovery (including deposition questions), and are deemed to be work product and confidential:

(i)     A non-testifying expert's (hereinafter "Consulting Expert") communications, documents, or electronic information made or prepared in connection with this Action or any prior or currently pending investigation, litigation, or proceeding involving the Parties including, but not limited to, communications sent to, or received by, counsel for the Party retaining the Consulting Expert(s);

(ii)     A testifying expert's (hereinafter "Testifying Expert") drafts of: expert reports, declarations, affidavits, opinions, written testimony, or work papers prepared in connection with this Action or any prior or currently pending investigation, litigation, or proceeding involving the Parties; preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this Action or any other action; or other preliminary expert opinions or draft materials;

(iii)     Notes or summaries of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with this Action or any prior or currently pending investigation, litigation, or proceeding involving the Parties;

(iv)    Any comments, whether oral or written, related to an expert report or affidavit of a Testifying Expert prepared in connection with this Action or any prior or currently pending investigation, litigation, or proceeding involving the Parties by (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction; and

(v)    Any communications, whether oral or written, between a Testifying Expert and: (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction, including any information and things included in or attached to such communications, except to the extent they are relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

(c)    Subject to the limitations described in paragraph 18(b) of this Order, any Party is free to take discovery of all other documents and information provided for by Federal Rule of Civil Procedure 26(a)(2)(B).  Discovery shall include, but not be limited to, the following documents and material, and nothing in paragraph 18(b) of this Order shall be construed to limit discovery into such documents and material:

(i)    The basis of a Testifying Expert's final opinions and the documents, factual material, data, calculations, computations, modeling, data runs, and other information a Testifying Expert relied upon in forming those opinions;

(ii)    Assumptions provided by any attorney or other person that the Testifying Expert relied upon in forming his or her opinions; and

(iii)    A Testifying Expert's compensation, including, but not limited to, his or her hourly rate and that of any support staff, the total number of hours worked by the Testifying Expert and by each of the Testifying Expert's

- 22 -

1    support staff on the matter, and the total amount billed with respect to the matter.

2    However, time detail (narrative describing the work performed) is not

3    discoverable and may be withheld.

4         (d)    The Parties will make all disclosures required by Rule 26(a)(2)(B),

5    as modified by this Order.  The parties agree that a Testifying Expert need only

6    disclose data or other information relied upon in forming his or her final

7    opinions, rather than all data or information considered.  All documents,

8    electronic data, and other information required to be produced under Rule

9    26(a)(2)(B), as modified by this Order, shall be delivered to opposing counsel or

10   to a person at the direction of opposing counsel within three (3) business days of

11   service of a Testifying Expert's report or affidavit, unless otherwise modified by

12   agreement of the Parties or by the Court.  To the extent the disclosure includes

13   exhibits, information or data processed or modeled by computer by, or at the

14   direction of, a Testifying Expert in the course of forming the Testifying Expert's

15   opinions, electronically readable copies of such exhibits, information or data,

16   along with the appropriate computer programs, instructions, input and output

17   files, field descriptions, and any other matter necessary to access and use the

18   exhibits, information or data and replicate the work performed, shall be included.

19   No Party need produce computer programs that are reasonably and readily

20   commercially available.

21        (e)    The disclosures required by paragraph 18(d) of this Order shall

22   include a list of all matters which the Testifying Expert has testified in any

23   deposition, trial, or hearing, or submitted a report or affidavit, in the last five (5)

24   years.  For each such matter listed, the disclosures shall identify the case caption,

25   the court in which it was pending, the Party that retained the Testifying Expert,

26   and whether the Testifying Expert provided deposition testimony, trial testimony,

27   hearing testimony, an expert report, and/or an affidavit.  In addition, upon

28                                                    - 23 -

1   request, the disclosing party shall promptly make available copies of the

2   Testifying Expert's report(s) or affidavit(s), and any transcripts of the Testifying

3   Expert's testimony, that are in the Testifying Expert's or the disclosing Party or

4   their counsel's possession.  If any such materials are claimed to be immune from

5   disclosure by virtue of a protective order or other restriction, the disclosing Party

6   shall identify the materials being withheld.

