# EXHIBIT G

## PUBLIC VERSION

1            UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                   ---o0o---

4    MICHAEL CORONA, CHRISTINA
     MATHIS, et al., individually
5    and on behalf of others
     similarly situated,

6
             Plaintiffs,
7
         vs.                        Case No.:
8                                   2:14-CV-09600-RGK-SH
     SONY PICTURES ENTERTAINMENT,
9    INC.,

10           Defendant.
                                    /
11

12

13            VIDEOTAPED DEPOSITION OF

14            CHRISTINA LAVERNE MATHIS

15    _____

16            Friday, June 19, 2015

17

18

19

20

21

22

23

24    REPORTED BY:  RACHEL FERRIER, CSR 6948

25                        (NY-045625-DEP-01)

```
1                    INDEX OF EXAMINATIONS

2    EXAMINATION BY                                    PAGE

3    Mr. Bayer                                 7, 128, 395

4    Ms. Laufenberg                                     389

5

6              EXHIBITS MARKED FOR IDENTIFICATION

7    NO.                    DESCRIPTION              PAGE

8    ██████████████████████████████████████
                            alumni@spe.sony.com from
9                           Christina Mathis
                            (Bates PL_00000329)           34
10
     Exhibit 2    E-mail dated 12/18/14 to
11                ███████████████████████
                  sonypictures@allclearid.com
12                (Bates PL_00000247 - 251)             36

13   Exhibit 3    Plaintiffs' Amended
                  Consolidated Responses and
14                Objections to Defendant
                  Sony Pictures Entertainment
15                Inc.'s First Set of
                  Interrogatories                       49
16
     Exhibit 4    E-mail chain dated 12/11/14
17                Between Zack Shubb and
                  Christina Mathis
18                (Bates PL_00000331 - 332)             59

19   Exhibit 5    Letter dated 10/24/13 to
                  Christina Mathis from
20                Ouidad Holdings, LLC
                  (Bates PL_0000030)                   120
21
     Exhibit 6    Collection of screen shots
22                of conversations
                  (Bates PL_00000253 - 326)            196
23

24

25
```

```
 1            EXHIBITS MARKED FOR IDENTIFICATION

 2    NO.                 DESCRIPTION              PAGE

 3    Exhibit 7    ███████████████████████████

 4                 Sign Up For Identity Theft
                   Repair & Credit Monitoring
 5                 Services"                        252

 6    Exhibit 8    Letter dated 8/8/00 to
                   Christina Mathis from
 7                 Karen Hill, Sony Pictures
                   (Bates SPEC-HC 000001664)        345
 8

 9                      ---o0o---

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              BE IT REMEMBERED that, pursuant to the laws

 2    governing the taking and use of depositions, on

 3    Friday, June 19, 2015, commencing at 10:25 a.m.

 4    thereof, at WilmerHale, 950 Page Mill Road,

 5    Palo Alto, California 94304, before me,

 6    RACHEL FERRIER, a Certified Shorthand Reporter,

 7    personally appeared CHRISTINA LAVERNE MATHIS, called

 8    as a witness by the Defendant, who, being by me

 9    first duly sworn, was thereupon examined as a

10    witness in said action.

11                    APPEARANCES OF COUNSEL

12    For the Plaintiffs MICHAEL CORONA and CHRISTINA

13    MATHIS:

14         KELLER ROHRBACK, LLP
           BY:  CARI CAMPEN LAUFENBERG, Attorney at Law
15         1201 Third Avenue, Suite 3200
           Seattle, Washington 98101
16         Telephone:  206.224.7550
           Email:  claufenberg@kellerrohrback.com
17

18    For the Defendant:

19         WILMER CUTLER PICKERING HALE and DORR,
           LLP
20         BY:  MICHAEL J. BAYER, Attorney at Law
           60 State Street
21         Boston, Massachusetts 02109
           Telephone:  617.526.6303
22         Email:  michael.bayer@wilmerhale.com

23

24

25
```

CHRISTINA L. MATHIS - 06/19/2015          Page 5

```
 1                APPEARANCES (Continued)

 2   For the Defendant:

 3        WILMER CUTLER PICKERING HALE and DORR,
          LLP
 4        BY:  COLIN REARDON, Attorney at Law
          7 World Trade Center
 5        250 Greenwich Street
          New York, New York 10007
 6        Telephone:  212.295.6406
          Email:  colin.reardon@wilmerhale.com
 7                            .

 8   ALSO PRESENT:  PATRICIA GUERRERO, Videographer

 9                      ---oOo---

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              PALO ALTO, CALIFORNIA

 2            FRIDAY, JUNE 19, 2015

 3                10:25 A.M.

 4                ---oOo---

 5              PROCEEDINGS

 6                                              10:25:29

 7         THE VIDEOGRAPHER:  Here begins Volume 1,   10:25:29

 8   Video No. 1 in the deposition of Christina Mathis in  10:25:31

 9   the matter of Michael Corona and Christina Mathis,   10:25:34

10   et al., versus Sony Pictures Entertainment, Inc., in  10:25:37

11   the U.S. District Court of California Central   10:25:42

12   District.  The case number is 2:14-CV-09600-RGK.   10:25:44

13         Today's date is June 19th, 2015.  The time on  10:25:54

14   the video monitor is 10:26.   10:25:57

15         The videographer today is Patricia Guerrero,  10:25:59

16   and this video deposition is taking place at the   10:26:03

17   Law Offices of Wilmer Cutler Pickering Hale and Dorr  10:26:07

18   at 950 Page Mill Road, Palo Alto, California.   10:26:12

19         Counsel, will you please voice identify   10:26:15

20   yourselves and state whom you represent.   10:26:17

21         MR. BAYER:  Michael Bayer for the defendants,  10:26:19

22   Sony Pictures Entertainment, and with me is Colin   10:26:22

23   Reardon, both from WilmerHale.   10:26:26

24         MS. LAUFENBERG:  Cari Laufenberg on behalf of  10:26:28

25   Christina Mathis and the plaintiffs.   10:26:31
```

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER:  Thank you. | 10:26:33 |
| 2 | The Court Reporter today is Rachel Ferrier of | 10:26:33 |
| 3 | DTI. | 10:26:36 |
| 4 | Would the Court Reporter please swear in the | 10:26:37 |
| 5 | witness. | 10:26:39 |
| 6 | ---o0o--- | 09:27:22 |
| 7 | CHRISTINA LAVERNE MATHIS | 09:27:22 |
| 8 | _____ | 09:27:22 |
| 9 | called as a witness, having been | 09:27:22 |
| 10 | first duly sworn, was examined and | 09:27:22 |
| 11 | testified as follows: | 09:27:22 |
| 12 | ---o0o--- | 09:27:22 |
| 13 | THE VIDEOGRAPHER:  Thank you. | 10:26:48 |
| 14 | Please begin. | 10:26:48 |
| 15 | EXAMINATION | 10:26:49 |
| 16 | BY MR. BAYER: | 10:26:49 |
| 17 | Q   Good morning, Ms. Mathis. | 10:26:49 |
| 18 | A   Good morning. | 10:26:50 |
| 19 | Q   Would you please state your full name for the | 10:26:51 |
| 20 | record. | 10:26:51 |
| 21 | A   Christina Laverne Mathis. | 10:26:53 |
| 22 | Q   Are you under the influence of any | 10:26:55 |
| 23 | medications or other substances this morning of any | 10:26:57 |
| 24 | kind? | 10:26:59 |
| 25 | A   No. | 10:27:00 |

```
1      A    Yes.

2      Q    And you replied that while you were employed

3   by SPE, you provided SPE with your name, Social

4   Security number, and former home address; correct?

5      A    Yes.

6      Q    What is the full name that you provided to

7   SPE?  Is it the same that you gave at the beginning

8   of this --

9      A    Yes.

10     Q    -- deposition?

11     A    Yes.

12     Q    You didn't change your name between the time

13  you were working at SPE and today, have you?

14     A    I have not.

15     Q    You didn't get married or divorced or

16  anything like that?

17     A    No.

18     Q    ████████████████████████████████████████████

19  ███████████████████████████████████████████

20  █████████████████

21      ████████████████████████████████████

22  ████████████████████████████████████████████

23     A    ██████████████████████████████████████

24  ████████████████████████████████████████

25  ████████████████████████████████████████████
```

CHRISTINA L. MATHIS - 06/19/2015          Page 53

| | | |
|---|---|---|
| 1 | number. | 11:08:00 |
| 2 | Q   And those are the only pieces of PII -- your | 11:08:00 |
| 3 | name, your Social Security number, and your former | 11:08:03 |
| 4 | home address -- that you believe were compromised in | 11:08:06 |
| 5 | the attack; right? | 11:08:08 |
| 6 | A   Yes. | 11:08:08 |
| 7 | Q   Was there any other personally identifying | 11:08:09 |
| 8 | information that you gave to Sony Pictures in | 11:08:12 |
| 9 | connection with your employment? | 11:08:14 |
| 10 | MS. LAUFENBERG:  Objection to the extent it | 11:08:16 |
| 11 | calls for speculation. | 11:08:18 |
| 12 | THE WITNESS:  For my personal information. | 11:08:21 |
| 13 | BY MR. BAYER: | 11:08:23 |
| 14 | Q   I'm asking about your personal information, | 11:08:24 |
| 15 | right. | 11:08:26 |
| 16 | A   That's all I remember. | 11:08:26 |
| 17 | Q   That's all you remember providing to SPE? | 11:08:27 |
| 18 | A   Yes. | 11:08:31 |
| 19 | Q   And that's also the only personally | 11:08:33 |
| 20 | identifying information of yours that you believe | 11:08:46 |
| 21 | was compromised in the attack; right? | 11:08:48 |
| 22 | MS. LAUFENBERG:  Object to the form. | 11:08:51 |
| 23 | THE WITNESS:  Yes. | 11:08:52 |
| 24 | BY MR. BAYER: | 11:08:53 |
| 25 | Q   You have not personally seen any of the | 11:08:54 |

| | | |
|---|---|---|
| 1 | information that was, you believe, compromised in | 11:08:57 |
| 2 | the attack on the Internet, have you? | 11:09:01 |
| 3 | A    I have not. | 11:09:03 |
| 4 | Q    You have not personally attempted to download | 11:09:03 |
| 5 | any of the files that have been posted in various | 11:09:07 |
| 6 | places on the Internet; right? | 11:09:10 |
| 7 | A    I have not. | 11:09:12 |
| 8 | Q    And the basis for believing that this | 11:09:13 |
| 9 | information was compromised was stated in the next | 11:09:19 |
| 10 | sentence, essentially, of your response; right? | 11:09:23 |
| 11 | MS. LAUFENBERG:  Objection.  Let her get the | 11:09:25 |
| 12 | chance to review it. | 11:09:29 |
| 13 | BY MR. BAYER: | 11:09:32 |
| 14 | Q    Why don't you read the full response, and | 11:09:32 |
| 15 | then I'll ask you some questions about it. | 11:09:34 |
| 16 | A    Okay. | 11:09:36 |
| 17 | Q    Have -- | 11:09:36 |
| 18 | A    Okay. | 11:09:51 |
| 19 | Q    -- have you had a chance to read it? | 11:09:51 |
| 20 | A    Mm-hmm.  Yes. | 11:09:54 |
| 21 | Q    So the first reason you believe that this | 11:09:54 |
| 22 | information was compromised was based on news | 11:09:56 |
| 23 | reports that vast amounts of employee data, | 11:09:58 |
| 24 | including those types of information, were | 11:10:00 |
| 25 | compromised; right? | 11:10:02 |

| | | |
|---|---|---|
| 1 | have it.  I don't know. | 11:59:19 |
| 2 | Q   So you don't know how long you will keep | 11:59:20 |
| 3 | renewing that? | 11:59:23 |
| 4 | A   Correct. | 11:59:23 |
| 5 | Q   You also stated that you incurred a one-time | 11:59:24 |
| 6 | charge of $29.99 for AgileBits? | 11:59:41 |
| 7 | A   Correct. | 11:59:46 |
| 8 | Q   What is AgileBits? | 11:59:46 |
| 9 | A   It's a password-protection system. | 11:59:48 |
| 10 | Q   What does that mean? | 11:59:51 |
| 11 | A   So it enables you to protect your passwords | 11:59:53 |
| 12 | online. | 11:59:56 |
| 13 | Q   How does it work? | 11:59:57 |
| 14 | MS. LAUFENBERG:  Objection. | 11:59:58 |
| 15 | To the extent you know. | 12:00:00 |
| 16 | THE WITNESS:  I couldn't tell you how it | 12:00:01 |
| 17 | works.  I don't -- | 12:00:07 |
| 18 | BY MR. BAYER: | 12:00:07 |
| 19 | Q   What do you do with it?  What do you -- you | 12:00:08 |
| 20 | know, how do you use it? | 12:00:10 |
| 21 | A   You -- so you -- it encrypts your -- I can't | 12:00:11 |
| 22 | tell you how it works, to be honest, and I wouldn't | 12:00:17 |
| 23 | venture to try to pretend I know. | 12:00:19 |
| 24 | Q   So let me clarify. | 12:00:22 |
| 25 | I'm not asking you for technical details | 12:00:24 |

1    about --

2        A    Uh-huh.

3        Q    -- sort of the functionality for us.

4             I'm literally asking:  How do you use it?  Do

5    you go to a website?  Does something pop up?

6        A    You download something, and you can put your

7    accounts in there, your passwords, and it allows you

8    to encrypt your password so that they are not

9    accessible by people on the Internet, I guess, who

10   are trying to breach your system.

11       Q    So is it like a repository of passwords?

12       A    I guess that's a good word to use.

13       Q    So I'm just trying to -- I really want to

14   make sure I understand this.

15            Do you type in, you know, passwords for

16   different accounts and sites into this AgileBits

17   service and it does what with them?

18       A    I don't know how it works.

19       Q    Okay.  Do you use AgileBits?

20       A    I haven't used it yet.

21       Q    You haven't used it yet at all?

22       A    No.  I changed all my passwords online, so I

23   haven't used the AgileBits yet.

24       Q    How do you store your passwords now?

25       A    ███████████



```
1      A    Correct.  Yes.
2      Q    Are you aware of any use or attempted use of
3   your personal information without authorization at
4   any time?
5      A    Yes.
6      Q    When was that?
7      A    ████████████████████████████████████████
8   ████████████████████████████████████████
9      Q    What kind of account?
10     A    It was a checking account.
11       ████████████
```





1    supposed to be able to approve them, I think, if

2    they are -- if you are private, and I wasn't being

3    asked to approve them.  I think now it's private,

4    though.

5       Q   So you had some followers who you didn't

6    know?

7       A   Yes.

8       Q   How many, approximately?

9       A   A handful maybe.  Not very many.

10       Q   More than 20?

11       A   I don't think so.  I don't think there's more

12    than 20.

13       Q   Okay.  More than ten?

14       A   Maybe.  It's quite possible.  Oftentimes they

15    are just looking for, you know, a broader social

16    media presence, so they don't care who you are; they

17    just want you to follow them back.

18       Q   They just want to have a lot of followers.

19       A   Right.

20       Q   [REDACTED]

21    [REDACTED]





13      A    I don't think I did.

14      Q    As you sit here today, you don't remember

15   any?

16      A    I don't remember.

| | | |
|---|---|---|
| 1 | BY MR. BAYER: | 05:32:07 |
| 2 | Q    Did Sony Pictures' data security policies, | 05:32:11 |
| 3 | practices, or procedures in any way affect your | 05:32:14 |
| 4 | decision to continue working at Sony Pictures | 05:32:17 |
| 5 | between 2000 and 2002? | 05:32:20 |
| 6 | A    No. | 05:32:23 |
| 7 | Q    Fair to say you never received any promises | 05:32:23 |
| 8 | or representations from anyone at Sony Pictures | 05:32:32 |
| 9 | relating to the protection of your personal | 05:32:35 |
| 10 | information; right? | 05:32:37 |
| 11 | MS. LAUFENBERG:  Object to the form, vague. | 05:32:38 |
| 12 | THE WITNESS:  I have no idea.  There could | 05:32:39 |
| 13 | have been verbal indications that I don't remember. | 05:32:42 |
| 14 | BY MR. BAYER: | 05:32:44 |
| 15 | Q    But nothing that you can remember; right? | 05:32:44 |
| 16 | A    I don't remember. | 05:32:47 |
| 17 | Q    Nothing that you would have relied on; right? | 05:32:47 |
| 18 | MS. LAUFENBERG:  Object to the form -- | 05:32:50 |
| 19 | THE WITNESS:  I just don't remember. | 05:32:50 |
| 20 | MS. LAUFENBERG:  -- misstates. | 05:32:51 |
| 21 | BY MR. BAYER: | 05:32:54 |
| 22 | Q    So if you don't remember, you are not -- | 05:32:54 |
| 23 | certainly not relying on any such representations | 05:32:56 |
| 24 | now as part of this lawsuit; right? | 05:33:00 |
| 25 | A    I would -- | 05:33:01 |

| | | |
|---|---|---|
| 1 | MS. LAUFENBERG:  Object to the form. | 05:33:01 |
| 2 | THE WITNESS:  -- I would say there was a | 05:33:02 |
| 3 | level of trust expected. | 05:33:05 |
| 4 | BY MR. BAYER: | 05:33:07 |
| 5 | Q   Well, I mean -- | 05:33:07 |
| 6 | A   So I expected, as an employee, that my data | 05:33:08 |
| 7 | would be protected. | 05:33:13 |
| 8 | Q   Right. | 05:33:14 |
| 9 | A   That was my assumption. | 05:33:15 |
| 10 | Q   You had an assumption, but no one made any | 05:33:16 |
| 11 | representations to you to that effect, is what I'm | 05:33:18 |
| 12 | asking; right? | 05:33:21 |
| 13 | A   And I'm saying, I don't know.  I don't | 05:33:22 |
| 14 | remember. | 05:33:24 |
| 15 | Q   Okay. | 05:33:24 |
| 16 | A   Because, as you see here, I had an | 05:33:24 |
| 17 | orientation.  Something could have been said in that | 05:33:26 |
| 18 | orientation.  I have no idea.  I don't remember. | 05:33:30 |
| 19 | Q   So -- and I don't think this is | 05:33:32 |
| 20 | controversial, but -- so -- because you can't | 05:33:33 |
| 21 | remember any representations that may or may not | 05:33:34 |
| 22 | have been made for you are not a part of the basis | 05:33:36 |
| 23 | of your lawsuit; right? | 05:33:40 |
| 24 | MS. LAUFENBERG:  Object to the form. | 05:33:41 |
| 25 | BY MR. BAYER: | 05:33:43 |

CHRISTINA L. MATHIS - 06/19/2015          Page 351

| | | |
|---|---|---|
| 1 | Q    They can't be because you don't remember | 05:33:43 |
| 2 | them; right? | 05:33:45 |
| 3 | A    Right, other than my assumption of protection | 05:33:45 |
| 4 | as an employee. | 05:33:47 |
| 5 | Q    Right, and -- | 05:33:47 |
| 6 | A    There -- there's nothing I can recall as a -- | 05:33:48 |
| 7 | as an indication, as stated indication. | 05:33:50 |
| 8 | Q    And because you can't recall any stated | 05:33:52 |
| 9 | indication, you are not relying on any stated | 05:33:54 |
| 10 | indication -- | 05:33:57 |
| 11 | A    Correct. | 05:33:57 |
| 12 | Q    -- in the context of this lawsuit; right? | 05:33:58 |
| 13 |      MS. LAUFENBERG:  Object to the form. | 05:34:00 |
| 14 |      THE WITNESS:  Correct. | 05:34:01 |
| 15 | BY MR. BAYER: | 05:34:01 |
| 16 | Q    None of your claims are based on such a | 05:34:04 |
| 17 | representation, is really what I'm asking? | 05:34:08 |
| 18 |      MS. LAUFENBERG:  Object to the form. | 05:34:09 |
| 19 |      THE WITNESS:  Correct. | 05:34:11 |
| 20 | BY MR. BAYER: | 05:34:11 |
| 21 | Q    When you were hired, did you receive any | 05:34:16 |
| 22 | training or materials relating to information | 05:34:18 |
| 23 | security? | 05:34:22 |
| 24 | A    I don't remember. | 05:34:22 |
| 25 | Q    Did you ever receive any materials talking | 05:34:25 |

```
 1    identity theft since the cyber attack?

 2         MS. LAUFENBERG:  Objection; vague.

 3         THE WITNESS:  No.  I don't know how someone

 4    could.  I don't -- I don't know anyone -- I don't

 5    know how that would happen.

 6    BY MR. BAYER:

 7      Q   You haven't made any attempt to try to run

 8    that down to figure out what your risk was then

 9    versus now; right?

10      A   I wouldn't know how.

11      Q   You don't have any reason to believe that

12    your current address was compromised in the SPE

13    cyber attack, do you?

14         MS. LAUFENBERG:  Objection; speculation.

15         THE WITNESS:  I have -- I don't have a reason

16    to believe that.

17    BY MR. BAYER:

18    ██████████████████████████████████████████████
      ████████████████████████████████████
      █████████████████████████
      █████████████████████████████████████████████
      ████████████████████████████████████████
      ████████████████████
      ███████████████████████████████
      ████████████████████████████████████████████████
```

CHRISTINA L. MATHIS - 06/19/2015          Page 399

| | | |
|---|---|---|
| 1 | Q    They don't have a rent-a-center or something | 06:22:12 |
| 2 | like that? | 06:22:15 |
| 3 | A    I don't think so, and it's too expensive. | 06:22:16 |
| 4 | Q    Where is that furniture now? | 06:22:17 |
| 5 | A    Donated. | 06:22:19 |
| 6 | Q    To? | 06:22:22 |
| 7 | A    A organization called Find. | 06:22:25 |
| 8 | MR. BAYER:  I have nothing further. | 06:22:50 |
| 9 | MS. LAUFENBERG:  I'm done. | 06:22:50 |
| 10 | THE VIDEOGRAPHER:  Okay.  This is the end of | 06:22:52 |
| 11 | Video No. 4 in the deposition of Christina Mathis. | 06:22:54 |
| 12 | We are going off the record.  The time is | 06:22:57 |
| 13 | 6:23. | 06:22:59 |
| 14 | (Whereupon, the deposition was | 06:23:01 |
| 15 | concluded at 6:23 p.m.) | |
| 16 | ---o0o--- | |
| 17 | I declare under penalty of perjury that the | |
| 18 | foregoing is true and correct.  Subscribed at | |
| 19 | _San Francisco_____, California, this _29_ day of | |
| 20 | _July_____, 2015. | |
| 21 | | |
| 22 | _____ | |
| 23 | Signature of the witness | |
| 24 | | |
| 25 | | |

## EXHIBIT A

Proposed Changes To The Deposition Of Christina L. Mathis, June 19, 2015

*Corona, et al. v. Sony Pictures Entertainment, Inc.*, No. 2:14-cv-09600-RGK-SH

| Page(s) | Line(s) | From | To | Reason |
|---|---|---|---|---|
| 18 | 2 | Yes. | Those are the two financial costs for which I seek reimbursement. | To clarify the record. |
| 34 | 15 | concern | concerned | To correct transcription errors. |
| 71-72 | 25-1 | Yeah, I don't think I had a tax liability, but I can't say that with certainty. | I did pay California taxes. | To clarify the record. |
| 72 | 13 | Yes. Correct. | I maintained a residence in California and paid state taxes. | To clarify the record. |
| 73 | 4 | Something like that. | I spent 51 days in the United States in 2014. | To clarify the record. |
| 86 | 24-25 | I think it was mid-December, but I don't remember the exact date. | I signed up with LifeLock on December 12, 2015 and received All Clear offer on December 18, 2015 | To clarify the record. |
| 106 | 9 | Kaplan | Caplan | To correct transcription errors. |
| 118 | 15 | I believe it was early 2012. | I had credit monitoring from June 2011 to August 2013. | To clarify the record. |
| 119 | 7-8 | I don't remember. It was a while. It was even after we moved. | I had credit monitoring until August 2013. | To clarify the record. |
| 119 | 18-20 | That's what I don't remember. I don't remember when I cancelled it. It might have been sometime in 2013 probably, but I don't remember. | I had credit monitoring until August 2013. | To clarify the record. |
| 136 | 25 | iPay | I pay | To correct transcription errors. |

Christina L. Mathis

Page 1 of 2

## EXHIBIT A

Proposed Changes To The Deposition Of Christina L. Mathis, June 19, 2015

*Corona, et al. v. Sony Pictures Entertainment, Inc.*, No. 2:14-cv-09600-RGK-SH

| Page(s) | Line(s) | From | To | Reason |
|---|---|---|---|---|
| 219 | 22 | Correct. | I spent 51 days in the United States in 2014. | To clarify the record. |
| 220 | 13 | Correct. | I spent 51 days in the United States in 2014. I felt like a resident of California who was working at a client site in Canada, which was the case. | To clarify the record. |
| 264 | 19-23 | Again, I don't know the reason behind the breaches or what their security systems were or how they protected information. They may have done their very best, which I don't think Sony did, so that's the difference for me. | Again, I don't know the reason behind the breaches or what their security systems were or how they protected information. They may have done their very best, which I don't think Sony did. Also, Home Depot had different information of mine than Sony did – different PII. | To clarify the record. |
| 267 | 2 | very sense [sic] | very much sense | To correct transcription errors. |
| 269 | 4 | is at harm now | is at risk of harm now | To correct transcription errors. |
| 298 | 24 | If you hook at | If you look at | To correct transcription errors. |
| 325 | 25 | I suppose, yes. | My identity and anyone else's identity compromised in the breach is at risk without regard to a person's credit history. | To clarify the record. |

Christina L. Mathis