Matthew J. Preusch (SBN 298144)
mpreusch@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1129 State Street, Suite 8
Santa Barbara, CA 93101
T: (805) 456-1496
F: (805) 456-1497

Lynn Lincoln Sarko, *admitted pro hac vice*
lsarko@kellerrohrback.com
**KELLER ROHRBACK L.L.P**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
T: (206) 623-1900
F: (206) 623-3384

Daniel C. Girard (SBN 114826)
dcg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
T: (415) 981-4800
F: (415) 981-4846

Michael W. Sobol (SBN 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
T: (415) 956-1000
F: (415) 956-1008

*Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CORONA, CHRISTINA MATHIS, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SONY PICTURES ENTERTAINMENT, INC.,<br><br>Defendant. | **CASE NO. 2:14−CV−09600−RGK−E**<br><br>**PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**<br><br>Hearing Date: N/A<br>Time:  N/A<br>Courtroom:  850<br>Judge:  Hon. R. Gary Klausner |

## I. Introduction

Plaintiffs are filing this Application to File Under Seal in connection with their reply in support of their motion for class certification. Pursuant to Civil Local Rule 79-5 and this Court's Standing Order, Plaintiffs request that the Court enter an order sealing certain documents and portions of documents that they are filing in support of their reply, as well as portions of their reply memorandum that quote or discuss these documents. Some of the documents must be filed under seal in accordance with the Protective Order entered in this action on May 29, 2015 (ECF No. 92) because defendant Sony Pictures Entertainment Inc. ("SPE") has designated them confidential. Plaintiffs request that some documents and portions of documents identified below be filed under seal because they contain confidential information about the Plaintiffs, including email addresses, their medical conditions and treatment, and where and how to locate documents containing Plaintiffs' sensitive personal information.

## II. Legal Standard

There is a general presumption in favor of access to court records. *See, e.g., Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1124, 1134-35 (9th Cir. 2003). The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records … [that is] 'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practice Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam). A party need only show "good cause" under Federal Rule 26(c) to seal judicial records. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also In re High-Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (noting that "the vast majority of other courts within this circuit" apply a "good cause" standard to motions for class certification). Under Rule 26(c), a trial court has broad discretion to seal court documents to prevent, among other things, "to protect a party or person from annoyance, embarrassment [or] oppression." Fed. R. Civ. P. 26(c)(1); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.

1995) (in determining whether to seal documents, courts should consider all relevant factors, including "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes").

**III.  Documents Attached to the Declaration of Linh G. Vuong**

　　**A.  Exhibits 1 and 2: Plaintiffs' Experts' Rebuttal Reports**

Exhibits 1 and 2 are the rebuttal reports of Plaintiffs' experts, Larry Ponemon, Ph.D. and Henry Fishkind, Ph.D., respectively.  Plaintiffs request that portions of these reports remain under seal because they reference documents containing Plaintiffs' sensitive personal information (such as Social Security numbers) that were disclosed on the Internet as well as some information about how to locate the documents.  Disclosing this information could allow someone to seek out this sensitive information and thus could be harmful to Plaintiffs.  *See, e.g., Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1113 (N.D. Cal. 2010) (finding that AOL members had a reasonable expectation of privacy in their Social Security numbers and financial account information); *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999) (recognizing the sensitivity of Social Security numbers and the harm that may arise from their disclosure).  Plaintiffs therefore request that the following portions of the reports be filed under seal:

- Exhibit 1 at ¶¶ 11 n.13; 17 n.24; 31; and 35 n.41.  The Court previously ordered that the information referenced in the following paragraphs be filed under seal: ¶¶ 11 n.31 and 35 n.41.  ECF No. 117.
- Exhibit 2 at ¶ 33.

Exhibits 1 and 2 also contain information from the deposition transcripts of SPE's experts that are designated confidential as discussed in section III.B below. Plaintiffs do not concede that this information is appropriately designated as confidential, but are applying to file the reports under seal in accordance with the terms of the Protective Order and to ensure that any potential confidentiality is preserved. This information is found on the following pages:

- Exhibit 1, pages 3- 5, 7- 9, 11, 14-16, and 19.

- Exhibit 2, pages 2, 4, 6, 9, 10, and 13-15.

### B. Exhibits 3 and 4: Transcripts of the Depositions of SPE's Experts

Exhibits 3 and 4 are excerpts of the deposition transcripts of SPE's experts. Because Plaintiffs took these depositions on August 24 and 27, the transcripts are still subject to paragraph 7(d) of the Protective Order. This paragraph provides that deposition transcripts are deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" for 21 days after receipt of the final transcript to allow the parties to provide written notice of which portions of the deposition they are designating as confidential. The parties have not yet made those designations.

Plaintiffs request that the following portions of Exhibit 3 be filed under seal because they reference documents containing Plaintiffs' sensitive personal information (such as Social Security numbers) that were disclosed on the Internet as well as information that may allow someone to locate those documents:

- Exhibit 3 at 88:25-89:3 and 89:9-11.

Plaintiffs do not concede that the remaining portions of Exhibit 3 and Exhibit 4 are appropriately designated confidential under the terms of the Protective Order, but are applying to file them under seal in accordance with the terms of the Protective Order and to ensure that any potential confidentiality is preserved.

### C. Exhibits 5 and 6: Documents Produced by SPE

Exhibits 5 and 6 are documents SPE produced in discovery that contain the confidential medical information of two of the Plaintiffs. Plaintiffs request that both exhibits remain under seal. Courts recognize that medical information is private and there is no public interest in its disclosure. *See, e.g., Mullins v. Premier Nutrition Corp.*, No. C-13-01271-RS (DMR), 2014 WL 4058484, at *2 (N.D. Cal. Aug. 15, 2014) (granting defendant's motion to seal portions of documents containing private medical information); *NuCal Foods, Inc. v. Quality Eggs LLC*, No. CIV S-10-3105 KJM-CKD, 2012 WL 6629573, at *5 (E.D. Cal. Dec. 19, 2012) (ordering that medical information be sealed because "medical information sheds no light on the workings of

the federal courts"); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 570 (S.D. Cal. 1999) (directing magistrate judge to enter a protective order governing medical records to preserve confidentiality of medical information).

### D. Exhibit 7: SPE's Interrogatory Responses

Exhibit 7 is excerpts of SPE's Responses and Objections to Plaintiffs' First Set of Interrogatories. SPE has designated the entire document as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Plaintiffs do not concede that this document is appropriately designated confidential under the terms of the Protective Order, but are applying to file it under seal in accordance with the terms of the Protective Order and to ensure that any potential confidentiality is preserved.

### E. Exhibits 8, 10- 13, and 15: Plaintiffs' Deposition Testimony

Exhibits 8, 10- 13, and 15 are excerpts of deposition transcripts of several of the Plaintiffs. Plaintiffs request that portions of these exhibits remain under seal because they reference Plaintiffs' sensitive personal information, including their email addresses, information about medical treatments and conditions, financial information, and names of third parties. Courts recognize that litigants have a privacy interest in this type of information, that its disclosure could be harmful, and that there is no public interest in its disclosure. *See, e.g., Apple, Inc. v. Samsung Electronics Co. Ltd.*, No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (finding that Apple executives' internal email addresses should be redacted because they implicate privacy concerns); *ASIS Internet Services v. Active Response Group*, No. C07-6211-THE, 2008 WL 2129417, at *4-5 (N.D. Cal. May 20, 2008) (designating email addresses as confidential under an existing protective order); *Mullins*, 2014 WL 4058484, at *2 (granting defendant's motion to seal portions of documents containing private medical information); *Tourgeman v. Collins Financial Services, Inc.*, No. 08-CV-01392 JLS (NLS), 2009 WL 6527758, at *3 (S.D. Cal. Nov. 23, 2009) (recognizing the plaintiff's privacy interest in his financial information); *Foltz*, 331 F.3d at 1135-37

(ordering the redaction of "identifying information of third parties," including their names).

Plaintiffs therefore request that the following portions of these exhibits be filed under seal:

- Exhibit 8 at 169:18.
- Exhibit 10 at 91:1-92:22, 93:3-4, 94:2-6, and 267:1-6.
- Exhibit 11, Errata Sheets (previously ordered to be filed under seal by the Court in ECF No. 117).
- Exhibit 12 at 127:19-25 (previously ordered to be filed under seal by the Court in ECF No. 117).
- Exhibit 13 at 361:1-25.
- Exhibit 15 at 119:22 (previously ordered to be filed under seal by the Court in ECF No. 117) and 121:7-8.

### IV. Plaintiffs' Reply Memorandum

Plaintiffs' reply memorandum contains information from the deposition transcripts of SPE's experts that is designated confidential as discussed in section III.B above. This information is located on page 1 (lines 3-6), page 2 (footnote 5), page 5 (lines 8-9 and 12-15), page 7 (lines 2-5), and page 8 (lines 15-16 and 22). Plaintiffs do not concede that this information is appropriately designated as confidential, but are applying to file the memorandum under seal in accordance with the terms of the Protective Order and to ensure that any potential confidentiality is preserved.

### V. Conclusion

Plaintiffs respectfully request that the documents and portions of documents they identified above remain under seal. If this application is denied in whole or in part, Plaintiffs will publicly file the documents for which sealing is denied for consideration by the Court.

Dated: September 2, 2015   Respectfully submitted,

**GIRARD GIBBS LLP**

By: */s/ Daniel C. Girard*

Daniel C. Girard
dcg@girardgibbs.com
Amanda M. Steiner
as@girardgibbs.com
Linh G. Vuong
lgv@girardgibbs.com
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846


**KELLER ROHRBACK L.L.P.**

By: */s/ Lynn Lincoln Sarko*
Lynn Lincoln Sarko, *Admitted pro hac vice*
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, *Admitted pro hac vice*
gcappio@kellerrohrback.com
Cari Campen Laufenberg, *Admitted pro hac vice*
claufenberg@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Matthew J. Preusch
mpreusch@kellerrohrback.com
1129 State Street, Suite 8
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (805) 456-1497

|   |   |
|---|---|
| 1 | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| 2 | |
| 3 | By:  */s/ Michael W. Sobol* |
| 4 | Michael W. Sobol<br>msobol@lchb.com |
| 5 | RoseMarie Maliekel |
| 6 | rmaliekel@lchb.com<br>275 Battery Street, 29th Floor |
| 7 | San Francisco, CA 94111-3339 |
| 8 | Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 |
| 9 | |
| 10 | Nicholas Diamand |
| 11 | ndiamand@lchb.com |
| 12 | 250 Hudson Street, 8th Floor<br>New York, NY10013-1413 |
| 13 | Telephone: (212) 355-9500<br>Facsimile:  (212) 355-9592 |
| 14 | |
| 15 | *Interim Co-Lead Class Counsel* |
| 16 | |
| 17 | Hank Bates<br>hbates@cbplaw.com |
| 18 | Allen Carney |
| 19 | acarney@cbplaw.com<br>David Slade |
| 20 | dslade@cbplaw.com |
| 21 | **CARNEY BATES & PULLIAM, PLLC**<br>11311 Arcade Drive |
| 22 | Little Rock, AR 72212 |
| 23 | Telephone: (501) 312-8500<br>Facsimile: (501) 312-8505 |
| 24 | |
| 25 | Raúl Pérez |
| 26 | Raul.Perez@Capstonelawyers.com<br>Jordan L. Lurie |
| 27 | Jordan.Lurie@capstonelawyers.com |
| 28 | Robert Friedl<br>Robert.Friedl@capstonelawyers.com |

Tarek H. Zohdy
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett
Cody.Padgett@capstonelawyers.com
**CAPSTONE LAW APC**
1840 Century Park East, Suite 450
Los Angeles, CA 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

John H. Gomez
john@gomeztrialattorneys.com
John P. Fiske
jfiske@gomeztrialattorneys.com
Deborah Dixon
ddixon@gomeztrialattorneys.com
**GOMEZ TRIAL ATTORNEYS**
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496

Joseph G. Sauder
jgs@chimicles.com
Matthew D. Schelkopf
mds@chimicles.com
Benjamin F. Johns
bfj@chimicles.com
Joseph B. Kenney
jbk@chimicles.com
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

Richard A. Maniskas, Esquire
rmaniskas@rmclasslaw.com
**RYAN & MANISKAS, LLP**

8
PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL

995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Telephone: (484) 588-5516
Facsimile: (484) 450-2582

Steven M. Tindall
stindall@rhdtlaw.com
Valerie Bender
vbrender@rhdtlaw.com
**RUKIN HYLAND DORIA & TINDALL LLP**
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive, Suite 500
Chicago, IL 60613
Telephone: (312) 750-1265
Facsimile: (312) 212-5919

*Additional Plaintiffs' Counsel*

## **CERTIFICATE OF SERVICE**

I, Daniel C. Girard, hereby certify that on September 2, 2015, I caused the foregoing document to be filed electronically with the United States District Court for the Central District of California's through the Court's mandated ECF service.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of September 2015 at San Francisco, California.

                                    */s/* Daniel C. Girard

PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL