Matthew J. Preusch (SBN 298144)
mpreusch@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1129 State Street, Suite 8
Santa Barbara, CA 93101
T: (805) 456-1496
F: (805) 456-1497

Cari Campen Laufenberg, *admitted pro hac vice*
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
T: (206) 623-1900
F: (206) 623-3384

Daniel C. Girard (SBN 114826)
dcg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
T: (415) 981-4800
F: (415) 981-4846

Michael W. Sobol (SBN 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
T: (415) 956-1000
F: (415) 956-1008

*Interim Co-Lead Class Counsel*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CORONA, CHRISTINA MATHIS, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SONY PICTURES ENTERTAINMENT, INC.,<br><br>Defendant. | CASE NO. 2:14−CV−09600−RGK−E<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Hearing Date: November 16, 2015<br>Time:  9:00 a.m.<br>Courtroom: 850<br>Judge:  Hon. R. Gary Klausner |

# TABLE OF CONTENTS

I.      Introduction...................................................................................................1

II.     Procedural History ......................................................................................2

        A.      Plaintiffs' Claims and SPE's Motion to Dismiss ...............................2

        B.      Discovery...........................................................................................3

        C.      Class Certification ............................................................................4

III.    Settlement Negotiations ..............................................................................4

IV.     Terms of the Proposed Settlement ...........................................................5

        A.      The Settlement Class .........................................................................5

        B.      The Settlement Benefits ....................................................................5

                1.      Identity Protection Services from AllClear ID .........................5

                2.      Cash Payments .........................................................................6

                3.      Notice to the Class ...................................................................8

                        a.      Direct Notice.................................................................8

                        b.      Publication Notice ........................................................8

                        c.      Settlement Website and Toll-Free Number...................9

                4.      Opt-Out and Objection Procedures ..........................................9

                5.      Payment of Administrative Costs .............................................9

        C.      Attorneys' Fees, Costs, and Expenses................................................9

        D.      Service Awards...............................................................................10

        E.      Release............................................................................................10

V.      The Court Should Certify the Settlement Class .......................................10

i

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

A.   The Settlement Class Satisfies the Requirements of Rule 23(a).......11

    1.   Numerosity.................................................................11

    2.   Commonality..............................................................11

    3.   Typicality ...................................................................12

    4.   Adequacy ....................................................................12

B.   The Settlement Class Satisfies the Requirements of Rule 23(b)(3)...............................................................................13

C.   The Court Should Appoint Class Counsel ........................................13

VI.   The Court Should Preliminarily Approve the Settlement ...........................14

A.   Standard for Preliminary Settlement Approval...............................14

    1.   The Settlement Is the Product of Serious, Informed and Non-Collusive Negotiations......................................................16

    2.   The Settlement Does Not Grant Preferential Treatment to Plaintiffs or Segments of the Settlement Class......................17

    3.   The Settlement Is Within the Range of Possible Approval ....17

VII.   The Court Should Approve the Notice Program and Direct That Notice Be Disseminated to the Settlement Class .........................................19

VIII.   The Court Should Set a Schedule for Final Approval.................................20

IX.   CONCLUSION............................................................................................20

ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdullah v. U.S. Security Associates, Inc.*,
  731 F.3d 952 (9th Cir. 2013) ...................................................................... 13

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) ..................................................................................... 14

*In re American Apparel, Inc. Shareholder Litig.*,
  2014 WL 10212865 (C.D. Cal. July 28, 2014) ........................................... 17

*Carter v. Anderson Merchandisers, LP*,
  2010 WL 144067 (C.D. Cal. Jan. 7, 2010) ................................................. 18

*Carter v. Anderson Merchandisers, LP*,
  2010 WL 1946784 (C.D. Cal. May 11, 2010) ............................................. 16

*Churchill Village, L.L.C. v. General Electric Co.*,
  361 F.3d 566 (9th Cir. 2004) ...................................................................... 16

*In re Countrywide Financial Corp. Customer Data Security Breach Litig.*,
  2009 WL 5184352 (W.D. Ky. Dec. 22, 2009) .................................. 12, 13, 20

*In re Countrywide Financial Corp. Customer Data Security Breach Litig.*,
  2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ............................................. 20

*Eddings v. Health Net, Inc.*,
  2013 WL 169895 (C.D. Cal. Jan. 16, 2013) ............................................... 16

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ................................................................ 12, 14

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ......................................................... 12, 13, 14

*In re Heartland Payment Systems, Inc. Customer Data Security Breach
  Litig.*,
  851 F. Supp. 2d 1040 (S.D. Tex. 2012) ............................................. 12, 13

ii

*Johnasson-Dohrmann v. Cbr Systems, Inc.*,
  2013 WL 3864341 (S.D. Cal. July 24, 2013) ............................................................ 12

*In re LinkedIn User Privacy Litig.*,
  2015 WL 5440975 (N.D. Cal. Sept. 15, 2015) ........................................................ 12

*Linney v. Cellular Alaska P'ship*,
  1997 WL 450064 (N.D. Cal. Jul. 18, 1997) ............................................................ 17

*McCabe v. Six Continents Hotels, Inc.*,
  2015 WL 3990915 (N.D. Cal. June 30, 2015) ........................................................ 20

*National Rural Telecommunications Coop. v. DirecTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .................................................................. 16, 18, 19

*Nguyen v. Radient Pharmaceuticals Corp.*,
  287 F.R.D. 563 (C.D. Cal. 2012) ............................................................................ 12

*Officers for Justice v. Civil Service Commission of City & County of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) .................................................................................. 16

*Pinter v. D.A. Davidson, Inc*.,
  No. 1:09-cv-00059-RFC, ECF No. 52 (D. Mont. Nov. 23, 2009) ............................ 20

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2009) ................................................................................ 13

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ............................................................................ 16, 19

*In re Sony Gaming Networks & Customer Data Security Breach Litig.*,
  2014 WL 7800046 (S.D. Cal. July 10, 2014) ...................................................... 12, 20

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................................................ 12, 17

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) .............................................................. 16, 19

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) .................................................................................. 16

iii

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

*Wolin v. Jaguar Land Rover North America,*
   617 F.3d 1168 (9th Cir. 2010) ............................................................................. 13, 14

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................... 12, 13

Fed. R. Civ. P. 23(b)(3) .......................................................................................... 12, 14

Fed. R. Civ. P. 23(c) ............................................................................................... 20, 21

Fed. R. Civ. P. 23(e) ....................................................................................................... 16

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................................ 14

**Other Authorities**

Rubenstein, Newberg on Class Actions § 13:10 (5th ed. 2015) ....................................... 17

iv

## I.      Introduction

Plaintiffs in the above-captioned action respectfully request that the Court preliminarily approve a proposed Settlement reached with Defendant Sony Pictures Entertainment Inc. ("SPE") that will fully resolve the claims in this case.  The Settlement was reached through intensive arm's-length negotiations with the assistance of a highly qualified mediator.  The Settlement follows the Court's partial denial of SPE's motion to dismiss, briefing on class certification, and significant discovery, and was achieved five months before the scheduled trial date.

The proposed Settlement provides significant benefits to the proposed class members that is well-tailored to the nature of the harm alleged.  First, SPE will establish a non-reversionary cash fund of $2 million to reimburse Settlement Class Members, subject to certain per-person caps, for preventive measures they have taken to protect themselves from identity theft following the SPE Cyberattack at issue in this case.[1]

Second, SPE will provide certain identity protection services through AllClear ID to all Settlement Class Members for two additional years.  All Settlement Class Members will be automatically enrolled in AllClear Secure, which provides identity repair and restoration assistance.  Additionally, all Settlement Cass Members will be able to enroll, free of charge, in AllClear PRO, which includes, among other benefits, credit monitoring and $1 million in identity theft insurance.  The thousands of Settlement Class Members who already enrolled in the initial year of AllClear PRO provided by SPE will have their AllClear PRO coverage automatically extended for the two extra years.  In all, these services provide millions of dollars in benefits to the Settlement Class Members.  AllClear ID will also establish an SPE-specific toll-free telephone number for Settlement Class Members to contact AllClear ID for assistance.

Third, SPE will pay up to $2.5 million (up to $10,000 individually) to Settlement Class Members who experience unreimbursed losses from identity theft or misuse as a

---

[1] Capitalized terms not defined herein are given the meaning assigned to them in the Settlement Agreement.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  direct result of the SPE Cyberattack.

2       SPE will also bear the costs of class notice and the other costs of the Settlement

3  Administrator, as set forth in the Agreement, as well as Class Counsel attorneys' fees,

4  expenses, and costs, not to exceed $3,490,000, and any Service Awards, not to exceed

5  $34,000 in the aggregate, all of which will be paid separate from the benefits provided for

6  the Settlement Class under the Settlement.

7       Plaintiffs respectfully request that the Court enter an Order (1) granting

8  preliminary approval of the proposed Settlement, (2) certifying the proposed Settlement

9  Class, (3) appointing Plaintiffs as representatives of the Settlement Class, (4) appointing

10  Interim Co-Lead Counsel as Class Counsel for the Settlement Class, (5) approving the

11  parties' proposed forms and method of notice, (6) appointing Garden City Group, LLC to

12  serve as the Settlement Administrator; (7) staying the Action pending final approval of

13  the Settlement; (8) staying and/or enjoining, pending final approval of the Settlement, any

14  actions brought by Settlement Class Members concerning a released claim; and (9)

15  scheduling a Final Approval Hearing to determine whether the proposed Settlement is

16  fair, reasonable, and adequate and should be finally approved.

17  **II.    Procedural History**

18       **A.    Plaintiffs' Claims and SPE's Motion to Dismiss**

19       On November 24, 2014, news sources began reporting that SPE's computer

20  systems had been subject to a cyberattack.  Following the attack, the perpetrators released

21  stolen SPE data on the Internet, including the personal information of numerous current

22  and former SPE employees and other individuals.  In December 2014 and January 2015,

23  ten former SPE employees filed seven cases in this Court asserting claims arising from

24  the SPE Cyberattack.[2]  Counsel for Plaintiffs cooperatively organized a leadership

25  structure to combine their resources and decades of experience in managing complex

26

27  _____

   [2] Four cases were filed in Los Angeles Superior Court by former SPE employees who

28  asserted similar claims (the "State Plaintiffs").  These cases were stayed pending
   resolution of the federal cases.  This proposed settlement, if approved, will also resolve
   the State Plaintiffs' claims.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

litigation and privacy issues to effectively and efficiently litigate this case.  The Court appointed Keller Rohrback L.L.P., Girard Gibbs LLP, and Lieff Cabraser Heimann & Bernstein, LLP to serve as Interim Co-Lead Class Counsel. ECF No. 45.[3]

After interviewing numerous current and former SPE employees, investigating the facts, and researching potential claims, Plaintiffs filed an Amended Class Action Complaint on behalf of a proposed class of all current and former SPE employees whose personal information was compromised in the SPE Cyberattack.  Plaintiffs alleged that SPE failed to reasonably secure its employees' personal information, asserting statutory and common law claims.  ECF No. 43.  SPE moved to dismiss Plaintiffs' claims on March 23, 2015, arguing that Plaintiffs lacked Article III standing and had not stated any claim for relief.  ECF No. 59.  Plaintiffs opposed the motion, ECF No. 62, and SPE filed a reply, ECF No. 66.  The Court granted in part and denied in part SPE's motion by Order dated June 15, 2015.  The Court dismissed Plaintiffs' claims for breach of implied contract, violation of the California Customer Records Act, violation of Virginia Code § 18.2-186.6(B), violation of the Colorado Consumer Protection Act and the portion of Plaintiffs' negligence claim that related to the timeliness of SPE's provision of notification of the SPE Cyberattack.  Plaintiffs' remaining claims for negligence, declaratory judgment, and alleged violations of the California Confidentiality of Medical Information Act and the California Unfair Competition Law survived.  ECF No. 97.

## B.    Discovery

The parties engaged in extensive discovery, making them well-informed about the strengths and weaknesses of their respective positions, and providing them with the information they needed to negotiate the proposed Settlement.  Among other things, Plaintiffs drafted and responded to several sets of written discovery, reviewed over 55,400 pages of documents and 3,710 data spreadsheets produced by SPE, third parties,

---

[3] Other counsel of record include Carney Bates & Pulliam, PLLC, Capstone Law APC, Chimicles & Tikellis LLP, Gomez Trial Attorneys, Lite DePalma Greenberg, LLC, Rukin Hyland Doria & Tindall LLP and Ryan & Maniskas, LLP.

3

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

and experts, retained and worked with experts on liability, class certification, and damages issues, and conducted and defended several depositions, including the depositions of SPE's Rule 30(b)(6) corporate designee and two experts designated by each side.  The parties held frequent, often lengthy, meet and confer sessions to resolve disputes about the scope and timing of discovery, and through those efforts were able to resolve numerous disputes without requiring the Court's assistance.  Plaintiffs engaged in third party discovery as well, serving subpoenas on potential sources of information, and conducted an extensive investigation and review of the files compromised in the SPE Cyberattack that were posted on the Internet, including internal SPE documents.

### C.    Class Certification

Plaintiffs engaged two experts to assist with developing their claims and preparing their motion for class certification — economist Henry Fishkind, Ph.D., and data breach expert Larry Ponemon, Ph.D.  Both experts prepared detailed reports that Plaintiffs filed with their class certification motion on June 30, 2015.  ECF Nos. 107, 109.  SPE deposed both experts.  SPE opposed Plaintiffs' motion on August 11, 2015.  ECF No. 112. Plaintiffs reviewed the more than 4,100 pages of documents produced by SPE's two experts and took their depositions.  Plaintiffs lodged their reply on September 2, 2015. The parties notified the Court of their proposed settlement the same day.  ECF No. 134.

## III.    Settlement Negotiations

The parties commenced settlement negotiations in June 2015.  On June 11, 2015, the parties participated in a full-day private mediation session supervised by Professor Eric Green of Resolutions, LLC.  The parties made progress at that session, but did not reach agreement. During the months following the June 11, 2015 session, the parties continued to negotiate, with the assistance of the mediator, holding numerous telephonic conferences.  As a result of these efforts, the parties were able to reach an agreement in principle on September 1, 2015.  The parties did not discuss attorneys' fees, costs, and expenses until they had reached an agreement in principle, subject to preparation and execution of a written settlement agreement, on the substantive elements of the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

settlement.  Since reaching an agreement in principle, the parties have worked diligently to craft the settlement papers, including the notice program, working closely with Garden City Group, LLC, the parties' proposed Settlement Administrator.

## IV.    Terms of the Proposed Settlement

The Settlement terms are set forth in the written Settlement Agreement, which is attached as Exhibit A to the Declaration of Cari Campen Laufenberg.

### A.    The Settlement Class

The proposed Settlement Class is defined as:

> (1) All current and former SPE corporate and production employees, and (2) those individuals who are not current or former SPE corporate or production employees but (a) whose PII SPE has determined was disclosed on the Internet as a result of the SPE Cyberattack; and (b) for whom SPE has contact information sufficient to provide direct notice pursuant to the terms of the Notice Program.[4]  Settlement Agreement, ¶ 47.

### B.    The Settlement Benefits

#### 1.    Identity Protection Services from AllClear ID

SPE will provide all Settlement Class Members with certain identity protection services through AllClear ID, through December 31, 2017.  Settlement Agreement, ¶ 68.  This represents a two-year extension of the single year of service that SPE provided following the SPE Cyberattack.  Specifically, under the Settlement, all Settlement Class Members will be provided with AllClear Secure, free of charge, through December 31, 2017.  AllClear Secure provides assistance to recover financial losses and restore stolen identities.  In addition, all Settlement Class Members may enroll, free of charge, in AllClear PRO, for coverage through December 31, 2017.  AllClear PRO provides identity theft monitoring, including fraud detection, credit monitoring, alerts by phone, lost wallet protection, detection and restoration services for identity theft associated with

---

[4] Category (2) of the proposed Settlement Class includes approximately 3,500 individuals.  Pursuant to the Settlement Agreement, a complete list of these individuals will be maintained by the Settlement Administrator, and each of these individuals will receive direct notice of the Settlement.  Settlement Agreement, ¶¶ 47, 53, 54, 70.2.1.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

an enrollee's child, and identity theft insurance coverage of $1 million.  Enrollment in AllClear PRO is user-friendly, and can be done online or via the telephone.  The proposed forms of notice provide clear instruction for how to enroll.  Moreover, the thousands of Settlement Class Members who already enrolled in AllClear PRO, for the one year provided by SPE following the SPE Cyberattack, will have their coverage automatically extended for two years; they will not need to re-enroll.  AllClear ID will also establish an SPE-specific telephone number that Settlement Class Members can use to contact AllClear ID for assistance and to obtain information about coverage and identity theft issues.  All told, these AllClear services represent millions of dollars in value to the Settlement Class.[5]

## 2. Cash Payments

Cash payments will be available to Settlement Class Members through two claims processes.

Preventive Measures Claims:  SPE will establish a $2 million non-reversionary fund to reimburse Settlement Class Members for unreimbursed expenses they incurred and time they spent taking preventive measures to protect themselves from identity theft resulting from the SPE Cyberattack (such as purchasing credit monitoring and identity theft monitoring services, purchasing identity theft insurance, freezing or unfreezing their credit, and obtaining credit reports).  Settlement Agreement, ¶ 71.  The claims process is user-friendly.  Settlement Class Members can submit claims online, via the Settlement Website, or by mail, and they will have at least 90 days from the date notice is disseminated to submit Preventive Measures Claims.  Settlement Class Members who submit valid claims with documentation will be eligible to recover up to $1,000.  Plan of Allocation, ¶ 4.  Settlement Class Members will also have the option to submit claims without documentation, or claims that are for lost time exclusively, and be eligible to

---

[5] Outside of the Settlement, the current cost to enroll in AllClear PRO is $14.95 per month, meaning it would cost a normal consumer $358.80 over two years for the AllClear PRO service.  *See* https://www.allclearid.com/plans/pro-plan/.  AllClear Secure, which all Settlement Class Members will receive, provides significant value as well.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

receive a flat payment amount, the default amount of which will be $50, with the ultimate amount depending on the number of valid claims submitted. *Id.* All payments will be adjusted, on a *pro rata* basis, if the total reimbursement amounts for valid Preventive Measures Claims exceed or fall below the $2 million fund amount, up to a maximum of $1,500 for documented claims and $500 for undocumented claims. *Id.* ¶ 2.[6]

Identity Theft/Misuse Claims: In addition, SPE has agreed to pay up to $10,000 individually and up to $2.5 million in total, to Settlement Class Members who experience unreimbursed losses from identity theft or misuse as a direct result of the SPE Cyberattack. Settlement Agreement, ¶ 70. This relief is intended to supplement the $1 million insurance coverage that is provided under AllClear PRO. *Id.* ¶ 2. Accordingly, to the extent that a loss would have been covered by AllClear PRO, a Settlement Class Member who was not enrolled in AllClear PRO at the time of such loss cannot recover on an Identity Theft/Misuse Claim. *Id.* ¶ 70.3. Settlement Class Members may receive reimbursement of up to $10,000 for out-of-pocket losses that are not recoverable through the AllClear PRO insurance protection or otherwise reimbursed through the usual course (*e.g.*, from their credit card company or bank). *Id.* ¶ 70. Settlement Class Members who submit valid Identity Theft/Misuse Claims and meet the eligibility requirements (including providing documentation of their losses), will be paid as claims are validated by the Settlement Administrator, up to a maximum aggregate amount of $2.5 million. *Id.* ¶ 70. Different documentation requirements apply, depending upon whether Settlement Class Members have been identified by SPE as having their PII disclosed on the Internet as a result of the SPE Cyberattack. *Id.* ¶ 70.2. To the extent claims are denied, claimants

---

[6] To the extent there are any residual funds, if economically practical, and subject to agreement of the Parties, such funds will be distributed *pro rata* to Settlement Class Members who have enrolled in AllClear PRO in connection with the SPE Cyberattack or the Settlement. If such additional distribution is not economically practical given the funds remaining, or if an additional distribution is made and there are funds remaining after that, any residual funds will be distributed to a non-profit organization, to be agreed upon by SPE and Class Counsel and approved by the Court, to be used to promote education about how consumers can protect themselves from identity theft. *Id.*, ¶ 10.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

will have the ability to cure defects identified by the Settlement Administrator. *Id*. ¶ 70.6. Settlement Class Members will have until December 31, 2017 to submit Identity Theft/Misuse Claims, provided that once SPE has paid $2.5 million in the aggregate for Identity Theft/Misuse Claims, no additional such claims will be accepted, and notice to that effect will be posted on the Settlement Website. *Id.* ¶ 70.4. As with the Preventive Measures Claims, Settlement Class Members will have the option to submit Identity Theft/Misuse Claims online, via the Settlement Website, or by mail. *Id*. ¶ 70.2.

### 3. Notice to the Class

The Settlement provides for a comprehensive Notice Program that is well-designed to give the Settlement Class notice of the Settlement and about their rights and options. The parties worked closely with Garden City Group, LLC (the proposed Settlement Administrator) to develop an effective Notice Program.

### a. Direct Notice

Within 15 business days after preliminary approval, SPE will provide the Settlement Administrator with a Class List that includes the last known mailing addresses, to the extent they are reasonably available from SPE's electronic records, for all Settlement Class Members. The Settlement Administrator will thereafter run all mailing addresses through the National Change of Address database, and by no later than 60 days after preliminary approval (the "Notice Deadline") will mail direct notice, in substantially the form attached as Exhibit 2 to the Settlement Agreement, to the Settlement Class Members. Appropriate steps will be taken to find updated address information, and to re-mail notices, for notices that are returned undeliverable. Settlement Agreement, ¶¶ 59, 60.

### b. Publication Notice

While the direct notice is expected to reach the substantial majority of the Settlement Class, the proposed Notice Program also provides for publication notice, to be published substantially in the form attached as Exhibit 3 to the Settlement, by no later than the Notice Deadline, in People Magazine. Settlement Agreement, ¶ 61.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

### c. Settlement Website and Toll-Free Number

By no later than the Notice Deadline, the Settlement Administrator will establish a Settlement Website where Settlement Class Members can view the Notice, obtain additional information, review key case documents, and submit Preventive Measures Claims and Identity Theft/Misuse Claims electronically.  The Settlement Website will be operational until at least December 31, 2017. *Id.*, ¶¶ 42, 62. The Settlement Administrator will also establish and maintain a toll-free number where Settlement Class Members can obtain additional information and request mailed claim forms. *Id.*, ¶ 53.

### 4. Opt-Out and Objection Procedures

Any person within the Settlement Class definition may exclude himself or herself from the Settlement Class by mailing a written request for exclusion to the Settlement Administrator,  postmarked no later than 45 days after the Notice Deadline. *Id.*, ¶¶ 24, 55.  Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement Class may object to, or comment regarding, the Settlement Agreement, Class Counsel's fee, cost, and expense application, and/or the requests for Service Awards. To be considered, an objection or comment must be made in writing, must be sent to the Clerk of Court, Class Counsel, and SPE's Counsel (at the addresses identified in the notice), postmarked no later than 45 days after the Notice Deadline, and must include the information described in the Notice. *Id.*, ¶ 23, 57.

### 5. Payment of Administrative Costs

SPE will pay the costs associated with providing notice to the Settlement Class and the other costs of the Settlement Administrator, as set forth in the Agreement.  Such costs will be paid by SPE separate from the relief provided for the Settlement Class. *Id.*, ¶ 49.

### C. Attorneys' Fees, Costs, and Expenses

Class Counsel will request attorneys' fees, costs, and expenses in an amount not to exceed $3,490,000.[7] *Id.*, ¶ 78.  Class Counsel will request that a portion of any fee, cost,

---

[7] Class Counsel's fee, cost, and expense application, and the amounts that will be requested therein, will appropriately account for Class Counsel's commitments of time

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  and expense award be provided to the counsel for the plaintiffs in the State Court Cases

2  in recognition of their work and expenditures in the litigation.  SPE will pay any

3  attorneys' fees, costs, and expenses awarded by the Court, not to exceed $3,490,000,

4  separately from the relief for the Settlement Class Members, and thus the attorneys' fees,

5  costs, and expenses will not reduce the relief for the Settlement Class. *Id*., ¶ 49.  Plaintiffs

6  will file their motion for attorneys' fees, costs, and expenses no later than 21 days before

7  the deadline for Settlement Class Members to object and opt out.  *Id.* ¶ 66.

8  **D.  Service Awards**

9  Class Counsel will apply for service awards, not to exceed $3,000 for each

10  Plaintiff, to compensate them for their commitment and effort on behalf of the Settlement

11  Class.  *Id.* ¶ 79.  Additionally, Class Counsel will ask the Court to award service awards,

12  not to exceed $1,000, for each of the other individuals who also filed suit against SPE in

13  connection with the SPE Cyberattack, for their efforts in the litigation and commitment

14  on behalf of the Settlement Class.  *Id*.  Any service awards will be paid by SPE separate

15  from, and will therefore not reduce, the relief for the Settlement Class.  *Id.* ¶ 49.

16  **E.  Release**

17  In exchange for the benefits provided by the Settlement, Plaintiffs and the

18  Settlement Class Members will release SPE and its affiliates from any claims regarding

19  the issues in this case.  Settlement Agreement, ¶¶ 72-77.

20  **V.  The Court Should Certify the Settlement Class**

21  When a settlement is reached before class certification, "courts must peruse the

22  proposed compromise to ratify both the propriety of the certification and the fairness of

23  the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  Several courts

24  have previously certified data breach cases for settlement class treatment.  *See, e.g.*, *In re*

25  *Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2014 WL 7800046, at *2

26

27

28  and resources in this litigation, the results achieved for the Settlement Class, the risks that
Class Counsel assumed in prosecuting this litigation, the complexity of the issues
involved, and applicable law.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

(S.D. Cal. July 10, 2014); *Johnasson-Dohrmann v. Cbr Systems, Inc.*, 2013 WL 3864341, at *3 (S.D. Cal. July 24, 2013); *In re LinkedIn User Privacy Litig.*, 2015 WL 5440975, at *3-6 (N.D. Cal. Sept. 15, 2015); *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1051-60 (S.D. Tex. 2012); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *1-7 (W.D. Ky. Dec. 22, 2009).  Certification of the proposed Settlement Class is appropriate because the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied.

### A.    The Settlement Class Satisfies the Requirements of Rule 23(a)

#### 1.    Numerosity

Numerosity is satisfied "if 'the class is so large that joinder of all members is impracticable.'"  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).  Courts recognize that a "class of at least forty members presumptively satisfies the numerosity requirement."  *Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012).  The Settlement Class includes several thousand individuals,[8] satisfying numerosity.

#### 2.    Commonality

Rule 23 (a)(2) requires that there be "questions of law or fact common to the class."  The commonality requirement has "'been construed permissively' and '[a]ll questions of fact and law need not be common to satisfy the rule.'"  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (alteration in original) (quoting *Hanlon*, 150 F.3d at 1019).  "[A]ll that Rule 23(a)(2) requires is 'a single significant question of law or fact.'"  *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (citation omitted).  This case raises common factual questions, including what efforts SPE took to protect Settlement Class Members' personal information and whether those efforts were sufficient.  The commonality requirement is thus satisfied. *See Heartland*, 851 F. Supp. 2d at 1053-54; *Countrywide*, 2009 WL 5184352, at *3.

---

[8] SPE has informed Class Counsel that it estimates that there are approximately 435,000 persons in the Settlement Class.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

### 3.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  Like commonality, the typicality requirement is construed permissively "and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'"  *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2009) (quoting *Hanlon*, 150 F.3d at 1020).  "The purpose of the typicality requirement is to assure that the interest of the named representatives aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168, 1175 (9th Cir. 2010) (internal quotations omitted).  Plaintiffs' claims are typical of the claims of the proposed Settlement Class because their personal information was compromised as a result of the SPE Cyberattack.  Plaintiffs and Settlement Class Members were subject to the same conduct and have the same interest in pursuing their claims against SPE.  *See Countrywide*, 2009 WL 5184352, at *3 (finding typicality satisfied where the plaintiffs and class members "had their private information compromised, and their claims arise from the same course of uniform conduct").

### 4.    Adequacy

The adequacy requirement is satisfied when the class representatives will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  To make this determination, "courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020).  Plaintiffs' interests are aligned with the interests of Settlement Class members because their claims all arise from the same cyberattack.  Moreover, Plaintiffs have demonstrated a commitment to vigorously prosecute this case on behalf of the Settlement Class, and have retained counsel experienced in litigating privacy claims and class actions.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**B.    The Settlement Class Satisfies the Requirements of Rule 23(b)(3)**

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members."  The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594 (1997).  The predominance inquiry is relaxed in the settlement context because, if the proposed Settlement Agreement is approved, there will be no need for a trial, and thus manageability of the class for trial need not be considered.  *See id.* at 620 (noting that where a court is "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems").

Rule 23(b)(3) also looks at whether class treatment is "superior to other available methods for fairly and efficiently adjudicating the controversy."  Here, class treatment is superior because settlement on a class basis will promote greater efficiency than individual prosecution of the claims.  *See Wolin*, 617 F.3d at 1175-76.

**C.    The Court Should Appoint Class Counsel**

In evaluating the appointment of class counsel, courts must consider (i) counsel's work in identifying or investigating claims; (ii) counsel's experience in handling the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A). The Court previously appointed Keller Rohrback, Girard Gibbs, and Lieff Cabraser to serve as Interim Co-Lead Class Counsel.  ECF No. 45.  Since then, the three firms have worked cooperatively and efficiently to litigate this case, including coordinating and organizing the efforts of all counsel who have worked on the case.  The work they have performed includes: (1) investigating the SPE Cyberattack, researching and evaluating legal claims, and filing an amended complaint; (2) opposing SPE's motion to dismiss; (3) propounding three sets of document requests and two sets of interrogatories; (4) reviewing over 55,400 pages of responsive documents and 3,710 spreadsheets

13

produced by SPE, third parties, and experts; (5) responding to SPE's requests for production and interrogatories; (6) conducting extensive meet and confer sessions regarding discovery issues; (7) working with experts and preparing expert reports; (8) taking depositions of SPE's Rule 30(b)(6) witness and experts; (9) moving for class certification; (10) participating in mediation; (11) negotiating the proposed settlement and the settlement papers; and (12) drafting this motion for preliminary approval.

The three proposed Class Counsel firms have decades of experience in successfully prosecuting class actions and other complex litigation, including in consumer, employee, data breach, and other privacy class actions throughout the country.[9] The firms have demonstrated their commitment to devoting the resources necessary to represent Settlement Class Members, and they will continue to manage the case efficiently and work hard on obtaining settlement approval, and, if approved, implementation of the Settlement. Plaintiffs therefore request that the Court appoint Girard Gibbs, Keller Rohrback, and Lieff Cabraser as Class Counsel for the Settlement Class.

## VI. The Court Should Preliminarily Approve the Settlement

In the Ninth Circuit, "there is an overriding public interest in settling and quieting litigation … particularly … in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); s*ee also Churchill Village, L.L.C. v. Gen. Elec. Co.*, 361 F.3d 566, 576 (9th Cir. 2004). Courts recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a settlement approval hearing should not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (internal quotes and citation omitted).

### A. Standard for Preliminary Settlement Approval

Proposed class action settlements require Court approval. Fed. R. Civ. P. 23(e).

---

[9] *See* Declarations of Interim Co-Lead Counsel in Support of of Unopposed Motion and Unopposed Motion for Consolidation and Appointment of Interim Co-Lead Class Counsel (ECF No. 32, 31-2, 31-3).

14

1  The Court's primary role is to ensure "the agreement is not the product of fraud or

2  overreaching by, or collusion between, the negotiating parties." *Officers for Justice v.*

3  *Civil Serv. Comm'n. of City & Cnty of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982).

4  Courts use a "two-step process in which the Court first determines whether a proposed

5  class action settlement deserves preliminary approval and then, after notice is given to

6  class members, whether final approval is warranted." *Nat. Rural Telecomms. Coop. v.*

7  *DirecTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). "At the preliminary approval stage,

8  a court determines whether a proposed settlement is 'within the range of possible

9  approval' and whether or not notice should be sent to class members." *Carter v.*

10  *Anderson Merchs., LP*, 2010 WL 1946784, at *4 (C.D. Cal. May 11, 2010).

11       Preliminary settlement approval is appropriate where the proposed settlement

12  (1) "appears to be the product of serious, informed, non-collusive negotiations," (2) "has

13  no obvious deficiencies," (3) "does not improperly grant preferential treatment to class

14  representatives or segments of the class," and (4) "falls with the range of possible

15  approval.'" *Eddings v. Health Net, Inc.*, 2013 WL 169895, at *2 (C.D. Cal. Jan. 16,

16  2013) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal.

17  2007)); Rubenstein, Newberg on Class Actions § 13:10 (5th ed. 2015) ("The general rule

18  is that a court will grant preliminary approval where the proposed settlement 'is neither

19  illegal nor collusive and is within the range of possible approval.'").

20       If the Court grants preliminary approval, the parties will provide Settlement Class

21  Members with notice of the proposed settlement.  Settlement Class Members will then

22  have an opportunity to comment on the Settlement, both in writing and in person at the

23  fairness hearing.  *See* Newberg § 13:10.  The Court will then determine whether the

24  Settlement is fair, adequate and reasonable, and thus warrants final approval, by applying

25  the multifactor analysis outlined by the Ninth Circuit.  *See Staton*, 327 F.3d at 959

26  (factors the district court must consider include "the strength of plaintiffs' case; the risk,

27  expense, complexity, and likely duration of further litigation; the risk of maintaining class

28  action status throughout the trial; the amount offered in settlement; the extent of

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1    discovery completed, and the stage of the proceedings; the experience and views of

2    counsel; the presence of a governmental participant; and the reaction of the class

3    members to the proposed settlement." (citation omitted)).

4          **1.**     **The Settlement Is the Product of Serious, Informed and Non-**

5                      **Collusive Negotiations**

6          The proposed Settlement here is the result of hard-fought, arm's-length

7    negotiations between experienced counsel.  After Plaintiffs filed their amended

8    complaint, the parties engaged in adversarial motion practice and substantial discovery,

9    which allowed the parties to comprehensively evaluate the strengths and weaknesses of

10   the case and engage in well-informed settlement discussions.  Courts recognize that

11   "[t]he involvement of experienced class action counsel and the fact that the settlement

12   agreement was reached in arm's length negotiations, after relevant discovery had taken

13   place create a presumption that the agreement is fair."  *Linney v. Cellular Alaska P'ship*,

14   1997 WL 450064, at *5 (N.D. Cal. Jul. 18, 1997) (citations omitted); *see also In re Am.*

15   *Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *8 (C.D. Cal. July 28, 2014).

16         The settlement negotiations here were also supervised by an experienced, respected

17   mediator, Eric Green of Resolutions, LLC, who presided over a formal mediation session

18   and over numerous follow up discussions over the subsequent months.  The participation

19   of an experienced mediator lends further support for the fairness of the process and

20   settlement.  *See Carter v. Anderson Merchs., LP*, 2010 WL 144067, at *6 (C.D. Cal. Jan.

21   7, 2010) ("'The assistance of an experienced mediator in the settlement process confirms

22   that the settlement is non-collusive.'" (citation omitted)).  In addition to their extensive

23   investigation and discovery, Class Counsel also had the benefit of the Court's ruling on

24   SPE's motion to dismiss, which further informed their negotiations.  Moreover, the

25   parties did not discuss attorneys' fees, costs, and expenses until after reaching an

26   agreement in principle on the benefits for the Settlement Class, subject to preparation and

27   execution of a written settlement agreement.  Class Counsel, who have decades of

28   experience litigating and settling complex class actions, view this settlement as fair and in

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

the best interests of the Settlement Class.  *See DirecTV*, 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." (internal quotations and citations omitted)).

### 2. The Settlement Does Not Grant Preferential Treatment to Plaintiffs or Segments of the Settlement Class

The proposed Settlement does not grant preferential treatment to the Plaintiffs or to any segment of the Settlement Class.  All Settlement Class Members are entitled to submit claims under both claims processes, with the availability of funds tied to their respective harm.  Moreover, all Settlement Class Members will receive two years of AllClear Secure coverage, access to the SPE-specific AllClear hotline, and will be able to enroll, free of charge, in AllClear PRO coverage through December 2017.  Moreover, while service awards will be requested for Plaintiffs and other individuals who filed suit against SPE in connection with the SPE Cyberattack, such awards are commonly awarded in class actions, are well-justified under the circumstances here, and are modest in amount in light of their commitment in the litigation.

### 3. The Settlement Is Within the Range of Possible Approval

To determine whether a settlement falls within the range of possible approval, courts "consider plaintiffs' expected recovery balanced against the value of the settlement offer."  *Tableware*, 484 F. Supp. 2d at 1080.  The proposed Settlement here will provide valuable monetary and other benefits for Settlement Class Members that they may not be able to recover through continued litigation.  The payments that valid claimants will receive, pursuant to the claims processes, will be appropriately tied to their alleged harm, resulting in between $2 million and $4.5 million in cash payments by SPE.  Moreover, all Class Members will enjoy two years of valuable identity protection services from AllClear ID, a benefit that is directly tied to both the theory of harm in this case and to the proposed model for measuring damages provided by Plaintiffs' damages expert in connection with Plaintiffs' class certification motion.  The extension of these services to the Settlement Class represents millions of dollars in value for the Settlement Class.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

The result achieved for the Settlement Class is strong, particularly given the significant risks of ongoing litigation.  While Plaintiffs are confident in the merits of their case, continued litigation presents significant risks to the Settlement Class.  Liability and damages remain hotly disputed.  Even if Plaintiffs were to overcome all of the pre-trial risks that remain, they would still need to prevail at trial and, if successful at trial, on an inevitable appeal.  *See W. Publ'g*, 563 F.3d at 966; *Nat. Rural Telecomms.*, 221 F.R.D. at 526 ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." (citation omitted)).

The Settlement not only allows the Settlement Class to avoid the risks of continued litigation, but it provides them with something else that could not be achieved through litigation—prompt relief.  Proceeding to trial could add years to the resolution of this case, given the legal and factual issues raised and likelihood of appeals.

The proposed Settlement also compares favorably to settlements in other data breach cases.  *See McCabe v. Six Continents Hotels, Inc.*, 2015 WL 3990915, at *10 (N.D. Cal. June 30, 2015) (finding a settlement fair "in light of other approved settlements within a similar range").  In *Sony Gaming Networks*, the court approved a settlement that resolved data breach claims for approximately 77 million class members by providing benefits depending on the type of user, including reimbursements for out-of-pocket expenses related to identity theft attributable to the data breach as well as payments for virtual credits, a free PlayStation game, PlayStation 3 theme, and one month of a PlayStation Plus subscription.  No. 11-md-2258, ECF No. 211 (S.D. Cal. May 4, 2015).  In *Countrywide*, the court approved a settlement that provided up to $1.5 million to pay out-of-pocket costs related to the data breach, up to $5 million to pay losses related to identity theft, and two years of credit monitoring services to resolve data breach claims for approximately 2.4 million customers.  2010 WL 3341200, at *2-8 (W.D. Ky. Aug. 23, 2010).  Similarly, in *Pinter v. D.A. Davidson, Inc.*, the court approved a settlement that provided a $1 million fund to reimburse class members for

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

losses resulting from the data breach and two years of credit monitoring.  No. 1:09-cv-00059-RFC, ECF No. 52 (D. Mont. Nov. 23, 2009).

## VII.  The Court Should Approve the Notice Program and Direct That Notice Be Disseminated to the Settlement Class

The Settlement includes a robust, multi-pronged Notice Program that is well-designed to provide notice to the Settlement Class about the Settlement and their rights and options.  The Notice Program fully complies with due process and Rule 23.  Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

The proposed notices here include all of the required information.  Settlement Agreement, Exs. 2-4.  Moreover, the Settlement Agreement provides for direct mail notice, using the most updated information available for Settlement Class Members,[10] and also provides for additional notice by publication in People Magazine.  Moreover, appropriate steps will be taken to locate updated address information and re-mail notices that are returned undeliverable.  Settlement Agreement, ¶¶ 59, 60.  Further, the Settlement Administrator will establish and maintain a Settlement Website where Settlement Class Members can obtain additional information, view important case documents, and submit claims electronically, as well as an informational toll-free telephone number.  *Id.*, ¶¶ 42, 53.  The Notice Program here constitutes the best notice

---

[10] SPE has informed Class Counsel that it estimates it has a mailing address for approximately 95% of the Settlement Class Members.

19

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

practicable under the circumstances, and the Court should direct that notice be disseminated to the Settlement Class pursuant to such program.

## VIII.  The Court Should Set a Schedule for Final Approval.

The parties propose the following schedule for Final Approval and related deadlines:

| Event | Proposed Date |
|---|---|
| Notice Deadline | 60 days after entry of Preliminary Approval Order |
| Deadline for: (1) Class Counsel to file their motion for attorneys' fees and costs and service awards; and (2) the parties to file motions for final settlement approval. | 21 days prior to the Objection Deadline |
| Objection Deadline | 45 days after Notice Deadline |
| Opt-Out Deadline | 45 days after Notice Deadline |
| Claim Deadline for Preventive Measures Claims | 90 days after Notice Deadline |
| Deadline for Class Counsel and the Parties to file any responses to objections and any replies in support of final settlement approval and/or Class Counsel's motion for attorneys' fees and costs. | 14 days before Final Approval Hearing |
| Final Approval Hearing | _____ [no sooner than 120 days after entry of Preliminary Approval Order] |

Further, in order to conserve judicial and other resources and protect the parties' interests, the parties request that, pending Final Approval, the Court stay this Action and enjoin any actions brought by Settlement Class Members concerning a Released Claim.

## IX.  CONCLUSION

Plaintiffs respectfully request that the Court grant preliminary approval of the proposed settlement and enter their proposed order.

Dated:    October 19, 2015          Respectfully submitted,


By:  */s/ Cari Campen Laufenberg*
Cari Campen Laufenberg, *Admitted pro hac vice*
claufenberg@kellerrohrback.com

20

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  **KELLER ROHRBACK L.L.P.**
2  1201 Third Avenue, Suite 3200
   Seattle, WA 98101
3  Telephone: (206) 623-1900
4  Facsimile: (206) 623-3384

5  Matthew J. Preusch
6  mpreusch@kellerrohrback.com
   **KELLER ROHRBACK L.L.P.**
7  1129 State Street, Suite 8
8  Santa Barbara, CA 93101
   Telephone: (805) 456-1496
9  Facsimile: (805) 456-1497
10

11 Daniel C. Girard
   dcg@girardgibbs.com
12 Amanda M. Steiner
13 as@girardgibbs.com
   Linh G. Vuong
14 lgv@girardgibbs.com
15 **GIRARD GIBBS LLP**
16 601 California Street, 14th Floor
   San Francisco, CA 94108
17 Telephone: (415) 981-4800
18 Facsimile: (415) 981-4846

19
   Michael W. Sobol
20 msobol@lchb.com
21 Roger N. Heller
   rheller@lchb.com
22 **LIEFF CABRASER HEIMANN &**
23 **BERNSTEIN, LLP**
24 275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
25 Telephone: (415) 956-1000
26 Facsimile: (415) 956-1008

27 Nicholas Diamand
28 ndiamand@lchb.com
   **LIEFF CABRASER HEIMANN &**

21

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY10013-1413
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592

***Interim Co-Lead Class Counsel***

Hank Bates
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
11311 Arcade Drive
Little Rock, AR 72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

Raúl Pérez
Raul.Perez@Capstonelawyers.com
Jordan L. Lurie
Jordan.Lurie@capstonelawyers.com
Robert Friedl
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett
Cody.Padgett@capstonelawyers.com
**CAPSTONE LAW APC**
1840 Century Park East, Suite 450
Los Angeles, CA 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

John H. Gomez
john@gomeztrialattorneys.com
John P. Fiske
jfiske@gomeztrialattorneys.com

22

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Deborah Dixon
ddixon@gomeztrialattorneys.com
**GOMEZ TRIAL ATTORNEYS**
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496

Joseph G.Sauder
jgs@chimicles.com
Matthew D. Schelkopf
mds@chimicles.com
Benjamin F. Johns
bfj@chimicles.com
Joseph B. Kenney
jbk@chimicles.com
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

Richard A. Maniskas, Esquire
rmaniskas@rmclasslaw.com
**RYAN & MANISKAS, LLP**
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Telephone: (484) 588-5516
Facsimile: (484) 450-2582

Steven M. Tindall
stindall@rhdtlaw.com
Valerie Bender
vbrender@rhdtlaw.com
**RUKIN HYLAND DORIA & TINDALL LLP**
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

23

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive, Suite 500
Chicago, IL 60613
Telephone: (312) 750-1265
Facsimile: (312) 212-5919

*Additional Plaintiffs' Counsel*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1

2

## __CERTIFICATE OF SERVICE__

3

4       I, Cari Campen Laufenberg, hereby certify that on October 19, 2015, I electronically filed **Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Settlement** with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

5

6

7

8

9                                */s/ Cari Campen Laufenberg*

10                               Cari Campen Laufenberg

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT