# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement" or "Settlement Agreement") is made and entered into this 19th day of October, 2015, by and among (1) Plaintiffs (as defined in Paragraph 27), for themselves and on behalf of the Settlement Class (as defined in Paragraph 40), and (2) Sony Pictures Entertainment Inc. ("SPE"), and subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and SPE enter into this agreement by and through their respective counsel. As provided herein, SPE, Class Counsel (as defined in Paragraph 12), and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a final order and judgment, all claims of the Settlement Class against SPE in the action titled *Corona v. Sony Pictures Entertainment Inc.*, No. 2:14-cv-09600-RGK-E (C.D. Cal.) (the "Action"), shall be settled and compromised upon the terms and conditions contained herein.

## I.   Recitals

1.  In the fall of 2014, SPE was the victim of an unprecedented cyberattack. Following the cyberattack, the perpetrators released stolen SPE data on the Internet, some of which contained personally identifiable information concerning current and former SPE employees and certain other individuals.

2.  Also following the cyberattack, SPE provided current and former employees and certain other individuals with one year of AllClear Secure identity protection services, as well as the option to enroll in AllClear PRO for one year. AllClear PRO provides enrolled individuals and their dependents with a $1 million insurance policy (per individual) for reimbursement of actual costs and certain expenses incurred as a result of identity theft. These services were made available by SPE free of charge.

3.  Between December 15, 2014 and January 6, 2015, ten former SPE employees filed seven separate putative class action lawsuits against SPE in the United States District Court for the Central District of California.[1] Six of the previously-filed complaints were dismissed, and Plaintiffs elected to proceed as named plaintiffs or putative class members in the first-filed case, *Corona v. Sony Pictures Entertainment Inc.*, No. 2:14-cv-09600-RGK-E (C.D. Cal.). An amended complaint was filed by nine named plaintiffs in *Corona*, asserting claims on behalf of themselves and a putative class.[2] The amended class action complaint in the Action asserted claims for (1) negligence, (2) breach of implied contract, (3) violation of the California Customer Records Act, (4) violation of the California

---

[1]     *See Corona v. Sony Pictures Entm't Inc.*, Civ. No. 2:14-cv-09600-RGK-SH (C.D. Cal.); *Forster v. Sony Pictures Entm't Inc.*, Civ. No. 2:14-cv-09646-AB-PLA (C.D. Cal.); *Levine v. Sony Pictures Entm't Inc.*, Civ. No. 2:14-cv-09687-SVW-SH (C.D. Cal.); *Bailey v. Sony Pictures Entm't Inc.*, Civ. No. 2:14-cv-09755 (C.D. Cal.); *Shapiro v. Sony Pictures Entm't Inc.*, Civ. No. 8:14-cv-02021 (C.D. Cal.); *Garcia Rodriguez v. Sony Pictures Entm't Inc.*, Civ. No. 2:15-cv-00014 (C.D. Cal.); *Exum v. Sony Pictures Entm't Inc.*, Civ. No. 8:15-cv-00016 (C.D. Cal.).

[2]     One of the plaintiffs named in the amended complaint in *Corona* subsequently voluntarily dismissed his claims. *See Corona v. Sony Pictures Entm't Inc.*, Civ. No. 2:14-cv-09600-RGK-E (C.D. Cal.) (ECF No. 80) (notice of voluntary dismissal of plaintiff Lawon Exum).

Confidentiality of Medical Information Act, (5) violation of the California Unfair Competition Law, (6) declaratory judgment, (7) violation of Virginia Code § 18.2-186.6, and (8) violation of Colorado Revised Statutes § 6-1-716.

4.   By order dated June 15, 2015, the Court granted in part and denied in part SPE's motion to dismiss the amended complaint. Specifically, the Court dismissed Plaintiffs' implied-contract, California Customer Records Act, and Virginia and Colorado state statutory claims. The Court also dismissed the portion of Plaintiffs' negligence claim predicated on SPE's alleged breach of the duty to timely notify putative class members of the cyberattack. The Court denied the motion to dismiss as to the other claims. SPE subsequently filed its answer to the amended complaint, denying any and all wrongdoing and liability and asserting various affirmative defenses.

5.   Both during the pendency of the motion to dismiss and thereafter, the Parties (as defined in Paragraph 25) engaged in extensive discovery. Depositions were taken of each of the Plaintiffs, SPE's corporate representative, and four expert witnesses (two for Plaintiffs and two for SPE). The Parties also exchanged extensive written discovery: Plaintiffs produced thousands of pages of documents and answered multiple interrogatories, and SPE produced tens of thousands of pages of documents and also answered multiple interrogatories. The Parties also held numerous conferences to resolve discovery issues.

6.   Plaintiffs filed their motion for class certification on June 30, 2015. SPE filed its opposition on August 11, 2015. Plaintiffs lodged their reply on September 2, 2015.

7.   On June 11, 2015, the Parties participated in a mediation with Eric D. Green of Resolutions LLC serving as mediator. Thereafter, with the continuing assistance of the mediator, the Parties continued to discuss settlement and to exchange settlement proposals. On September 1, 2015, the Parties reached an agreement in principle on a proposed settlement. The Parties did not discuss attorneys' fees, costs, and expenses until after they had reached an agreement in principle, subject to preparation and execution of a written settlement agreement, on the substantive elements of the Settlement (as defined in Paragraph 38). By order dated September 3, 2015, the Court continued all pending deadlines in the case for 45 days, pending submission to the Court of a settlement agreement and a motion for preliminary approval of the settlement agreement.

8.   The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims (as defined in Paragraph 34) of the Settlement Class. The Parties intend this Agreement to bind Plaintiffs, SPE, and all members of the Settlement Class who do not timely and properly exclude themselves from the Settlement.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.   **Definitions**

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

9.     "Additional Plaintiffs" means certain individuals, other than Plaintiffs, who filed suit against SPE in connection with the SPE Cyberattack (as defined in Paragraph 43).

10.    "Claim" means a written request submitted electronically via the Settlement Website (as defined in Paragraph 42) or by mail by a Settlement Class Member (as defined in Paragraph 41), consistent with the provisions of this Agreement, seeking a cash payment in connection with the Settlement (as defined in Paragraph 38) and shall include Identity Theft/Misuse Claims and Preventive Measures Claims (as defined in Paragraphs 18 and 31, respectively).

11.    "Claimant" means a Settlement Class Member who submits an Identity Theft/Misuse Claim or a Preventive Measures Claim.

12.    "Class Counsel" means:

KELLER ROHRBACK L.L.P.
Gretchen Freeman Cappio
Cari Campen Laufenberg
Lynn Lincoln Sarko
1201 3rd Avenue, Suite 3200
Seattle, WA 98101-3052

GIRARD GIBBS LLP
Daniel C. Girard
Amanda Steiner
Linh G. Vuong
601 California Street, 14th Floor
San Francisco, CA 94108

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Roger Heller
Michael W. Sobol
275 Battery Street, 29th Floor
San Francisco, CA 94111

13.    "Court" means the United States District Court for the Central District of California.

14.    "Effective Date" means the second business day after which all of the following events have occurred:

a.   SPE's counsel and Class Counsel have executed this Agreement;

3

b. The Court has entered the Final Approval Order (as defined in Paragraph 16) without material change to the Parties' agreed-upon proposed Final Approval Order as described in Paragraph 67;

c. The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired; and

d. The State Court Actions (as defined in Paragraph 44) have been dismissed with prejudice.

Notwithstanding the foregoing, the Effective Date shall not be earlier than 40 days after Final Approval (as defined in Paragraph 15).

15. "Final Approval" means the date that the Court enters an order and judgment granting final approval of the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of the Service Awards (as defined in Paragraph 79). In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

16. "Final Approval Order" means the order and judgment that the Court enters upon Final Approval. In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Approval Order includes all such orders.

17. "Identity Theft/Misuse" means someone assuming, without permission, the Settlement Class Member's identity and taking out a line of credit, establishing a new financial account, or taking similar actions for the purpose of fraudulently obtaining monies or other things of value in the name of the Settlement Class Member.

18. "Identity Theft/Misuse Claim" means a Claim submitted by a Settlement Class Member for a cash payment pursuant to Paragraph 70.

19. "Identity Theft/Misuse Claim Form" means the form, substantially in the form as that attached as Exhibit 6 to this Agreement, for Settlement Class Members to submit an Identity Theft/Misuse Claim.

20. "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

21. "Notice Deadline" means 60 days after Preliminary Approval.

22.     "Notice Program" means the notice methods provided for in this Agreement and consists of (1) a mailed notice to all those Settlement Class Members for whom SPE can ascertain a mailing address from its records with reasonable effort ("Mail Notice"), (2) Notice posted on the Settlement Website, and (3) Publication Notice (as described in Paragraph 61).  The forms of notice shall be substantially in the forms attached as Exhibits 2, 3, and 4 to this Agreement and approved by the Court, and the Notice Program shall be effected in substantially the manner provided in Section VII.

23.     "Objection Deadline" means 45 days after the Notice Deadline.

24.     "Opt-Out Deadline" means 45 days after the Notice Deadline.

25.     "Parties" means Plaintiffs and Sony Pictures Entertainment Inc. ("SPE").

26.     "Personally Identifiable Information" (or "PII") means a Social Security number, driver's license number, passport number, personal credit or debit card number, bank account number, or health or medical information.

27.     "Plaintiff" means any one of Ella Carline Archibeque, Marcela Bailey, Michael Corona, Joshua Forster, Michael Levine, Christina Mathis, Steven Shapiro, and Geoffrey Springer (collectively, "Plaintiffs").

28.     "Plan of Allocation" means the plan of allocation of the Preventive Measures Claims Settlement Administration Fund (as defined in Paragraph 33) that is attached as Exhibit 5 to this Agreement.

29.     "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement in the form substantially the same as in the attached Exhibit 1.

30.     "Preventive Measures" means measures taken by Settlement Class Members to avoid Identity Theft/Misuse resulting from the SPE Cyberattack.

31.     "Preventive Measures Claim" means a Claim by a Settlement Class Member for reimbursement of Preventive Measures Losses (as defined in Paragraph 71).

32.     "Preventive Measures Claim Form" means the form, substantially in the form as that attached as Exhibit 7, for Settlement Class Members to submit a Preventive Measures Claim.

33.     "Preventive Measures Claims Settlement Administration Fund" means the $2 million, non-reversionary settlement fund to be established by SPE pursuant to Paragraph 71.

34.     "Released Claims" means all claims to be released as specified in Section XI.

35.     "Released Parties" means those persons and entities released as specified in Section XI.

36.    "Releases" means all of the releases contained in Section XI.

37.    "Releasing Parties" means Plaintiffs and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, assigns, beneficiaries, and successors.

38.    "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement including the exhibits hereto.

39.    "Settlement Administrator" means Garden City Group, LLC.  Class Counsel and SPE may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally.  In the absence of agreement, either Class Counsel or SPE may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

40.    "Settlement Class" means the class defined in Paragraph 47.

41.    "Settlement Class Member" means any person included in the Settlement Class.

42.    "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Notice, the order preliminarily approving this Settlement, the Identity Theft/Misuse Claim Form, the Preventive Measures Claim Form, the operative amended complaint and SPE's answer thereto, and such other documents as Class Counsel and SPE agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until Final Approval.  The URL of the Settlement Website shall be agreed upon by Class Counsel and SPE.  Settlement Class Members shall also be able to submit Identity Theft/Misuse Claims and Preventive Measures Claims electronically via the Settlement Website.  The Settlement Website shall not include any advertising, and shall not bear or include the SPE logo or SPE trademarks.  The Settlement Website shall be operational until at least December 31, 2017.  Ownership of the Settlement Website URL shall be transferred to SPE within 10 days of the date on which operation of the Settlement Website ceases.

43.    "SPE Cyberattack" means the cyberattack on SPE in the fall of 2014.

44.    "State Court Actions" means *Dukow et al. v. Sony Pictures Entertainment Inc.*, Case No. BC566884 (Super. Ct. Los Angeles Cnty.); *Doe v. Sony Pictures Entertainment Inc.*, Case No. BC567358 (Super. Ct. Los Angeles Cnty.); *McKenzie v. Sony Pictures Entertainment Inc.*, Case No. BC568472 (Super. Ct. Los Angeles Cnty.); and *Ochmanek*

*et al. v. Sony Pictures Entertainment Inc.*, Case No. BC573366 (Super. Ct. Los Angeles Cnty.).

45.   Except where otherwise specified, any time period specified in this Agreement shall be counted in calendar days.

46.   Except where otherwise specified, any reference to a Paragraph, Section, or Exhibit shall be to the specified paragraph or section of this Agreement, or to the specified exhibit to this Agreement.

## III.   Certification of the Settlement Class

47.   For settlement purposes only, Plaintiffs shall seek, and SPE shall not oppose, certification of the following Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

(1) All current and former SPE corporate and production employees, and (2) those individuals who are not current or former SPE corporate or production employees but: (a) whose PII SPE has determined was disclosed on the Internet as a result of the SPE Cyberattack; and (b) for whom SPE has contact information sufficient to provide direct notice pursuant to the terms of the Notice Program.[3]

48.   For settlement purposes only, Plaintiffs shall also seek, and SPE shall not oppose, appointment of Class Counsel, and appointment of Plaintiffs as class representatives, to represent the Settlement Class.

## IV.   Settlement Consideration

49.   This Settlement provides for the following benefits to Settlement Class Members, as set forth more fully herein:

   a.   the provision of AllClear ID services (as described in Section IX);

   b.   the opportunity to submit claims for reimbursement of Identity Theft/Misuse Losses and Preventive Measures Losses (as described in Section X);

   c.   payment of the costs associated with providing Notice to Settlement Class Members (as described in Section VII), as well as the costs associated with the Settlement Administrator (except as provided in the Plan of Allocation regarding distribution of any residual funds), which SPE will pay as a part of the settlement consideration separate and apart from the cash payments described in Section X;

---

[3]        A complete list of the individuals who comprise group (2) in this definition—*i.e.*, those who are not current or former SPE corporate or production employees and who are included in the Settlement Class—will be provided by SPE to the Settlement Administrator by no later than fifteen business days after Preliminary Approval and will be maintained by the Settlement Administrator.

     d.   payment of Service Awards (as described in Section XII), subject to Court approval, of no more than $34,000 in total to Plaintiffs and Additional Plaintiffs, which SPE will pay as part of the settlement consideration separate and apart from the cash payments described in Section X; and

     e.   payment of no more than $3,490,000 in attorneys' fees, costs, and expenses (as described in Section XII), subject to Court approval, which SPE will pay as a part of the settlement consideration separate and apart from the cash payments described in Section X.

## V.    Preliminary Approval

50.    Upon execution of this Agreement by all signatories, Class Counsel shall promptly move the Court for an order granting preliminary approval of this Settlement ("Preliminary Approval Order"). The proposed Preliminary Approval Order that will be filed with the motion shall be in a form agreed upon by Class Counsel and SPE, and substantially in the form as that attached as Exhibit 1 to this Agreement. The motion for preliminary approval shall request that the Court: (1) preliminarily approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notice; (4) approve the procedures set forth in Section VII for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (5) stay the Action pending Final Approval of the Settlement; (6) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning a Released Claim; and (7) schedule a Final Approval hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for SPE, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith and should be finally approved, and determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses, and for Service Awards ("Final Approval Hearing").

51.    Within 10 days of the filing of the motion for preliminary approval, SPE, at its own expense, shall serve or cause to be served a notice of the proposed Settlement, in conformance with the requirements under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

## VI.    Settlement Administrator

52.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next Paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing Mail Notice to Settlement Class Members as described in Section VII; effecting Publication Notice; establishing and operating the Settlement Website and a toll-free number; administering the Claims processes; and distributing cash payments according to the processes and criteria set forth in Section X and Exhibits 5, 6, and 7.

53.     The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, include:

  a.  Obtaining from SPE the name and mailing address information for Settlement Class Members (to the extent it is available), and verifying and updating the mailing addresses received, through the National Change of Address database, for the purpose of sending the Mail Notice to Settlement Class Members, and re-mailing returned notices to the extent updated address information can be obtained through reasonable efforts;

  b.  Obtaining from SPE the list of PII-Disclosed Settlement Class Members (as defined in Paragraph 70.2.1);

  c.  Effecting the Publication Notice;

  d.  Establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

  e.  Establishing and maintaining the Settlement Website;

  f.  Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

  g.  Responding to any mailed Settlement Class Member inquiries;

  h.  Processing all written notifications of exclusion from the Settlement Class;

  i.  Providing weekly reports and, no later than ten days after the Opt-Out Deadline, a final report to Class Counsel and SPE, that summarize the number of written notifications of exclusion received that week, the total number of written notifications of exclusion received to date, and other pertinent information;

  j.  In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class;

  k.  Reviewing, determining the validity of, and responding to all Claims submitted by Settlement Class Members, pursuant to criteria set forth in Section X and in Exhibits 5, 6, and 7;

  l.  Establishing and maintaining the Identity Theft/Misuse Claims Settlement Administration Account (as defined in Paragraph 70.7) and the Preventive Measures Claims Settlement Administration Fund (as defined in Paragraph 71.1)

for the purpose of holding funds paid by SPE and distributing cash payments for Identity Theft/Misuse Claims and Preventive Measures Claims.

m. After the Effective Date, processing and transmitting distributions to Settlement Class Members in accordance with Section X;

n. Providing weekly reports and a final report to Class Counsel and SPE that summarize the number of Claims since the prior reporting period, the total number of Claims received to date, the number of any Claims granted and denied since the prior reporting period, the total number of Claims granted and denied to date, and other pertinent information; and

o. Performing any Settlement-administration-related function at the agreed-upon instruction of both Class Counsel and SPE, including, but not limited to, verifying that cash payments have been distributed in accordance with Section X.

## VII.   Notice to Settlement Class Members

54.   Within fifteen business days after Preliminary Approval, SPE will provide to the Settlement Administrator data files (collectively, the "Class List") that identify, subject to the availability of information in reasonably accessible electronic form, the names and last known mail addresses of the identifiable Settlement Class Members.  SPE shall take appropriate measures to ensure that the Class List is transferred to the Settlement Administrator in a secure manner.  The Settlement Administrator shall maintain the Class List in a secure manner.  Upon receipt of the Class List, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.  The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class Members may exclude themselves from the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; a description of the Claims processes; and the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information.

55.   The Notice shall include a procedure for Settlement Class Members to exclude themselves from the Settlement Class by notifying the Settlement Administrator in writing of the intent to exclude himself or herself from the Settlement Class.  Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice.  The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Settlement in *Corona v. Sony Pictures Entertainment Inc.*, No. 2:14-cv-09600-RGK-E (C.D. Cal.); and the individual's signature.  The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Class Counsel shall move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.  Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of this Agreement.

56.     The Notice shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses, and for Service Awards.  Objections to the Settlement or to the application for attorneys' fees, costs, expenses, and for Service Awards must be electronically filed with the Court, or mailed to the Clerk of the Court, with copy to Class Counsel and SPE's counsel.  For an objection to be considered by the Court the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and SPE's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice.

57.     For an objection to be considered by the Court, the objection must also set forth:

    a.  the name of the Action;

    b.  the objector's full name, address, email address, and telephone number;

    c.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d.  all grounds for the objection, accompanied by any legal support for the objection;

    e.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

    f.  the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    g.  a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

    h.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    i.  the objector's signature (an attorney's signature is not sufficient).

58.     Notice shall be provided to the Settlement Class in at least one of three ways:  Mail Notice, Publication Notice, and Notice on the Settlement Website, with each method implemented pursuant to the terms of Section VII.  Notice shall be provided substantially in the forms attached as Exhibits 2, 3, and 4 to this Agreement.

59.     After the Settlement Administrator receives the Class List from SPE, the Settlement Administrator shall run the mailing addresses included in the Class List through the National Change of Address Database, and shall mail the Mail Notice to all such Settlement Class Members at the addresses as updated (the "Mail Notice Program").  For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Mail Notice to the updated address

indicated.  For any Mail Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses and re-mail the Mail Notice to the extent updated addresses are identified.  The Settlement Administrator need only make one attempt to re-mail any Mail Notices that are returned as undeliverable.

60.   The Mail Notice Program shall be completed by the Notice Deadline, excluding any re-mails for Mail Notices that are returned undeliverable.

61.   The Settlement Administrator shall effectuate the Publication Notice by arranging for publication of the Publication Notice in People Magazine, substantially in a form as that attached as Exhibit 3 to this Agreement.  Publication Notice shall be completed by the Notice Deadline.

62.   The Settlement Administrator shall post the Notice on the Settlement Website in the form agreed to by the Parties and approved by the Court.  The Notice shall be posted on the Settlement Website by the Notice Deadline.

63.   Within seven days after the Notice Deadline, the Settlement Administrator shall provide Class Counsel and SPE with one or more affidavits confirming that the Mail Notice Program, Publication Notice, and posting of Notice on the Settlement Website were completed in accordance with the Parties' instructions and the Court's approval.  Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Plaintiffs' motion for final approval of the Settlement.

64.   All costs of the Notice Program shall be paid by SPE.

65.   Within the parameters set forth in this Section VII, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and SPE.

## VIII.   **Final Approval Order and Judgment**

66.   Plaintiffs' motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur.  The Final Approval Hearing shall be scheduled no earlier than 90 days after the CAFA notices are mailed to ensure compliance with 28 U.S.C § 1715.  By no later than 21 days prior to the Objection Deadline, Plaintiffs shall file a motion for final approval of the Settlement and an application for attorneys' fees, costs, and expenses and for Service Awards.  By no later than 14 days prior to the Final Approval Hearing, the Parties shall file any responses to any objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards.  At the Final Approval Hearing, the Court will consider Plaintiffs' motion for final approval of the Settlement, and Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the fees, costs, expenses, or Service Award application, provided the objectors filed timely objections that meet all of the requirements listed in Paragraphs 56 and 57.

67. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting final approval of the Settlement, and whether to approve Class Counsel's request for attorneys' fees, costs, expenses, and the Service Awards. The proposed Final Approval Order that will be filed with the motion for final approval shall be in a form agreed upon by Class Counsel and SPE. Such proposed Final Approval Order shall, among other things:

    a. Determine that the Settlement is fair, adequate, and reasonable;

    b. Finally certify the Settlement Class for settlement purposes only;

    c. Determine that the Notice provided satisfied Due Process requirements;

    d. Dismiss the Action with prejudice;

    e. Bar and enjoin the Releasing Parties from asserting any of the Released Claims, as set forth in Section XI, including during the pendency of any appeal from the Final Approval Order;

    f. Release SPE and the Released Parties from the Released Claims, as set forth in Section XI; and

    g. Reserve the Court's continuing and exclusive jurisdiction over SPE and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## IX. AllClear ID Services

68. SPE shall arrange to provide, and shall pay the costs associated with providing, the following AllClear ID services free of charge to all Settlement Class Members.

    68.1 Settlement Class Members shall have their existing coverage under AllClear Secure extended through December 31, 2017, at no cost to the Settlement Class Members. To the extent any Settlement Class Members are not already covered by AllClear Secure in connection with the SPE Cyberattack, they will have AllClear Secure coverage extended to them, at no cost to them, through December 31, 2017.

    68.2 Settlement Class Members may also enroll in AllClear PRO for coverage extending through December 31, 2017, at no cost to the Settlement Class Members. Settlement Class Members who have already enrolled in the AllClear PRO coverage offered by SPE in connection with the SPE Cyberattack shall have that coverage automatically extended through December 31, 2017, at no cost to those Settlement Class Members. All other Settlement Class Members who wish to enroll in AllClear PRO shall do so directly with AllClear ID at the web address and/or telephone number, and in the manner, prescribed in the Notice, at no cost to those Settlement Class Members. For Settlement Class Members who have not already enrolled in AllClear PRO in connection with the SPE Cyberattack, the

13

enrollment window for them to enroll in AllClear PRO shall be open through and including 120 days after the Notice Deadline.

68.3   AllClear ID shall make available to Settlement Class Members, for the period extending through December 31, 2017, an SPE-specific toll-free phone number that may be used to contact AllClear ID.

## X.   Claims For Cash Payments

69.   Settlement Class Members may submit Claims under the Settlement to recover (1) actual, unreimbursed losses resulting from Identity Theft/Misuse as a direct result of the SPE Cyberattack ("Identity Theft/Misuse Losses"), and/or (2) Preventive Measures Losses.

70.   *Identity Theft/Misuse Claims.*  Any Settlement Class Member may submit an Identity Theft/Misuse Claim to the Settlement Administrator for reimbursement for Identity Theft/Misuse Losses that a Settlement Class Member claims, documents, and proves in accordance with the Identity Theft/Misuse Claims process described below.

70.1   The Settlement Administrator may award up to $10,000 per Claimant to reimburse any Identity Theft/Misuse Claim that the Settlement Administrator decides is valid and meets the requirements for reimbursement hereunder, up to an aggregate maximum of $2,500,000 across all valid Identity Theft/Misuse Claims.  No Settlement Class Member shall in any circumstances be awarded in excess of $10,000 in reimbursements for Identity Theft/Misuse Claim(s).

70.2   Settlement Class Members who choose to submit an Identity Theft/Misuse Claim shall submit, electronically via the Settlement Website or by mail, the Identity Theft/Misuse Claim Form, including signing and dating the Identity Theft/Misuse Claim Form, as well as the documentation described herein and as set forth in the Notice.  In order to prove a valid Identity Theft/Misuse Claim for reimbursement, Settlement Class Members must comply with the following documentation and proof requirements:

70.2.1   Within 45 days after Preliminary Approval, SPE will provide the Settlement Administrator with a list of Settlement Class Members as to whom, based on information currently available, and after conducting a reasonable inquiry, SPE believes their PII was disclosed on the Internet as a result of the SPE Cyberattack (the "PII-Disclosed Settlement Class Members").  In order to prove a valid Identity Theft/Misuse Claim for reimbursement, PII-Disclosed Settlement Class Members shall submit:

(1)   documentation of the loss for which reimbursement is claimed;

(2)   proof that the loss is reasonably attributable to the SPE Cyberattack—*i.e.*, from a third party's unauthorized use of information regarding the PII-Disclosed Settlement Class Member

14

that the PII-Disclosed Settlement Class Member reasonably attributes to the SPE Cyberattack; and

(3)     attestation that the PII-Disclosed Settlement Class Member has sought and been denied reimbursement through the normal course, including, to the extent applicable, AllClear PRO insurance and normal reimbursement by financial institutions or merchants.

70.2.2  In order to prove a valid Identity Theft/Misuse Claim for reimbursement, any Settlement Class Member who is not a PII-Disclosed Settlement Class Member (the "Non-PII-Disclosed Settlement Class Members") shall submit:

(1)     proof that the Non-PII-Disclosed Settlement Class Member provided his or her PII to SPE;

(2)     proof that the PII provided to SPE was publicly disclosed as a result of the SPE Cyberattack;

(3)     documentation of the loss for which reimbursement is claimed;

(4)     a report filed with the police concerning the incident of identity theft/misuse giving rise to the Identity Theft/Misuse Claim;

(5)     proof that the loss more likely than not (a) resulted from a third party's unauthorized use of the PII that was provided to SPE and (b) was obtained by the third party as a result of the SPE Cyberattack; and

(6)     attestation that the Non-PII-Disclosed Settlement Class Member has sought and been denied reimbursement through the normal course, including, to the extent applicable, AllClear PRO insurance and normal reimbursement by financial institutions or merchants.

70.3    If the Settlement Class Member was not enrolled in AllClear PRO at the time of the loss for which she or he seeks reimbursement on an Identity Theft/Misuse Claim, but the loss would have been covered under the AllClear PRO insurance policy had the Settlement Class Member been enrolled, then the loss may not be claimed for reimbursement hereunder.  This requirement applies to all Identity Theft/Misuse Claims.

70.4    Identity Theft/Misuse Claims must be filed no later than December 31, 2017.  The Settlement Administrator shall commence rendering decisions on Identity Theft/Misuse Claims on or after the Effective Date; provided however that in no event shall the Settlement Administrator begin deciding Identity Theft/Misuse

15

Claims earlier than 60 days following Final Approval.  The Settlement
Administrator shall decide all Identity Theft/Misuse Claims submitted on or
before December 31, 2017 in the order in which they are received.  In the event
that the aggregate amount of Identity Theft/Misuse Claims determined by the
Settlement Administrator to be valid reaches $2,500,000, the Settlement
Administrator shall cease reviewing Identity Theft/Misuse Claims and shall post a
message on the Settlement Website informing Settlement Class Members that the
fund for Identity Theft/Misuse Claims has been exhausted.  In no event shall SPE
be required to pay in excess of $2,500,000 for Identity Theft/Misuse Claims.

70.5    The Settlement Administrator will evaluate each Identity Theft/Misuse Claim to
determine whether (1) the Identity Theft/Misuse Claim Form is complete and
accurate; (2) the Claimant signed the Identity Theft/Misuse Claim Form as
required; (3) the Claimant provided the information needed to evaluate the
Identity Theft/Misuse Claim Form; and (4) the Claimant has satisfied the
documentation and proof requirements applicable to his/her Identity Theft/Misuse
Claim, depending upon whether s/he is a PII-Disclosed Settlement Class Member
or a Non-PII-Disclosed Settlement Class Member.

70.6    Prior to deciding any Identity Theft/Misuse Claim, the Settlement Administrator
shall afford SPE an opportunity to review and comment on the Identity
Theft/Misuse Claim and provide such relevant information to the Settlement
Administrator as SPE may wish, with Class Counsel, in consultation with the
Claimant, then being afforded an opportunity to review and comment on the
Identity Theft/Misuse Claim in turn.  SPE's and Class Counsel's review,
comment, and provision of information pursuant to this Paragraph 70.6 shall be
reasonably prompt and shall not operate to unreasonably delay adjudication of the
Claimant's Identity Theft/Misuse Claim.  If the Settlement Administrator
determines that an Identity Theft/Misuse Claim is denied, the Settlement
Administrator shall provide notice to the Claimant, identifying the reason for the
denial, and the Claimant shall thereafter have 21 days after the notice is sent to
attempt to cure any deficiencies that are identified in the notice.  The decision of
the Settlement Administrator, consistent with the terms of this Agreement, shall
be final and binding on the Claimant and on SPE.  No decisions by the Settlement
Administrator shall be deemed to constitute a finding, admission, or waiver by
SPE as to any matter of fact, law, or evidence having any collateral effect on any
Claim hereunder or in any other proceeding or before any other forum or
authority.  Further, such decisions shall not be submitted to or admissible in any
other proceeding or before any other forum or authority.

70.7    The Settlement Administrator shall establish a settlement administration account
for payment of Identity Theft/Misuse Claims (the "Identity Theft/Misuse Claims
Settlement Administration Account"), which shall be funded by SPE as instructed
by the Settlement Administrator as claims are determined by the Settlement
Administrator to be valid and subject to payment.  The Settlement Administrator
will make payment with respect to valid Identity Theft/Misuse Claims using
amounts deposited by SPE into the Identity Theft/Misuse Claims Settlement

16

Administration Account.  Payment on any Identity Theft/Misuse Claim pursuant to any decision of the Settlement Administrator hereunder shall be made within 30 days of the Settlement Administrator's final determination of the Identity Theft/Misuse Claim.

70.8   The Identity Theft/Misuse Claims Settlement Administration Account at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l.  Any costs associated with the maintenance of the Identity Theft/Misuse Claims Settlement Administration Account shall be paid by SPE.

71.   ***Preventive Measures Claims.***  Any Settlement Class Member may submit a Preventive Measures Claim to the Settlement Administrator for reimbursement of actual, unreimbursed costs (including for time expended), for Preventive Measures taken as a result of the SPE Cyberattack, that were incurred before the date of the execution of this Agreement ("Preventive Measures Losses").  Representative costs are actual, unreimbursed costs incurred before the date of the execution of this Agreement for credit monitoring, freezing/unfreezing of credit, obtaining credit reports, and lost time.

71.1   Within ten business days after the Effective Date, SPE shall transfer to the Settlement Administrator the sum of $2,000,000 to be deposited into an account held by an FDIC-insured financial institution (the "Preventive Measures Claims Settlement Administration Fund").  Class Counsel and SPE shall agree on the FDIC-insured financial institution at which the account shall be established.

71.2   The Preventive Measures Claims Settlement Administration Fund at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l.  Any costs associated with the maintenance of the Preventive Measures Claims Settlement Administration Fund shall be paid by SPE.

71.3   The Preventive Measures Claims Settlement Administration Fund shall be used to fund the distribution of payments to Claimants whose Preventive Measures Claims the Settlement Administrator has finally approved, pursuant to the Plan of Allocation devised by Class Counsel and attached as Exhibit 5 to this Agreement. The Administration of the Preventive Measures Claims Settlement Administration Fund shall be as set forth in the Plan of Allocation.

71.4   Preventive Measures Claims must be submitted no later than 90 days after the Notice Deadline.  No payments shall be made on Preventive Measures Claims before the Effective Date.  No portion of the Preventive Measures Claims Settlement Administration Fund shall revert to SPE.

**XI.   Releases**

17

72.   As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and
      on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall
      automatically be deemed to have fully and irrevocably released and forever discharged
      SPE and each of its present and former parents, subsidiaries, divisions, affiliates,
      predecessors, successors, and assigns, and the present and former directors, officers,
      employees, agents, insurers, shareholders, attorneys, advisors, consultants,
      representatives, partners, joint venturers, independent contractors, wholesalers, resellers,
      distributors, retailers, predecessors, successors, and assigns of each of them (collectively,
      the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes
      of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies,
      whether known or unknown, existing or potential, suspected or unsuspected, liquidated or
      unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon,
      or relate to the SPE Cyberattack that were or could have been alleged in the Action,
      including, without limitation, any claims, actions, causes of action, demands, damages,
      penalties, losses, or remedies relating to, based upon, resulting from, or arising out of
      (1) the disclosure of Settlement Class Members' personal information; (2) SPE's
      maintenance of Settlement Class Members' personal information; (3) SPE's information
      security policies or practices; and (4) SPE's provision of notice to Settlement Class
      Members following the SPE Cyberattack (the "Released Claims").

73.   For the avoidance of doubt, the Released Claims include any claims that a Releasing
      Party may have under the law of any jurisdiction, including, without limitation, those
      arising under state or federal law of the United States (including, without limitation, any
      causes of action under the California Business & Professions Code § 17200 *et seq.*,
      California Civil Code § 1750 *et seq.*, California Civil Code § 1798.80 *et seq.*, and any
      similar statutes or data breach notification statutes in effect in the United States or in any
      states in the United States; California Labor Code §§ 2698 *et seq.* & 2800 *et seq.*, and any
      similar statutes in effect in the United States or in any states in the United States;
      California Civil Code § 56.10 *et seq.*, and any similar statutes in effect in the United
      States or in any states in the United States; causes of action under the common or civil
      laws of any state in the United States, including but not limited to: unjust enrichment,
      negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied
      contract, breach of fiduciary duty, breach of implied covenant of good faith and fair
      dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent
      concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and
      misappropriation of likeness and identity; any causes of action based on privacy rights
      provided for under the constitutions of the United States or of any states in the United
      States; and also including, but not limited to, any and all claims in any state or federal
      court of the United States, for damages, injunctive relief, restitution, disgorgement,
      declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest,
      credit monitoring services, identity theft insurance, the creation of a fund for future
      damages, statutory penalties, restitution, the appointment of a receiver, and any other
      form of relief).  The Released Claims do not include any claims arising from or relating
      to any conduct by SPE after the date the Agreement is executed.

74.   Upon the Effective Date, and to the fullest extent permitted by law, each Releasing Party,
      including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or

on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

75.    AS OF THE EFFECTIVE DATE, PLAINTIFFS AND EACH RELEASING PARTY SHALL FURTHER AUTOMATICALLY BE DEEMED TO HAVE WAIVED AND RELEASED ANY AND ALL PROVISIONS, RIGHTS, AND BENEFITS CONFERRED BY § 1542 OF THE CALIFORNIA CIVIL CODE OR SIMILAR LAWS OF ANY OTHER STATE OR JURISDICTION.  SECTION 1542 OF THE CALIFORNIA CIVIL CODE READS:  "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

76.    Plaintiffs and/or any Releasing Party may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of Paragraphs 72 and 73, or the law applicable to such claims may change.  Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Paragraph and Paragraphs 72 and 73.

77.    In addition to any other defenses SPE may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XII.    Attorneys' Fees, Costs, and Expenses, and Service Awards

78.    SPE agrees not to oppose Class Counsel's request for attorneys' fees, costs, and expenses of up to $3,490,000.  Any award of attorneys' fees, costs, and expenses shall be paid by SPE separate and apart from the cash payments described in Section X.

79.    Class Counsel will ask the Court to approve, and SPE will not oppose, service awards not to exceed $24,000 in total to compensate Plaintiffs and $10,000 in total to compensate Additional Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Awards").  Neither Class Counsel's application for, nor any individual's entitlement to, a Service Award shall be conditioned in any way upon such individual's support for this Agreement.

80.    Within ten business days of the Effective Date, SPE shall pay to Class Counsel all Court-approved attorneys' fees, costs, and expenses, and Service Awards, not to exceed

$3,524,000.  In the event that the award of attorneys' fees, costs, and expenses, or Service Awards, is reduced on appeal, SPE shall only pay the reduced amount of such award. Class Counsel shall timely furnish to SPE any required tax information or forms before the payment is made.

81.   The payment of attorneys' fees, costs, and expenses pursuant to Paragraph 78, and the payment of Service Awards pursuant to Paragraph 79, shall be made through a wired deposit by SPE into the attorney client trust account to be designated by Class Counsel. After the attorneys' fees, costs, and expenses have been deposited into this account, Class Counsel shall be solely responsible for allocating such attorneys' fees, costs, and expenses and distributing each participating firm's allocated share of such attorneys' fees, costs, and expenses to that firm and SPE shall have no responsibility for distribution of attorneys' fees, costs, or expenses among participating firms.  After the Service Awards have been deposited into the designated account, Class Counsel shall be solely responsible for allocating such Service Awards to the recipients designated by the Court, and SPE shall have no responsibility for such distribution.

82.   In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs, and expenses, or the payment of the Service Awards, in the amounts that Class Counsel requests, the remaining provisions of this Agreement shall remain in full force and effect.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, costs, and expenses or of the Service Awards shall constitute grounds for cancellation or termination of this Agreement.

83.   In no event shall SPE pay more than $3,524,000 for attorneys' fees, costs, and expenses, and Service Awards combined.

### XIII.   Dismissal With Prejudice of State-Court Actions

84.   The Parties agree that it is a necessary condition of this Agreement that, within ten business days after Final Approval, the plaintiffs in the State Court Actions shall move to have their actions dismissed with prejudice, and that the state court thereafter shall dismiss those actions with prejudice.  In the event the State Court Actions are not dismissed with prejudice, SPE may, at its sole discretion and notwithstanding any preliminary or final approval order entered by the Court, terminate this Agreement, rendering it null and void.  In such event, the effects of termination enumerated in Section XV shall apply.

### XIV.   Termination of Settlement

85.   This Settlement may be terminated by either Plaintiffs or SPE by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 14 days (or such longer time as may be agreed between Class Counsel and SPE) after any of the following occurrences:

   a.   Class Counsel and SPE agree to termination before the Effective Date;

b.   the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;

c.   an appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

d.   The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the Preliminary Approval Order, the proposed Final Approval Order (as described in Paragraph 67), or the Settlement; or

e.   the Effective Date does not occur.

86.   SPE also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days of its receipt from the Settlement Administrator of the final report specified in Paragraph 53, if more than 400 Settlement Class Members submit valid written notifications to exclude themselves from the Settlement Class.

## XV.   Effect of a Termination

87.   The grounds upon which this Agreement may be terminated are set forth in Paragraphs 84, 85, and 86.  In the event of a termination as provided therein, this Agreement shall be considered null and void; all of SPE's obligations under the Agreement shall cease to be of any force and effect; the amounts in the Preventive Measures Claims Settlement Administration Fund shall be returned to SPE in accordance with Paragraph 88; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and SPE's right to oppose class certification.

88.   In the event of a termination as provided in Paragraphs 84, 85, and/or 86, the Settlement Administrator shall return the balance of the Preventive Measures Claims Settlement Administration Fund to SPE within seven days of receiving notice of the termination.

89.   In the event the Settlement is terminated in accordance with the provisions of Paragraphs 84, 85, and/or 86, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

90.   The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions of Paragraph 84, 85, and/or 86.

## XVI.   No Admission of Liability

91.    SPE disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind.  SPE has agreed to enter into this Agreement solely to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

92.    Class Counsel and Plaintiffs believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action.  Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

93.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

94.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVII.   Miscellaneous Provisions

95.    Singular and Plurals.  As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

96.    Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

97.    Cooperation of Parties.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

98.    Obligation To Meet And Confer.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

99.   Integration.  This Agreement (along with any Exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

100.   No Conflict Intended.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

101.   Governing Law.  The Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

102.   Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

103.   Jurisdiction.  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.  As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

104.   Notices.  All notices to Class Counsel provided for herein, shall be sent by overnight mail to:

KELLER ROHRBACK L.L.P.
Gretchen Freeman Cappio
Cari Campen Laufenberg
Lynn Lincoln Sarko
1201 3rd Avenue, Suite 3200
Seattle, WA 98101-3052

GIRARD GIBBS LLP
Daniel C. Girard
601 California Street, 14th Floor
San Francisco, CA 94108

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Roger Heller
Michael W. Sobol

275 Battery Street, 29th Floor
San Francisco, CA 94111

All notices to SPE, provided for herein, shall be sent by overnight mail to:

Leah Weil
Senior Executive Vice President and General Counsel
SONY PICTURES ENTERTAINMENT INC.
10202 West Washington Blvd.
Culver City, CA 90232

William F. Lee
Felicia H. Ellsworth
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

Noah A. Levine
Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Christopher Casamassima
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

105.  <u>Modification and Amendment</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for SPE and Class Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

106.  <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

107.  <u>Authority</u>.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

108. <u>Agreement Mutually Prepared</u>.  Neither SPE nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

109. <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

110. <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Section XI, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

IN WITNESS THEREOF, SPE's counsel and Class Counsel cause this Agreement to be executed.

Dated: _October 19, 2015_

_Lynn Lincoln Sarko_ / with permission CEL

Lynn Lincoln Sarko
KELLER ROHRBACK L.L.P.
1201 3rd Avenue, Suite 3200
Seattle, WA 98101-3052
*Class Counsel, on behalf of Plaintiffs and the Settlement Class*

Dated: _October 19, 2015_

_Daniel C. Girard_ / with permission CEL

Daniel C. Girard
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
*Class Counsel, on behalf of Plaintiffs and the Settlement Class*

25

Dated: _10/19/15_

_Michael Sobol / RNH_

Michael W. Sobol
LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  78215
*Class Counsel, on behalf of Plaintiffs and the Settlement Class*


Dated: _____

_____

Noah A. Levine
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
*On behalf of Sony Pictures Entertainment Inc.*

Dated: _____        _____
                                  Michael W. Sobol
                                  LIEFF CABRASER HEIMANN &
                                      BERNSTEIN, LLP
                                  275 Battery Street, 29th Floor
                                  San Francisco, CA  78215
                                  *Class Counsel, on behalf of Plaintiffs and the*
                                  *Settlement Class*

Dated: __10/19/2015__            _____
                                  Noah A. Levine
                                  WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                  7 World Trade Center
                                  250 Greenwich Street
                                  New York, NY 10007
                                  *On behalf of Sony Pictures Entertainment Inc.*

26

# Exhibit 1

Matthew J. Preusch (SBN 298144)
mpreusch@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1129 State Street, Suite 8
Santa Barbara, CA 93101
T: (805) 456-1496
F: (805) 456-1497

Cari Campen Laufenberg, *admitted pro hac vice*
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
T: (206) 623-1900
F: (206) 623-3384

Daniel C. Girard (SBN 114826)           Michael W. Sobol (SBN 194857)
dcg@girardgibbs.com                     msobol@lchb.com
**GIRARD GIBBS LLP**                    **LIEFF CABRASER HEIMANN &**
601 California Street, 14th Floor        **BERNSTEIN, LLP**
San Francisco, CA 94108                 275 Battery Street, 29th Floor
T: (415) 981-4800                       San Francisco, CA 94111-3339
F: (415) 981-4846                       T: (415) 956-1000
                                        F: (415) 956-1008

*Interim Co-Lead Class Counsel*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CORONA, CHRISTINA MATHIS, et al., individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>SONY PICTURES ENTERTAINMENT, INC.,<br><br>          Defendant. | CASE NO. 2:14−CV−09600−RGK−E<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Hearing Date:  November 16, 2015<br>Time:          9:00 a.m.<br>Courtroom:   850<br>Judge:        Hon. R. Gary Klausner |

WHEREAS, Plaintiffs Michael Corona, Christina Mathis, Joshua Forster, Ella Carline Archibeque, Marcela Bailey, Michael Levine, Steven Shapiro, and Geoffrey Springer ("Plaintiffs") filed suit in the above-captioned matter on behalf of themselves and a proposed class of all current and former employees of Sony Pictures Entertainment Inc. ("SPE") whose personally identifiable information was compromised in the cyberattack on SPE in the fall of 2014 ("SPE Cyberattack");

WHEREAS, Plaintiffs and SPE entered into a Settlement Agreement and Release ("Settlement Agreement") on October 19, 2015, which is attached as Exhibit A to the Declaration of Cari Campen Laufenberg filed on October 19, 2015, and sets forth the terms and conditions of the proposed settlement and the dismissal of the Action[1] against SPE with prejudice;

WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23, certifying a Settlement Class for purposes of settlement, and approving notice to the Settlement Class as more fully described herein;

WHEREAS, SPE does not oppose this request;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval of Class Settlement, the supporting Declaration of Cari Campen Laufenberg, and found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

---

[1] Capitalized terms not defined herein are given the meaning assigned to them in the Settlement Agreement.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

## <u>Settlement Class Certification</u>

2.     The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met.  The Court preliminarily certifies the following class for purposes of the Settlement only:  (1) All current and former SPE corporate and production employees, and (2) those individuals who are not current or former SPE corporate or production employees but (a) whose PII SPE has determined was disclosed on the Internet as a result of the SPE Cyberattack; and (b) for whom SPE has contact information sufficient to provide direct notice pursuant to the terms of the Notice Program (the "Settlement Class").

3.     The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied for the Settlement Class in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court finds that pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, that Plaintiffs Michael Corona, Christina Mathis, Joshua Forster, Ella Carline Archibeque, Michael Levine, Marcela Bailey, Steven Shapiro, and Geoffrey Springer are adequate class representatives and appoints them to serve as representatives for the Settlement Class.

5.     The Court also finds that the law firms of Girard Gibbs LLP, Keller Rohrback L.L.P., and Lieff Cabraser Heimann & Bernstein, LLP have significant

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT

expertise and knowledge in prosecuting class actions involving data breach and other privacy issues, and have committed the necessary resources to represent the Settlement Class.  The Court, for purposes of settlement, appoints Girard Gibbs LLP, Keller Rohrback L.L.P., and Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

### Preliminary Approval of the Settlement

6.      The Court finds that the Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through discovery and motion practice, and whose negotiations were supervised by an experienced mediator.  The Court also finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation as well as settlements in other data breach cases, does not grant preferential treatment to the Plaintiffs and their counsel, and has no obvious deficiencies.

7.      The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

8.      The Court hereby stays this Action pending final approval of the Settlement, and enjoins pending final approval of the Settlement, any actions brought by Settlement Class Members concerning a Released Claim.

### Manner and Form of Notice

9.      The Court approves the Notice substantially in the form attached as Exhibits [2-4] to the Settlement Agreement.  The Court also finds that the proposed Notice Program, which includes first class mailing of the Mail Notice, publication

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT

of the Publication Notice, and posting of the Notice on the Settlement Website, will provide the best notice practicable under the circumstances.  The Notice is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the class action, the effect of the proposed Settlement (including the Released Claims contained therein), and any motion for attorneys' fees, costs, and expenses, and service awards, and of their right to submit a claim form and object to any aspect of the proposed Settlement; constitutes due, adequate and sufficient notice to Settlement Class Members; and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before it is mailed or published.

10.     The Court hereby appoints Garden City Group, LLC to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a Settlement Website and a toll-free number, administer the Claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator provided for in the Settlement Agreement.

11.     Within fifteen (15) business days of entry of this Order, SPE shall provide the Settlement Administrator with data files (collectively, the "Class List") that identify, subject to the availability of information in reasonably accessible electronic form, the names and last known mail addresses of the identifiable Settlement Class Members for the purpose of sending Mail Notice, at no expense to the Settlement Class or Class Counsel.  SPE shall take appropriate measures to ensure that the Class List is transferred to the Settlement Administrator in a secure manner, and the Settlement Administrator shall maintain the Class List in a secure manner.

12.     The Settlement Administrator shall provide notice of the Settlement and the Final Approval Hearing to Settlement Class Members as follows:

4

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

a.     After the Settlement Administrator receives the Class List from SPE, the Settlement Administrator shall run the mailing addresses included in the Class List through the National Change of Address Database, and shall mail the Mail Notice, by first-class mail, postage prepaid, to all such Settlement Class Members at the addresses as updated (the "Mail Notice Program").

b.     For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Mail Notice to the updated address indicated.  For any Mail Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses and re-mail the Mail Notice to the extent updated addresses are identified.  The Settlement Administrator need only make one attempt to re-mail any Mail Notices that are returned as undeliverable.

c.     The Mail Notice Program shall be completed by no later than 60 days after the entry of this Order (the "Notice Deadline"), excluding any re-mails for Mail Notices that are returned undeliverable.

d.     As soon as practicable following the entry of this Order, and no later than the commencement of the Notice Program, the Settlement Administrator shall establish the Settlement Website pursuant to the terms of the Settlement Agreement.  The Notice shall be posted on the Settlement Website on or before the Notice Deadline; and

e.     The Publication Notice shall be published pursuant to the terms of the Settlement Agreement, on or before the Notice Deadline.

13.    No later than seven (7) calendar days after the Notice Deadline, the Settlement Administrator shall provide Class Counsel and SPE with one or more affidavits confirming that the Mail Notice Program, Publication Notice, and posting of Notice on the Settlement Website were completed in accordance with

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  this Order.  Class Counsel shall file such affidavit(s) with the Court as an exhibit to
2  or in conjunction with Plaintiffs' motion for final approval of the Settlement.

3      14.     Within forty-five (45) days of the entry of this Order, SPE shall
4  provide the Settlement Administrator with a list of Settlement Class Members as to
5  whom, based on information currently available, and after conducting a reasonable
6  inquiry, SPE believes their PII was disclosed on the Internet as a result of the SPE
7  Cyberattack.

8              **The Final Approval Hearing**

9      15.     The Court will hold a Final Approval Hearing on _____,
10 2015 [no sooner than one hundred twenty (120) days after entry of this Order], at
11 _____, in the United States District Court for the Central District of
12 California, Edward R. Roybal Federal Building and United States Courthouse, 255
13 East Temple Street, Los Angeles, CA 90012, Courtroom 850, for the following
14 purpose: (i) to finally determine whether the Settlement Class satisfies the
15 applicable requirements for class action treatment under Rules 23(a) and 23(b)(3);
16 (ii) to determine whether the Settlement should be approved as fair, reasonable,
17 and adequate and in the best interests of the Settlement Class; (iii) to rule upon
18 Class Counsel's application for an award of attorneys' fees, costs, and expenses;
19 (iv) to rule upon Class Counsel's application for Service Awards to Plaintiffs and
20 Additional Plaintiffs; and (v) to consider any other matters that may properly be
21 brought before the Court in connection with the Settlement.

22     16.     The Court reserves the right to (a) adjourn or continue the Final
23 Approval Hearing without further notice to Settlement Class Members and
24 (b) approve the Settlement Agreement with modification and without further notice
25 to Settlement Class Members.  The parties retain their rights under the Settlement
26 Agreement to terminate the Settlement if the Court rejects, materially modifies,
27 materially amends or changes, or declines to finally approve the Settlement.
28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT

17.     Class Counsel's application for an award of attorneys' fees, expenses, and costs, and Class Counsel's application for Service Awards, will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any orders relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, or Class Counsel's application for Service Awards, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the judgment approving the Settlement and Agreement.

18.     If the Settlement is approved, all Settlement Class Members who do not exclude themselves will be bound by the proposed Settlement provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members.  All Settlement Class Members who do not exclude themselves shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

19.     Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and Service Awards shall be filed no later than twenty-one (21) calendar days prior to the Objection Deadline.  Papers in opposition shall be filed in accordance with paragraph 21 below.  Reply papers shall be filed no later than fourteen (14) calendar days prior to the Final Approval Hearing.

**Objections and Appearance at the Final Approval Hearing**

20.     Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees, costs, and expenses or to Class Counsel's application for Service Awards.  No Settlement Class

7

Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees, costs, and expenses, or for Service Awards, unless that Settlement Class Member or person (i) filed objections with the Clerk of the United States District Court for the Central District of California, electronically or by first-class mail, no later than forty-five (45) calendar days after the Notice Deadline; and (ii) has served written objections, by first-class mail, including the basis for the objection(s), as well as copies of any papers and briefs in support of his or her position upon each of the following no later than forty-five (45) calendar days after the Notice Deadline:  Clerk of the Court, Class Counsel, and SPE's Counsel, as set forth in the Notice.

21.    For an objection to be considered by the Court, the objection must set forth: (a) the name of this Action; (b) the objector's full name, address, email address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, Class Counsel's fee application, or the application for Service Awards; (f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (i) the objector's signature, even if represented by counsel.

22.    Any Settlement Class Member who does not make his or her objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses or for Service Awards.  By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

23.    Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice.  If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

**Exclusion from the Settlement Class**

24.    Any requests for exclusion must be postmarked no later than forty-five (45) calendar days after the Notice Deadline ("Opt-Out Deadline").  Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must notify the Settlement Administrator in writing of the intent to exclude himself or herself from the Settlement Class, postmarked no later than the Opt-Out Deadline.  The written notification must include the individual's (i) name, (ii) address, (iii) a statement that the person wishes to be excluded from the Settlement in this Action, and (iv) signature.  All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the forms of relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any orders of the Court, or any final judgment.

25.    Any person who would otherwise be a member of the Settlement Class and who does not notify the Settlement Administrator of his/her intent to exclude himself or herself from the Settlement Class in the manner stated in this Order shall be deemed to have waived his or her right to be excluded from the

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including but not limited to, the release of the Released Claims against the Released Parties provided for in the Settlement Agreement and the judgment, if the Court approves the Settlement.

26.     The Settlement Administrator shall provide weekly reports to Class Counsel and SPE that summarize the number of opt-out notifications received that week.  The Settlement Administrator shall also provide a final report to Class Counsel and SPE, no later than ten (10) calendar days after the Opt-Out Deadline, that summarize the number of opt-out notifications received to date, and other pertinent information.

27.     Class Counsel shall move to file copies of all completed opt-out notifications under seal with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

## Termination of the Settlement

28.     If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

## The Use of this Order

29.     As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT

other Court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of SPE to the Class Representatives, the Settlement Class or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or lack of damages suffered by the class representatives, the Settlement Class or anyone else, or (v) that any benefits obtained by the Settlement Class pursuant to the Agreement or any other amount represents the amount that could or would have been recovered in this Action against SPE if it was not settled at this point in time.  The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Settlement Agreement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

     30.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATE: _____    _____
                                       THE HONORABLE R. GARY KLAUSNER
                                       UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

# Exhibit 2

**You May Be Eligible for Benefits under a Class Settlement Related to**
**the Sony Pictures Entertainment Cyberattack**

**For more information, visit www._____.com or call 1-800-XXX-XXXX**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A Settlement has been proposed in a lawsuit against Sony Pictures Entertainment Inc. ("*Corona v. SPE*") relating to the cyberattack on SPE in the fall of 2014 (the "SPE Cyberattack"). If you are a current or former SPE corporate or production employee, you are a class member. If you are not a current or former SPE corporate or production employee but you are receiving this notice about this Settlement by mail, SPE has identified you as someone whose Personally Identifiable Information was disclosed on the Internet as a result of the SPE Cyberattack, and you are a class member.

**What benefits does the Settlement provide?**

**AllClear ID Protection Services for Free**

SPE will provide class members with certain identity protection services, free of charge, through AllClear ID ("AllClear").

• AllClear PRO: class members can enroll in AllClear PRO, free of charge, for coverage through December 31, 2017.

Enroll at https://spe.allclearid.com or by calling AllClear at 1-888-XXX-XXXX. The deadline to enroll for free is [DATE]. If you already enrolled in the AllClear PRO coverage offered by SPE following the SPE Cyberattack, your coverage will be automatically extended, free of charge, through December 31, 2017. Failure to enroll in AllClear PRO may affect your eligibility to make an Identity Theft/Misuse Claim. If you are not sure whether you are already enrolled, please contact AllClear.

• AllClear Secure: class members will also be provided with coverage under AllClear Secure, free of charge, through December 31, 2017. Please note that AllClear PRO provides benefits and services (including credit monitoring and a $1 million identity protection insurance policy) that are not part of AllClear Secure. You must enroll in AllClear PRO if you want to get those benefits and services.

**Cash Payments for Valid Claims**

Eligible class members can file claims for payments. To file a claim, visit www._____.com. There are two types of claims:

• You can file a <u>Preventive Measures Claim</u> by no later than **[DATE XX, 201X]** if you have incurred actual costs, or spent time, before October 19, 2015, taking measures to avoid Identity Theft/Misuse resulting from the SPE Cyberattack (for example, if you bought credit monitoring services, froze your credit, or obtained credit reports because of the SPE Cyberattack), for which you have not already been reimbursed. Valid claims will be paid from a $2 million preventive measures fund.

• You can file an <u>Identity Theft/Misuse Claim</u> by no later than **December 31, 2017,** if you have suffered, or do suffer, actual, unreimbursed losses from Identity Theft/Misuse as a direct result of the SPE Cyberattack. Valid claims will be paid as claims are validated and approved, up to an aggregate maximum of $2.5 million.

• For more information, including eligibility and documentation requirements, visit www._____.com

**How can I get these benefits?**

To enroll in AllClear PRO for free, visit https://spe.allclearid.com or call AllClear ID at 1-8XX-XXX-XXXX. To file a claim for payment, submit a claim form online at www._____.com, or you can submit a claim form by mail. Visit www._____.com for more information, including eligibility and documentation requirements.

**What are my rights?**

If you do nothing, you will be bound by the Settlement. If you want to keep the right to sue SPE yourself, you must exclude yourself from the Settlement by [**DATE XX, 201X**]**.** If you stay in the Settlement, you may object to the Settlement or Class Counsel's fee application. The deadline to object is **[DATE XX, 201X].** The Court will hold a hearing in this case on **[DATE XX, 201X]** at **[TIME]** to consider whether to approve (1) the Settlement and (2) attorneys' fees, costs, and expenses, and service awards for the plaintiffs in this case and others who filed cases against SPE relating to the SPE Cyberattack. You may appear at the hearing, but you don't have to. You will be represented by Class Counsel or you may hire your own attorney at your expense. For a detailed notice with more information about the Settlement, including how to exclude yourself or object, or to see Class Counsel's fee application when it is filed, go to www._____.com or call toll free 1-800-XXX-XXXX.

**For more information, visit www._____.com or call 1-800-XXX-XXXX**

Exhibit 3

# You May Be Eligible for Benefits Under a Settlement Related to the Sony Pictures Entertainment Cyberattack Class Action

*A federal court authorized this notice.*
*This is not a solicitation.*

A Settlement has been proposed in a lawsuit against Sony Pictures Entertainment Inc. ("SPE") relating to the cyberattack on SPE in the fall of 2014 (the "SPE Cyberattack").

### Who is included in the Settlement?

If you are a current or former SPE corporate or production employee, you are a class member. If you are not a current or former SPE corporate or production employee but you received direct notice about this Settlement by mail, you are a class member.

### What does the Settlement Provide?

SPE will provide class members with identity protection services through AllClear ID, at no cost to them. Class members will be covered under AllClear Secure through December 31, 2017. Class members already enrolled in the AllClear PRO coverage offered by SPE will have their existing coverage extended through December 31, 2017. Class members not already enrolled in AllClear PRO may enroll in AllClear PRO for coverage extending through December 31, 2017. Failure to enroll in AllClear PRO may affect class members' eligibility to make an Identity Theft/Misuse Claim. Enrollment in AllClear PRO must be completed by [DATE].

Subject to certain required showings, the Settlement provides for reimbursement of: (1) actual, unreimbursed losses resulting from Identity Theft/Misuse as a direct result of the SPE Cyberattack (claim deadline December 31, 2017) and/or (2) actual, unreimbursed costs (including for time expended) incurred before October 19, 2015 for measures taken to avoid Identity Theft/Misuse resulting from the SPE Cyberattack (claim deadline DATE XX, 201X). See the Settlement Agreement and the claim forms for more information.

### How can I access benefits under the Settlement?

To enroll in AllClear PRO, go to https://spe.allclearid.com or call AllClear ID at 1-888-XXX-XXXX. To file a claim for payment, submit a claim form and the required documentation before the deadline noted above. Please visit www._____.com for more information.

### What are my rights?

If you do nothing, you will be bound by the Settlement. If you want the right to sue SPE yourself, you must exclude yourself from the Settlement by [DATE]. If you stay in the Settlement, you may object to the Settlement or Class Counsel's fee application. The deadline to object is [DATE]. The Court will hold a hearing in this case on [DATE] at [TIME] to consider whether to approve (1) the Settlement and (2) attorneys' fees, expenses, and costs, and service awards. You may appear at the hearing, but you don't have to. You will be represented by Class Counsel or you may hire your own attorney at your expense.

For more information about the Settlement, the claims process, information about how to exclude yourself or object, or to review Class Counsel's fee application when it is filed, go to www._____.com or call toll free 1- 800-XXX-XXXX.

Exhibit 4

# You May Be Eligible for Benefits Under a
# Class Settlement Related to the SPE Cyberattack

**For more information, visit** www._____.com **or call 1-8XX-XXX-XXXX.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A Settlement has been proposed in a lawsuit against Sony Pictures Entertainment Inc. ("SPE") relating to the cyberattack on SPE in the fall of 2014 (the "SPE Cyberattack").  If you are a current or former SPE corporate or production employee you are a "Settlement Class Member."  If you are not a current or former SPE corporate or production employee but you received direct notice about this Settlement by mail, SPE has identified you as someone whose Personally Identifiable Information was disclosed on the Internet as a result of the SPE Cyberattack, and you are a "Settlement Class Member."

- The Settlement provides for reimbursement of certain losses Settlement Class Members may have suffered as a result of the SPE Cyberattack.  To be eligible for that reimbursement, you must <u>file a claim</u> and meet certain other requirements.  You can file a claim online at www._____.com or by mail.  There are two types of claims you can file:

  (1)  <u>Preventive Measures Claim</u>:  If you incurred actual costs, or spent time, between November 24, 2014 and October 19, 2015, taking measures to avoid Identity Theft/Misuse[1] resulting from the SPE Cyberattack, and you have not already been reimbursed, you can file a Preventive Measures Claim.  **The deadline to file a Preventive Measures Claim is [DATE].**

  (2)  <u>Identity Theft/Misuse Claim</u>:  If you have suffered, or do suffer, actual, unreimbursed losses from Identity Theft/Misuse as a direct result of the SPE Cyberattack, you can file an Identity Theft/Misuse Claim.  **The deadline to file an Identity Theft/Misuse Claim is December 31, 2017.**

- As part of the Settlement, SPE will also provide Settlement Class Members with certain identity protection services, free of charge, through AllClear ID ("AllClear").

  (1)  <u>All Clear PRO</u>:  Settlement Class Members can enroll in All Clear PRO, free of charge, for coverage through December 31, 2017.  Enroll at https://spe.allclearid.com/ or by calling 1-888-XXX-XXXX.  **The deadline to enroll is [DATE]**.  If you already enrolled in the AllClear PRO coverage

---

[1]	Capitalized terms that are not defined in this notice have the meaning given to them in the Settlement Agreement.  Identity Theft/Misuse is defined in the settlement agreement as someone assuming, without permission, your identity and taking out a line of credit, establishing a new financial account, or taking similar actions for the purpose of fraudulently obtaining monies or other things of value in your name. The settlement agreement is available at www._____.com.

offered by SPE following the SPE Cyberattack, your coverage will be automatically extended through December 31, 2017.

(2)     <u>All Clear Secure</u>:  Settlement Class Members will also be provided with coverage under AllClear Secure, free of charge, through December 31, 2017.  Please note that the AllClear PRO service provides benefits and services that are not part of AllClear Secure.  You must enroll in AllClear PRO if you wish to receive those benefits and services.

Your legal rights are affected whether or not you respond.  ***Please read this notice carefully.***

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | This is the only way to receive a payment for a Preventive Measures Claim or an Identity Theft/Misuse Claim.<br><br>The deadline to file a <u>Preventive Measures Claim</u> is **[DATE].**  (See Question 8)<br><br>The deadline to file an <u>Identity Theft/Misuse Claim</u> is **December 31, 2017.**  (See Question 9) |
| **DO NOTHING** | If you do nothing, you will not be eligible to receive any payment for a Preventive Measures Claim or Identity Theft/Misuse Claim, and you will give up your rights to sue SPE about the legal claims in this lawsuit.  If you do nothing, you will get AllClear Secure coverage but you will not get AllClear PRO coverage unless you affirmatively enroll or unless you previously enrolled in the AllClear PRO coverage offered by SPE following the SPE Cyberattack.  (See Question 25)  To enroll in AllClear PRO, free of charge, visit https://spe.allclearid.com/ or call 1-888-XXX-XXXX. |
| **ASK TO BE EXCLUDED** | If you exclude yourself from the Settlement, you will get no benefits.  Your AllClear Secure coverage will not be extended to December 31, 2017.  You will not be eligible for free enrollment in AllClear PRO and you will not be eligible to submit a claim for payment.  This is the only option that may allow you to sue SPE with respect to the issues in this lawsuit.  The postmark deadline to exclude yourself is **[DATE].**  (See Question 14) |
| **OBJECT OR COMMENT** | You may remain part of the class and write to the Court about why you like or don't like the Settlement.  The postmark deadline to send an objection or comment is **[DATE]** (See Question 20) |
| **GO TO A HEARING** | You may remain part of the class and ask to speak in Court about the fairness of the Settlement.  (See Question 24) |

- **Your rights and options — and the deadlines to exercise them — are explained in this notice.**

- The Court still must decide whether to approve the Settlement.  No payments will be made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

# TABLE OF CONTENTS

1.   Why is there a notice?.................................................................................................4

2.   What is this lawsuit about? ........................................................................................4

3.   Why is this a class action? ........................................................................................4

4.   Why is there a settlement? ........................................................................................4

5.   How do I know if I am part of the Settlement?.........................................................5

6.   What benefits does the Settlement provide?.............................................................5

7.   What benefits do AllClear Secure and AllClear PRO provide? ...............................6

8.   Who is eligible for a payment for a Preventive Measures Claim? ...........................6

9.   Who is eligible for a payment for an Identity Theft/Misuse Claim? ........................6

10.  How do I enroll in AllClear PRO for free? ..............................................................7

11.  How do I file a claim for a payment?........................................................................7

12.  When will I receive my payment?.............................................................................7

13.  What am I giving up to stay in the Settlement Class?...............................................7

14.  How do I exclude myself from the Settlement?........................................................8

15.  If I do not exclude myself, can I sue SPE for the same thing later? ........................8

16.  If I exclude myself, can I still get a payment? .........................................................8

17.  If I exclude myself, will I still receive AllClear coverage through December 31, 2017?.......................8

18.  Do I have a lawyer in the case?.................................................................................8

19.  How will the lawyers be paid? ..................................................................................9

20.  How do I tell the Court that I like or don't like the Settlement?...............................9

21.  What is the difference between objecting and excluding myself? ..........................10

22.  When and where will the Court decide whether to approve the Settlement? .........10

23.  Do I have to come to the hearing?...........................................................................10

24.  May I speak at the hearing?.....................................................................................10

25.  What happens if I do nothing? .................................................................................11

26.  How do I get more information? ..............................................................................11

**QUESTIONS?  VISIT WWW._____.COM OR CALL 1-8XX-XXX-XXXX.**

## BASIC INFORMATION

| 1. | Why is there a notice? |
|---|---|

A Court authorized this notice because you have a right to know about a proposed Settlement in a lawsuit against SPE and about all of your options before the Court decides whether to give final approval to the Settlement. This notice explains the nature of the lawsuit, the general terms of the proposed Settlement (including the benefits available), and your legal rights and obligations.

The lawsuit was brought on behalf of current and former SPE employees whose personally identifiable information was compromised as a result of the SPE Cyberattack. Judge R. Gary Klausner of the United States District Court for the Central District of California is overseeing this lawsuit, which is known as *Corona v. Sony Pictures Entertainment Inc.*, No. 2:14-cv-09600-RGK-E (C.D. Cal.). The people who sued are called the "Plaintiffs." SPE is the "Defendant."

| 2. | What is this lawsuit about? |
|---|---|

In the fall of 2014, SPE was the victim of an unprecedented cyberattack. Following the cyberattack, the perpetrators released stolen SPE data on the Internet, some of which contained personally identifiable information concerning current and former SPE employees and certain other individuals. Plaintiffs claim that SPE did not adequately protect their personal information and that they were injured as a result of the SPE Cyberattack. SPE denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that the law has been violated. The complaint filed in this lawsuit, and SPE's answer to the complaint, are available at www._____.com.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. The Plaintiffs (the class representatives here), together with the people they represent, are called Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those people who exclude themselves from the Settlement Class.

| 4. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Plaintiffs or SPE. Instead, both sides agreed to a settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the Settlement Class. The class representatives and the attorneys for the Settlement Class ("Class Counsel," *see* Question 18) think the Settlement is in the best interests of the Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

QUESTIONS? VISIT WWW._____.COM OR CALL 1-8XX-XXX-XXXX.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

You are a member of the Settlement Class, and therefore part of this Settlement, if:

- You are a current or former SPE corporate or production employee; or

- You are not a current or former SPE corporate or production employee but you received direct notice about this Settlement by mail because SPE has identified you as someone whose Personally Identifiable Information was disclosed on the Internet as a result of the SPE Cyberattack.

## THE SETTLEMENT BENEFITS

| 6. | What benefits does the Settlement provide? |
|---|---|

### AllClear Protection Services for Free

*First*, SPE will provide Settlement Class Members with certain identity protection services, free of charge, through AllClear. These services are called AllClear Secure and AllClear PRO. The benefits of these services are described at Question 7. AllClear PRO provides more benefits and services than AllClear Secure. Unless you already enrolled in the AllClear PRO coverage offered by SPE following the SPE Cyberattack, you need to affirmatively enroll in AllClear PRO to receive those extra benefits and services. See Question 10 for more details.

- AllClear Secure: Settlement Class Members will have their existing coverage under AllClear Secure automatically extended through December 31, 2017, at no cost to them. To the extent any Settlement Class Members are not already covered by AllClear Secure in connection with the SPE Cyberattack, they will automatically have AllClear Secure coverage provided to them, at no cost to them, through December 31, 2017.

- AllClear PRO: AllClear PRO provides additional benefits and services that are only available if you enroll. Settlement Class Members can enroll in All Clear PRO, free of charge, for coverage through December 31, 2017. For information about how to enroll, see Question 10. Failure to enroll in AllClear PRO may affect your eligibility to make an Identity Theft/Misuse Claim. If you already enrolled in the AllClear PRO coverage offered by SPE following the SPE Cyberattack, your coverage will be automatically extended, free of charge, through December 31, 2017.

### Cash Payments for Valid Claims

*Second*, SPE will reimburse certain losses Settlement Class Members may have suffered because of the SPE Cyberattack. To be eligible for that reimbursement, you must file a claim and meet certain other requirements. There are two types of claims:

(1) Preventive Measures Claim: If you incurred actual costs, or spent time, before October 19, 2015, taking measures to avoid Identity Theft/Misuse resulting from the SPE Cyberattack and you have not already been reimbursed, you can file a Preventive Measures Claim. SPE will deposit $2 million into a fund to distribute to Settlement Class Members with valid Preventive

QUESTIONS? VISIT WWW._____.COM OR CALL 1-8XX-XXX-XXXX.

5

Measures Claims.  See Question 8 for further details, including about how to submit a Preventive Measures Claim and eligibility requirements.

(2) Identity Theft/Misuse Claim:  If you have suffered, or do suffer, actual, unreimbursed losses from Identity Theft/Misuse as a direct result of the SPE Cyberattack, you can file an Identity Theft/Misuse Claim.  SPE will make payments up to an aggregate maximum of $2.5 million for all valid Identity Theft/Misuse Claims.  See Question 9 for further details, including about how to submit an Identity Theft/Misuse Claim and eligibility requirements.

**Only valid claims will be paid.**

| **7.** | **What benefits do AllClear Secure and AllClear PRO provide?** |
|---|---|

The AllClear Secure service is designed to help recover any financial losses and restore identities.  Settlement Class Members will have access to an SPE-specific hotline maintained by AllClear ([PHONE NUMBER]) where they can speak to specialized fraud investigators, who will provide any appropriate remediation services at no cost, including contacting creditors and other involved parties to address and resolve issues such as unauthorized credit card charges and bank fees.

The AllClear PRO service provides the same services as AllClear Secure, and in addition also provides identity theft monitoring, including fraud detection, credit monitoring, alerts by phone, lost wallet protection, detection and restoration services for identity theft associated with an enrollee's child, and identity theft insurance coverage of $1 million.

More information about the AllClear Secure and AllClear PRO services is available at www**Error! Hyperlink reference not valid.**.allclearid.com.

| **8.** | **Who is eligible for a payment for a Preventive Measures Claim?** |
|---|---|

If you incurred actual costs, or spent time, taking measures to avoid Identity Theft/Misuse resulting from the SPE Cyberattack between November 24, 2014 and October 19, 2015 (for example, by purchasing credit monitoring services, obtaining credit reports, or placing credit freezes), and you have not already been reimbursed, then you are eligible for a payment if you file a valid Preventive Measures Claim Form by **[DATE]**.  (See Question 11)

The Settlement Administrator will review and confirm your eligibility for a payment and will calculate payment amounts.  If you submit valid documentation supporting the out-of-pocket expenses that you are claiming, your payment will be based on the expenses for which you submit valid documentation, up to a maximum of $1,000 per claimant, but may be reduced depending on the number of valid claims submitted by the class.  If you are only claiming lost time or do not submit documentation of the out-of-pocket expenses you incurred, you will be limited to a fixed payment amount that will depend on the number of valid claims submitted by the class.  Further information can be found in the Settlement Agreement and Plan of Allocation for Preventive Measures Funds, available at www._____.com.

| **9.** | **Who is eligible for a payment for an Identity Theft/Misuse Claim?** |
|---|---|

If you have suffered, or do suffer, actual, unreimbursed losses from Identity Theft/Misuse as a direct result of the SPE Cyberattack, you may be eligible for reimbursement for actual losses of up to $10,000 per claimant if

you file a valid Identity Theft/Misuse Claim by **December 31, 2017.**  SPE will make payments as claims are approved, up to an aggregate maximum of $2.5 million across all valid Identity Theft/Misuse Claims.  The Settlement Administrator will review and confirm your eligibility for a payment and will determine payment amounts.  Please note that failure to enroll in AllClear PRO may affect your eligibility to make an Identity Theft/Misuse Claim.  For further information about the eligibility requirements, the documentation required, and the claim process, see the Settlement Agreement and the Identity Theft/Misuse Claim Form, available at www._____.com.

## HOW TO GET BENEFITS

| 10. | How do I enroll in AllClear PRO for free? |
|-----|-------------------------------------------|

Enroll in AllClear PRO, for coverage through December 31, 2017, by visiting https://spe.allclearid.com or calling 1-888-XXX-XXXX.  Enrollment is free for Settlement Class Members.  The deadline to enroll is [DATE].  If you already enrolled in the AllClear PRO coverage offered by SPE following the SPE Cyberattack, your coverage will be automatically extended through December 31, 2017 at no charge to you.  If you are unsure about whether you already enrolled in AllClear PRO, contact AllClear.

| 11. | How do I file a claim for a payment? |
|-----|--------------------------------------|

To file a claim for a payment, you need to file a claim form.  There are two options for filing claims:

(1) File Online.  File a claim form online at www._____.com; or

(2) File by Mail:  Download a hard copy of the claim form (available at www._____.com) or ask the Settlement Administrator to mail a claim form to you by calling [ADMIN PHONE NUMBER], fill it out, and mail it (including postage) to:  [ADDRESS].

The deadline to file a Preventive Measures Claim is **[DATE]** (postmark deadline for mailed claims).

The deadline to file an Identity Theft/Misuse Claim is **December 31, 2017** (postmark deadline for mailed claims).

| 12. | When will I receive my payment? |
|-----|----------------------------------|

If you file a timely and valid claim form, the Settlement Administrator will evaluate your claim to confirm your eligibility and calculate your payment amount.  Payments for valid claims will not be made until after the Settlement is finally approved and all appeals and other reviews have been exhausted.

| 13. | What am I giving up to stay in the Settlement Class? |
|-----|------------------------------------------------------|

Unless you exclude yourself from the Settlement, you cannot sue SPE or be part of any other lawsuit against SPE about the issues in this lawsuit.  Unless you exclude yourself, all of the decisions by the Court will bind you.  The specific claims you are giving up are described in Section XI of the Settlement Agreement.  You will be releasing your claims against SPE and all related people as described in Section XI of the Settlement Agreement.  The Settlement Agreement is available at www. _____.com.

QUESTIONS?  VISIT WWW._____.COM OR CALL 1-8XX-XXX-XXXX.

The Settlement Agreement describes the released claims with specific descriptions, so please read it carefully.  If you have any questions about what this means, you can talk to Class Counsel, or you can talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue SPE based on claims this Settlement resolves, you must take steps to exclude yourself from the Settlement Class (sometimes called "opting out").

| 14. | How do I exclude myself from the Settlement? |
|-----|-----------------------------------------------|

To exclude yourself from the Settlement, you must send a letter by U.S. Mail saying that you wish to do so.  Your exclusion letter must include:

- The name of this lawsuit (*Corona v. Sony Pictures Entertainment Inc.* or similar identifying words);
- Your full name and mailing address;
- The words "Notification of Exclusion" or a statement that you want to be excluded from the Settlement; and
- Your signature.

You must mail your exclusion letter, postmarked no later than **[DATE],** to:

Sony Pictures Entertainment Settlement
P.O. Box XXXX
City, State Zip

You cannot exclude yourself by telephone or by email.  You cannot exclude yourself by mailing a notification to any other location or after the deadline of [DATE].  Your exclusion letter must be signed by you, personally, and not your lawyer or anyone else acting on your behalf.

| 15. | If I do not exclude myself, can I sue SPE for the same thing later? |
|-----|---------------------------------------------------------------------|

No.  Unless you exclude yourself, you give up the right to sue SPE for the claims that this Settlement resolves.

| 16. | If I exclude myself, can I still get a payment? |
|-----|-------------------------------------------------|

No.  You will not get a payment if you exclude yourself from the Settlement.

| 17. | If I exclude myself, will I still receive AllClear coverage through December 31, 2017? |
|-----|----------------------------------------------------------------------------------------|

No.  Your coverage under AllClear will not be extended if you exclude yourself from the Settlement, and you will not be eligible to enroll in AllClear PRO free of charge.

## THE LAWYERS REPRESENTING YOU

| 18. | Do I have a lawyer in the case? |
|-----|----------------------------------|

QUESTIONS?  VISIT WWW._____.COM OR CALL 1-8XX-XXX-XXXX.

Yes.  The Court appointed the law firms of Keller Rohrback L.L.P., Girard Gibbs LLP, and Lieff Cabraser Heimann & Bernstein, LLP to represent you and other Settlement Class Members.  These firms are called "Class Counsel."  You will not be charged by these lawyers for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 19. | **How will the lawyers be paid?** |
|-----|-----------------------------------|

Class Counsel, who have not received payment for their services since the inception of this litigation, will ask the Court to award attorneys' fees and reimbursement of costs and expenses in the amount of $3,490,000.  The Court will decide the amount of attorneys' fees, costs, and expenses to award.  Any attorneys' fees, costs, and expenses awarded will be paid by SPE and will not reduce the benefits provided to you or the other Settlement Class Members under the proposed Settlement.  A portion of the attorneys' fees, costs, and expenses that are awarded may be paid to the lawyers who represented plaintiffs in four related cases about the SPE Cyberattack that were filed in California state court.

Class Counsel will ask the Court to approve, and SPE will not oppose, service awards not to exceed $24,000 in total to compensate the class representatives and $10,000 in total to compensate certain other individuals who also filed suit against SPE in connection with the SPE Cyberattack, for their efforts in the litigation and commitment on behalf of the Settlement Class.  The Court will decide the service awards to be awarded.  Any service awards that are awarded will be paid by SPE, and will not reduce the benefits provided to you or the other Settlement Class Members under the proposed Settlement.  Class Counsel will file their application for attorneys' fees, costs, and expenses, and service awards on or before [**DATE**].  This application will be available on the Settlement Website after it is filed, or you can request a copy by contacting the Settlement Administrator.

## OBJECTING TO OR COMMENTING ON THE SETTLEMENT

| 20. | **How do I tell the Court that I like or don't like the Settlement?** |
|-----|------------------------------------------------------------------------|

If you are a Settlement Class Member, you can object to or comment on the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses, and/or the request for service awards.  To object, you must send a letter that states that you object and includes the following:

a.   The name of this lawsuit (*Corona v. Sony Pictures Entertainment Inc.* or similar identifying words);

b.   Your full name, mailing address, email address, and telephone number;

c.   An explanation of why you think you are a Settlement Class Member;

d.   All grounds for your objection, accompanied by any legal support;

e.   Whether you are represented by counsel, including any former or current counsel who may be entitled to compensation for any reason related to your objection, and if so the identity of that counsel;

f.    Whether any counsel will appear on your behalf at the Final Approval Hearing, and if so the identity of that counsel;

QUESTIONS?  VISIT WWW._____.COM OR CALL 1-8XX-XXX-XXXX.

9

g.    The identity of any persons who will be called to testify at the Final Approval Hearing in support of your objection;

h.    Whether you intend to personally appear and/or testify at the Final Approval Hearing; and

i.    Your signature (an attorney's signature is not sufficient).

To be considered by the Court, your objection must be mailed, postmarked no later than [**DATE**], to the following three recipients at the following addresses:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|-------|---------------|-----------------|
| Clerk of the Court<br>USDC, Central District of CA<br>Edward R. Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012-3332 | Daniel C. Girard<br>Girard Gibbs LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94108 | Noah Levine<br>WilmerHale LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007 |

## 21.    What is the difference between objecting and excluding myself?

You object to the Settlement when you wish to remain a Settlement Class Member and be subject to the Settlement, but disagree with some aspect of the Settlement.  An objection allows your views to be heard in Court.

Excluding yourself from the Settlement Class means that you are no longer a Settlement Class Member and don't want the Settlement to apply to you.  Once you are excluded, you lose any right to receive any benefits from the Settlement or to object to any aspect of the Settlement because the case no longer affects you.

## FINAL APPROVAL HEARING

## 22.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at [**TIME**] on [**DATE**], in the Courtroom of Judge R. Gary Klausner of the United States District Court for the Central District of California, located at Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.  This hearing date and time may be changed, so please check www. _____.com for notice of any changes.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who appear at the hearing and who have provided notice of their intent to appear at the hearing (*see* Question 24).  The Court may also consider Class Counsel's application for attorneys' fees, costs, and expenses and for service awards.  After the hearing, the Court will decide whether to approve the Settlement.

## 23.    Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  You may attend at your own expense if you wish.  If you submit a written objection, you do not have to come to Court to talk about it.  As long as you

QUESTIONS?  VISIT WWW._____.COM OR CALL 1-8XX-XXX-XXXX.

10

submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

| 24. | May I speak at the hearing? |

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter that includes the following:

    a.  The name of this lawsuit (*Corona v. Sony Pictures Entertainment Inc.* or similar identifying words);

    b.  Your full name, mailing address, and telephone number;

    c.  A statement that you would like to speak at the Final Approval Hearing; and

    d.  Your signature (an attorney's signature is not sufficient).

Your Notice of Intention to Appear must be postmarked no later than **[DATE]**, and be sent to the three addresses listed in Question 20 above.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF I DO NOTHING

| 25. | What happens if I do nothing? |

If you are a Settlement Class Member and do nothing, AllClear Secure coverage will be provided to you through December 31, 2017 at no cost to you.  If you previously enrolled in the AllClear PRO coverage offered by SPE following the SPE Cyberattack, your coverage for that service will also be extended through December 31, 2017.  If you did not previously enroll in AllClear PRO, you will not get AllClear PRO service unless you affirmatively enroll.  (See Question 10)  Unless you take affirmative steps to submit a claim form (*see* Question 11), you will not be eligible to receive any payment for a Preventive Measures Claim or an Identity Theft/Misuse Claim.  And, unless you exclude yourself, you will give up the right to start a lawsuit or be part of any other lawsuit against SPE about the claims in this case.

## GETTING MORE INFORMATION

| 26. | How do I get more information? |

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement itself.  You can get a copy of the Settlement Agreement, view other case documents, and get additional information by visiting www._____.com.  You can also get additional information or request a copy of the Settlement Agreement by calling toll-free 1-800-XXX-XXXX or writing to the Settlement Administrator at Sony Pictures Entertainment Settlement, P.O. Box XXX, City, State XXXXX-XXXX.

***Please do not contact the Court with questions about the Settlement.***

QUESTIONS?  VISIT WWW._____.COM OR CALL **1-8XX-XXX-XXXX.**

Exhibit 5

<u>Plan of Allocation for Preventive Measures Funds</u>

1. All Settlement Class Members may submit Preventive Measures Claims.  Settlement Class Members shall have the option of submitting one of two types of Preventive Measures Claims (but not both):  (a) Documented Preventive Measures Claims; or (b) Non-Documented Preventive Measures Claims.  There is a limit of one Preventive Measures Claim per Settlement Class Member.  With the exception of Residual Funds, if any, only Valid Claimants (as defined below, and as verified by the Settlement Administrator) shall receive payments from the Preventive Measures Claims Settlement Administration Fund.

2. <u>Preventive Measures Claim Form</u>:  Claims for reimbursement of Preventive Measures Claims must be made by completing and submitting a Preventive Measures Claim Form by no later than the Preventive Measures Claims Deadline (as defined below).  The Preventive Measures Claim Form shall be substantially in the form attached as Exhibit 7 to the Settlement Agreement.  Preventive Measures Claim Forms may be submitted electronically via the Settlement Website, or by mail.

3. <u>Preventive Measures Claims Deadline</u>:  The deadline for submitting Preventive Measures Claim Forms (the "Preventive Measures Claim Deadline") shall be 90 days after the Notice Deadline.  (This is a postmark deadline for mailed forms and the submission deadline for electronic forms.)

4. <u>Documented Preventive Measures Claims:</u>  Any Settlement Class Member may submit a Documented Preventive Measures Claim for reimbursement of actual, unreimbursed costs for Preventive Measures taken as a result of the SPE Cyberattack that were incurred between November 24, 2014 and October 19, 2015.  Representative costs include credit monitoring, freezing/unfreezing of credit, obtaining credit reports, and lost time.  The maximum Base Payment Amount (as discussed below) for a Documented Preventive Measures Claim shall be $1,000.  To be valid, a Documented Preventive Measures Claim must include all the following:

   o The Claimant must submit a Preventive Measures Claim Form by the Preventive Measures Claim Deadline, and all required contact information fields on their Preventive Measures Claim Form must be completed.

   o The Claimant must provide the following attestation (by checking the following box on the Preventive Measures Claim Form):
   ☐ By checking this box, I hereby attest that, between November 24, 2014 and October 19, 2015, I incurred actual costs, and/or spent time, for measures I took to avoid Identity Theft/Misuse resulting from the SPE Cyberattack, and such costs or time have not already been reimbursed.

o   The Claimant must: (1) confirm, by checking a box on the Preventive Measures Claim Form, the Claimant's election to submit a Documented Preventive Measures Claim; (2) indicate on the Preventive Measures Claim Form the dollar amount of all actual, unreimbursed costs for which the Claimant is seeking reimbursement from the Preventive Measures Claims Settlement Administration Fund; and (3) provide documentation (e.g., receipts, email confirmations) of all costs for which such reimbursement is sought.

o   Claimants who submit Documented Preventive Measures Claims may claim up to $50 in lost time but need not submit documentation of time spent.  This $50 counts against the $1,000 maximum Base Payment Amount.

o   The Claimant must sign the completed Preventive Measures Claim Form, confirming that the information provided therein is true and accurate.

5.   <u>Non-Documented Preventive Measures Claims</u>:  Non-Documented Preventive Measures Claims are for actual, unreimbursed costs incurred, or time expended,[1] by the Claimant between November 24, 2014 and October 19, 2015 for Preventive Measures taken as a result of the SPE Cyberattack, <u>but for which the Claimant is not submitting documentation of the costs that are the basis for the claim</u>.  Representative costs include credit monitoring, freezing/unfreezing of credit, obtaining credit reports, and lost time.  As described further below, the Base Payment Amount for all valid Non-Documented Preventive Measures Claims is $50.  To be valid, a Non-Documented Preventive Measures Claim must include all the following:

o   The Claimant must submit a Preventive Measures Claim Form by the Preventive Measures Claim Deadline, and all required contact information fields on the Preventive Measures Claim Form must be completed.

o   The Claimant must provide the following attestation (by checking the following box on the Preventive Measures Claim Form):
☐   By checking this box, I hereby attest that, between November 24, 2014 and October 19, 2015, I incurred actual costs, and/or spent time, for measures I took to avoid Identity Theft/Misuse resulting from the SPE Cyberattack, and such costs or time have not already been reimbursed.

---

[1] Claims purely for time expended will not be subject to Documented Preventive Measures Claim reimbursement, but will only be subject to Non-Documented Preventive Measure Claim reimbursement.

    o   The Claimant must sign the completed Preventive Measures Claim Form (electronically, for claim forms submitted via the Settlement Website), confirming that the information provided therein is true and accurate.

6.  <u>Verification by the Settlement Administrator</u>:  The Settlement Administrator shall receive and process submitted Preventive Measures Claim Forms and, applying the criteria for valid claims set forth above, shall determine the validity of each such submitted Claim and, for Documented Preventive Measures Claims, the eligible reimbursement amount.  For Documented Preventive Measures Claims, the Settlement Administrator shall verify that the documentation submitted by the Claimant supports the claim, including the amount for which reimbursement is sought. The Settlement Administrator shall have appropriate measures in place to prevent payment of fraudulent Claims, and may request further information from Claimants as may be necessary to process Claims, such as requesting further documentation or information regarding submitted Documented Preventive Measures Claims.

7.  <u>Valid Claimants</u>:  Each Settlement Class Member who submits a Documented Preventive Measures Claim or Non-Documented Preventive Measures Claim that the Settlement Administrator determines to be valid shall be deemed a "Valid Claimant."

8.  <u>Payment Amounts for Valid Claimants</u>:   The Preventive Measures Claims Settlement Administration Fund shall be allocated among the Valid Claimants in proportion to their respective "Base Payment Amounts" (as discussed immediately below):

    o   The respective Base Payment Amounts for Valid Claimants who submit valid Documented Preventive Measures Claims shall be equal to their respective eligible reimbursement amounts as determined by the Settlement Administrator for each of them (up to a maximum of $1,000 per claimant).

    o   The Base Payment Amount for each Valid Claimant who submits a valid Non-Documented Preventive Measures Claim shall be $50 (i.e., all Valid Claimants who submitted valid Non-Documented Preventive Measures Claims will have the same Base Payment Amount, $50).

    o   Payment amounts for Valid Claimants shall be calculated as follows:

        ▪   Each Valid Claimant shall receive the Base Payment Amount; or

        ▪   If the total, aggregate amount of all Valid Claimants' Base Payment Amounts is greater than the total Preventive Measures Claims Settlement Administration Fund amount (i.e., $2,000,000), then Valid Claimants'

payments shall be decreased from their respective Base Payment Amounts on a *pro rata* basis, proportionate to their Base Payment Amounts; or

▪ If the total, aggregate amount of all Valid Claimants' Base Payment Amounts is less than the total Preventive Measures Claims Settlement Administration Fund amount (i.e., $2,000,000), then Valid Claimants' payments shall be increased from their respective Base Payment Amounts on a *pro rata* basis, proportionate to their Base Payment Amounts, up to a maximum of $1,500 each for Documented Preventive Measures Claims and $500 each for Non-Documented Preventive Measures Claims.

9. <u>Payments By Mailed Check</u>.  All Preventive Measures Claims payments shall be made by check (first class, postage pre-paid), sent to the mailing address provided in the Preventive Measures Claim Forms.  Preventive Measures payment checks (excluding re-mailed checks) shall be mailed no later than 30 days following the Effective Date; provided however that in no event shall the Settlement Administrator begin mailing checks earlier than 60 days following Final Approval.  Preventive Measures payment checks shall be valid for a period of 120 days. For any Preventive Measures payment checks that are returned with forwarding address information, the Settlement Administrator shall re-mail the checks to the updated addresses. For any Preventive Measures payment checks that are returned undeliverable without forwarding address information, the Settlement Administrator shall take reasonable steps to locate updated address information and shall re-mail the checks to the extent updated address information is identified.

10. <u>Residual Funds</u>:  For residual amounts remaining in the Preventive Measures Claims Settlement Administration Fund as of one (1) year following the Effective Date, due to uncashed checks and/or as a result of the $1,500/$500 per Claimant payment caps (described above), such residual amounts (the "Residual Funds") shall be distributed as follows:

(a)     To the extent economically feasible and practical in light of the costs of administering such subsequent payments (all costs of administering such additional payments to be paid from the Preventive Measures Claims Settlement Administration Fund), and subject to agreement by Class Counsel and SPE, the residual funds shall be distributed on a *pro rata* basis to Settlement Class Members who, as of one (1) year following the Effective Date, have enrolled in AllClear PRO in connection with the SPE Cyberattack; or

(b)     If an additional distribution is not economically feasible and practical, or if an additional distribution is made pursuant to section 10(a) above and there are funds remaining in the Preventive Measures Claims Settlement Administration Fund following such additional distribution that would be not be economically feasible and practical to distribute

to Settlement Class Members, the residual funds shall be distributed through a *cy pres*
program to a non-profit organization, to be agreed upon by SPE and Class Counsel and
approved by the Court, to be used to promote education about how consumers can protect
themselves from identity theft.  The parties' proposed designee organization shall be
identified on the Settlement Website once selected.

(c)     If Class Counsel and SPE are unable to agree on a distribution plan for the
Residual Funds, they shall bring the matter, together with supporting materials and argument,
to the Court for determination.  All costs of administering any distribution of Residual Funds
shall be paid from the Preventive Measures Claims Settlement Administration Fund.

Exhibit 6

*Sony Pictures Entertainment Cyberattack Settlement*
**IDENTITY THEFT/MISUSE CLAIM FORM**

### Instructions for filing an Identity Theft/Misuse Claim

1. Complete and sign this claim form.  Please read all instructions below carefully.

2. File your completed claim form online at www._____.com, or by mailing it to: [ADMINISTRATOR ADDRESS]. Please make sure to include all required documentation, and please keep a copy of your completed claim form for your records.

### YOUR INFORMATION

Personal ID # ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

(You can find this number on the top of the first page of the notice you received.  If you did not receive a notice by mail or you cannot find your notice, please call the Settlement Administrator at XXX-XXX-XXXX to obtain your personal ID number.)

Your Name _____

Mailing Address _____

City _____ State _____ ZIP _____

Telephone Number: _____

Email Address (optional): _____

(If you provide an email address, we will communicate primarily by email about your claim)

### CLAIM INFORMATION

Please complete each question below:

| | | | |
|---|---|---|---|
| 1. | Were you employed by Sony Pictures Entertainment Inc. ("SPE") on or before November 24, 2014? | ☐YES<br>Skip to Question 3 2 | ☐NO<br>Continue to Question |
| 2. | Did you receive notice by mail that your personal information was compromised as a result of the SPE Cyberattack or receive notice by mail of this Settlement? | ☐YES | ☐NO |
| If you were unable to answer YES to Question 1 or 2, or if you are unable to check any of the boxes under Question 3, you are not eligible to submit an Identity Theft/Misuse Claim. | | | |
| 3. | Did you experience one or more of the following as a direct result of the SPE Cyberattack? (check all that apply) | | |
| | Unauthorized use of your identity to take out a new line of credit. | | ☐ |
| | Unauthorized use of your identity to create a new financial account. | | ☐ |
| | Unauthorized use of your identity to cause charges on your credit or debit card. | | ☐ |
| | Fees you were required to pay on your accounts (for example, late fees, declined payment fees, overdrafts, returned checks, customer service, card cancellation or replacement). | | ☐ |
| | Costs to hire someone to help correct your credit report, tax return, or other records. | | ☐ |
| | Other fraudulent use of your identity to obtain monies or things of value in your name. | | ☐ |

Questions?  Visit www._____.com or call 18XX-XXX-XXXX.

| 4. | Did you check any of the boxes under question 3? | ☐YES: Go to Question 5. ☐NO: You are ineligible to file a claim. |
|---|---|---|
| 5. | Did you lose money because of any of the events you checked in Question 3? | ☐YES: Go to Question 6. ☐NO: You are ineligible to file a claim. |
| 6. | Have your losses already been fully reimbursed (for example, by your bank, your credit card company, AllClear ID, or any other source)? | ☐YES: You are ineligible to file a claim. ☐NO: Go to Question 7. |
| 7. | Were you enrolled in AllClear PRO at the time of the loss? | ☐YES: Go to Question 8. ☐NO: Go to Question 10. |
| 8. | Have you already submitted a claim for this loss to AllClear ID for reimbursement? | ☐YES: Go to Question 9. ☐NO.  Go to Question 10. |
| 9. | Did AllClear ID fully reimburse your loss? | ☐YES: You are ineligible to file a claim. ☐NO:  Go to Question 10. |
| 10. | Do you have documentation of your losses? (NOTE: Payments for Identity Theft/Misuse Losses are capped at $10,000 per claimant.) | ☐YES: Complete the "Supporting Documentation" section below. ☐NO: You are ineligible to file a claim. |

**SUPPORTING DOCUMENTATION**

**Part 1: Proof of Identity Theft/Misuse Claim**

The notice you received in the mail includes a Personal ID Number indicating which of two groups of Settlement Class Members you fall into, depending upon whether SPE has reason to believe that your Personally Identifiable Information ("PII") was disclosed on the Internet as a result of the SPE Cyberattack.  Different proof requirements apply to each group.

If you did not receive a notice by mail or you cannot find your notice, please call the Settlement Administrator at [xxx] to obtain your Personal ID Number.

**Group #1:  If your Personal ID Number begins with [XX]:** you must submit (1) documentation of the loss for which reimbursement is requested (Part 2 below); and (2) proof that the loss is reasonably attributable to the SPE Cyberattack. You must also attest, by signing in Part 4 below, that you have sought and been denied reimbursement for the loss through the normal course, including, if applicable, through AllClear PRO insurance or by financial institutions.

**Group # 2:  If your Personal ID Number begins with [XX]:** you must submit (1) proof that you provided your PII to SPE; (2) proof that the PII you provided to SPE was publicly disclosed as a result of the SPE Cyberattack; (3) documentation of the loss for which reimbursement is requested (Part 2 below); (4) a copy of a filed police report concerning the incident giving rise to this Identity Theft/Misuse Claim; and (5) proof that the loss more likely than not (a) resulted from a third party's unauthorized use of the PII that was provided to SPE and (b) was obtained by the third party as a result of the SPE Cyberattack. You must also attest, by signing in Part 4 below, that you have sought and been denied reimbursement for the loss through the normal course, including, if applicable, through AllClear PRO insurance or by financial institutions.

**Part 2: Document Your Losses**

You must show that you actually incurred the loss for which you seek reimbursement through this claim.  To do so, please complete the table below, providing the date and amount of loss for each loss type and a description of the supporting documentation, and submit your supporting documentation with this claim form.  You may not include any loss, fee, expense, or cost that has been reversed or reimbursed (for example, a late fee imposed by your bank that was then reversed).

| Loss Type | Date(s) | Amount | Description of Supporting Documentation |
|---|---|---|---|

Questions?  Visit www._____.com or call 18XX-XXX-XXXX.

| *My bank account or credit card was frozen or I was otherwise unable to access funds because of the SPE Cyberattack, which caused me to have:* | | | |
|---|---|---|---|
| Late fees, declined payment fees, overdrafts, returned check fees, insufficient funds fees, or bank fees. | | $ | |
| Other fees or losses caused by loss of access or restricted access to funds. | | $ | |
| *I had unreimbursed losses not listed above because of the SPE Cyberattack (Please provide a description of the loss in the first column):* | | | |
| **Loss Type (please describe)** | | | |
| | | $ | |
| | | $ | |

## Part 3: Proof Requirements

You must also show that any loss you incurred for which you seek reimbursement under this Settlement resulted from the SPE Cyberattack and not some other disclosure of your PII. To do so, please complete the section of the table below that corresponds to the Group you are in (Group 1 or Group 2, *see above*), providing the date and a description of the supporting documentation, and submit your supporting documentation with this claim form.

| Proof Requirement | Date(s) | Description of Supporting Documentation |
|---|---|---|
| **Group 1:  (*Personal ID numbers starting with [XX]*)** | | |
| Proof that the loss is reasonably attributable to the SPE Cyberattack. | | |
| **Group 2:  (*Personal ID numbers starting with [XX]*)** | | |
| Proof that you provided PII to SPE. | | |
| Proof that the PII you provided to SPE was publicly disclosed as a result of the SPE Cyberattack. | | |
| Copy of a filed police report concerning the incident giving rise to your Claim. | | |
| Proof that the loss more likely than not   (a) resulted from a third party's unauthorized use of the PII that was provided to SPE; and   (b) was obtained by the third party as a result of the SPE Cyberattack. | | |

## Part 4: Attestation and Signature

By filing this claim form, I am hereby attesting that I have incurred unreimbursed Identity Theft/Misuse losses in the amount of $ _____described above in this claim form.

I further attest that I have sought and been denied reimbursement through the normal course for each loss for which I seek payment under this Settlement, including through AllClear PRO and/or any relevant financial institutions.

I certify that the information I am providing in this claim form is true and correct.


_____          _____          _____
Signature                                                Print Name                                              Date


Questions?  Visit www._____.com or call 18XX-XXX-XXXX.

# Exhibit 7

# Preventive Measures Claim Form

To apply for a payment from the settlement in *Corona v. Sony Pictures Entertainment Inc.* for measures you took to avoid Identity Theft/Misuse resulting from the SPE Cyberattack ("Preventive Measures"), file this Claim Form.

You have two options for filing a Claim Form:

(1) <u>File Online:</u>  File a Claim Form online at <u>www._____.com</u>; or

(2) <u>File by Mail</u>:  Fill out this form and mail it to:  [ADDRESS].

**<u>Important:  The deadline to file your Claim Form is [DATE].</u>**

## Step 1:  Provide Your Contact Information (Required for all Claims)

Personal ID #  ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

(You can find this number on the top of the first page of the notice you received.  If you did not receive a notice by mail or you cannot find your notice, please call the Settlement Administrator at XXX-XXX-XXXX to obtain your personal ID number.)

Your Name                 _____

Address             _____

City              _____ State _____ ZIP _____

Telephone Number: _____

Email Address (optional):  _____

## Step 2:  Confirm Your Eligibility for a Payment (Required for all Claims)

If you believe you have a valid Preventive Measures Claim, you <u>must</u> check the box below in order to receive a payment.  The Settlement Administrator will determine your eligibility and calculate your payment amount.

☐  By checking this box, I hereby attest that, between November 24, 2014 and October 19, 2015, I incurred actual costs, and/or spent time, for measures I took to avoid Identity Theft/Misuse resulting from the SPE Cyberattack, and such costs or time have not already been reimbursed.  **(check box)**

## Step 3:  Choose Between Filing a Documented or Non-Documented Claim (Required for all Claims)

<u>Explanation of Claims:</u> There are two types of claims: (a) Documented Claims; and (b) Non-Documented Claims.  Documented Claims are for actual, unreimbursed costs for which you send documentation to the Settlement Administrator (see Step 4 below).  Non-Documented Claims are for lost time or actual, unreimbursed costs for which you do not send documentation to the Settlement Administrator.  Regardless of whether you submit a Documented or Non-Documented Claim, you must have incurred the costs or spent the time for which you claim reimbursement between November 24, 2014 and October 19, 2015.

If you incurred costs and have documentation of the costs that you incurred, you can submit a Documented Claim (see Step 4 below).  If you do not have documentation of your costs, if your claim is for lost time only, or if you have documentation of your expenses but do not wish to provide that documentation, you can submit a Non-Documented

Claim.  <u>All valid claims are eligible for payments.</u>  Payment amounts for Documented Claims will be based on the amount of the unreimbursed costs you incurred (as shown in the documentation you submit).  Payment amounts for Non-Documented Claims will be a fixed amount.  Payments for Documented Claims may be higher than for Non-Documented Claims, but you must provide documentation of your expenses (see Step 4 below for details) in order to qualify for a Documented Claim.  The final payment amounts are not known at this time.  For more details visit www._____.com

**Must choose one** (see explanations above):

☐   I want to file a <u>Non-Documented Claim</u>.  (Skip Step 4 and go straight to Step 5)

☐   I want to file a <u>Documented Claim</u> and have included the required information and documentation listed in Step 4 below.

## Step 4: Provide Documentation of Your Expenses (For Documented Claims Only)

[You only have to complete Step 4 if you are filing a Documented Claim.  If you are filing a Non-Documented Claim, you do not need to complete Step 4 and can go straight to Step 5.]

- Amount of costs incurred between November 24, 2014 and October 19, 2015 for which you seek reimbursement:  $_____ (not to exceed $1,000).

- Describe what these costs were for—for example identity or credit monitoring services, freezing credit, credit reports, etc.  If you are claiming reimbursement for lost time, allocate no more than $50 to that cost:

  _____
  _____
  _____

- Please attach documentation showing that you incurred these costs.  (You do not need to document any lost time claimed.)  The Settlement Administrator may follow up with you for additional information.

## Step 5:  Sign the Claim Form (Required for all Claims)

By signing below, I confirm that the information provided in this Claim Form is true and accurate.


_____          _____
**Signature**                                              **Date**