7         (f)    Nothing herein shall limit or waive any Party's rights to object for

8   any reason to the admissibility of any opposing Party's expert submission into

9   evidence or to the qualifications of any person to serve as an expert witness.

10  **19.**  **ELECTRONIC DISCOVERY PRESERVATION AND PRODUCTION**

11         (a)    The parties are working to agree on a date before which ESI need

12   not be preserved.

13         (b)    Voicemails, text messages, and materials that may be archived in

14   tape, optical disc or similar media for backup or disaster recovery are considered

15   not reasonably accessible under Rule 26(b)(2) of the Federal Rules of Civil

16   Procedure and, accordingly, are not subject to production unless specific facts

17   demonstrate a particular need for such evidence that justifies the burden of

18   retrieval.  The Parties shall meet and confer as to good cause on this issue.

19         (c)    Archives stored on computer servers, external hard drives,

20   notebooks, or personal computer hard drives that are created for disaster recovery

21   purposes and not used as reference materials in the ordinary course of a Party's

22   business operations need not be searched or produced absent good cause, and

23   further subject to the Producing Party's claim of undue burden or cost.  Neither

24   Party need deviate from the practices it normally exercises with regard to

25   preservation of such "tape, optical disk or similar formats primarily for back-up

26   or disaster recovery purposes" that it does not otherwise exercise when not in

27   anticipation of litigation (e.g., recycling of backup tapes is permitted).

28

- 24 -

Case 2:14-cv-09600-RGK-E

(d)     The Parties shall work together in good faith to agree upon a set of mutually convenient specifications for the production of documents and ESI that describes with reasonable particularity the production format and the metadata to be produced with such documents and ESI.

(e)     The Parties will produce privilege logs on an ongoing basis, in readily searchable format, identifying any documents withheld from the production on the basis of a privilege or other protection.  The Parties agree to act in good faith to produce privilege logs that include deponent custodians reasonably in advance of the custodian's deposition.  Communications that postdate December 8, 2014 need not be logged.  Redacted documents and communications need not be logged provided that the information that would be included on a privilege log as the basis for the claim can reasonably be inferred from the unredacted portions of the document or from its parents, children, or siblings.  Any consequences of failing to properly list a document or any metadata thereof on a privilege log shall be governed by applicable law.

20.   **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification, or relief from this Order, from the Court in the future.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    Modification by Court.  The Court may modify this Order.  The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

///

- 26 -

1          (f)    <u>Discovery Rules Remain Unchanged</u>.  Except as expressly provided

2  herein, nothing in this Order shall alter or change in any way the discovery

3  provisions of the Federal Rules of Civil Procedure, the Local Rules for the United

4  States District Court for the Central District of California, or the Court's own

5  orders.  Identification of any individual pursuant to this Protective Order does not

6  make that individual available for deposition or any other form of discovery

7  outside of the restrictions and procedures of the Federal Rules of Civil Procedure,

8  the Local Rules for the United States District Court for the Central District of

9  California, or the Court's own orders.

10

11  **IT IS SO ORDERED.**

12

13  Date: *5/29/15*

14                                                            _____

15                                             Hon. Charles F. Eick

16                                             United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER

1

**EXHIBIT A**

2          I, _____, acknowledge and declare that I have received

3   a copy of the Protective Order ("Order") in *Corona et. al. v. Sony Pictures*

4   *Entertainment Inc.*, United States District Court, Central District of California, Civil

5   Action No. 2:14-CV-09600-RGK-E.  Having read and understood the terms of the

6   Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of

7   said Court for the purpose of any proceeding to enforce the terms of the Order.

8          Name of individual:

9          Present occupation/job description:

10         Name of Company or Firm:

11         Address:

12         Dated:

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER