# EXHIBIT 4

Matthew J. Preusch (SBN 298144)
mpreusch@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1129 State Street, Suite 8
Santa Barbara, CA 93101
T: (805) 456-1496
F: (805) 456-1497

Cari Campen Laufenberg, *admitted pro hac vice*
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
T: (206) 623-1900
F: (206) 623-3384

Daniel C. Girard (SBN 114826)
dcg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
T: (415) 981-4800
F: (415) 981-4846

Michael W. Sobol (SBN 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
T: (415) 956-1000
F: (415) 956-1008

*Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL CORONA, CHRISTINA MATHIS, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SONY PICTURES ENTERTAINMENT, INC.,<br><br>Defendant. | **CASE NO. 2:14−CV−09600−RGK−E**<br><br>**MODIFIED** [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br><br>Hearing Date: November 16, 2015<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Judge: Hon. R. Gary Klausner |

MODIFIED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1 WHEREAS, Plaintiffs Michael Corona, Christina Mathis, Joshua Forster, Ella Carline Archibeque, Marcela Bailey, Michael Levine, Steven Shapiro, and Geoffrey Springer ("Plaintiffs") filed suit in the above-captioned matter on behalf of themselves and a proposed class of all current and former employees of Sony Pictures Entertainment Inc. ("SPE") whose personally identifiable information was compromised in the cyberattack on ~~SPEin~~ SPE in the fall of 2014 ("SPE Cyberattack");

WHEREAS, Plaintiffs and SPE entered into a Settlement Agreement and Release ~~("~~ on October 19, 2015 ("October 19 Settlement Agreement") ~~on October 19~~, which was superseded by a Modified Settlement Agreement and Release ("Modified Settlement Agreement") entered into on November 13, 2015, which is attached as Exhibit ~~A~~1 to the Declaration of ~~Cari Campen Laufenberg~~ Christopher T. Casamassima filed on ~~October 19~~ November 13, 2015, and sets forth the terms and conditions of the proposed settlement and the dismissal of the Action[1] against SPE with prejudice;

WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23, certifying a Settlement Class for purposes of settlement, and approving notice to the Settlement Class as more fully described herein;

WHEREAS, SPE does not oppose this request;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the October 19 Settlement Agreement and its exhibits, the Modified Settlement Agreement, Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval of Class Settlement, the supporting

---

[1] Capitalized terms not defined herein are given the meaning assigned to them in the Modified Settlement Agreement.

1

MODIFIED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

~~Declaration~~Declarations of Cari Campen Laufenberg and Christopher T. Casamassima, and found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Modified Settlement Agreement.

**Settlement Class Certification**

2. The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met. The Court preliminarily certifies the following class for purposes of the Settlement only: (1) All current and former ~~SPE~~ corporate and production employees of SPE and its subsidiaries as of November 24, 2014, and (2) those individuals who ~~are~~were not current or former ~~SPE~~ corporate or production employees of SPE or its subsidiaries as of November 24, 2014 but (a) whose PII SPE has determined was disclosed on the Internet as a result of the SPE Cyberattack; and (b) for whom SPE has contact information sufficient to provide direct notice pursuant to the terms of the Notice Program (the "Settlement Class").

3. The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied for the Settlement Class in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds that pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, that Plaintiffs Michael Corona, Christina Mathis, Joshua Forster, Ella Carline Archibeque, Michael Levine, Marcela Bailey, Steven Shapiro, and Geoffrey Springer are adequate class representatives and appoints them to serve as representatives for the Settlement Class.

5. The Court also finds that the law firms of Girard Gibbs LLP, Keller Rohrback L.L.P., and Lieff Cabraser Heimann & Bernstein, LLP have significant expertise and knowledge in prosecuting class actions involving data breach and other privacy issues, and have committed the necessary resources to represent the Settlement Class. The Court, for purposes of settlement, appoints Girard Gibbs LLP, Keller Rohrback L.L.P., and Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

## Preliminary Approval of the Settlement

6. The Court finds that the Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through discovery and motion practice, and whose negotiations were supervised by an experienced mediator. The Court also finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation as well as settlements in other data breach cases, does not grant preferential treatment to the Plaintiffs and their counsel, and has no obvious deficiencies.

7. The Court hereby preliminarily approves the Settlement, as memorialized in the Modified Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class

Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

8. The court hereby stays this Action pending final approval of the Settlement, and enjoins pending final approval of the Settlement, any actions brought by Settlement Class Members concerning a Released Claim.

### Manner and Form of Notice

9. The Court approves the Notice substantially in the form attached as Exhibits [2-4] to the October 19 Settlement Agreement (as modified to conform to the clarified Settlement Class definition provided in the Modified Settlement Agreement). The Court also finds that the proposed Notice Program, which includes first class mailing of the Mail Notice, publication of the Publication Notice, and posting of the Notice on the Settlement Website, will provide the best notice practicable under the circumstances. The Notice is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the class action, the effect of the proposed Settlement (including the Released Claims contained therein), and any motion for attorneys' fees, costs, and expenses, and service awards, and of their right to submit a claim form and object to any aspect of the proposed Settlement; constitutes due, adequate and sufficient notice to Settlement Class Members; and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice before it is mailed or published.

10. The Court hereby appoints Garden City Group, LLC to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a Settlement Website and a toll-free number, administer the Claims processes, distribute cash payments according to the processes and criteria set forth in the Modified Settlement Agreement, and perform any other

duties of the Settlement Administrator provided for in the Modified Settlement Agreement.

11. Within fifteen (15) business days of entry of this Order, SPE shall provide the Settlement Administrator with data files (collectively, the "Class List") that identify, subject to the availability of information in reasonably accessible electronic form, the names and last known mail addresses of the identifiable Settlement Class Members for the purpose of sending Mail Notice, at no expense to the Settlement Class or Class Counsel. SPE shall take appropriate measures to ensure that the Class List is transferred to the Settlement Administrator in a secure manner, and the Settlement Administrator shall maintain the Class List in a secure manner.

12. The Settlement Administrator shall provide notice of the Settlement and the Final Approval Hearing to Settlement Class Members as follows:

    a. After the Settlement Administrator receives the Class List from SPE, the Settlement Administrator shall run the mailing addresses included in the Class List through the National Change of Address Database, and shall mail the Mail Notice, by first-class mail, postage prepaid, to all such Settlement Class Members at the addresses as updated (the "Mail Notice Program").

    b. For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Mail Notice to the updated address indicated. For any Mail Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses and re-mail the Mail Notice to the extent updated addresses are identified. The Settlement Administrator need only make one attempt to re-mail any Mail Notices that are returned as undeliverable.

MODIFIED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

|   |   |
|---|---|
| 1 | c. The Mail Notice Program shall be completed by no later than 60 days after the entry of this Order (the "Notice Deadline"), excluding any re-mails for Mail Notices that are returned undeliverable. |

   c.  The Mail Notice Program shall be completed by no later than 60 days after the entry of this Order (the "Notice Deadline"), excluding any re-mails for Mail Notices that are returned undeliverable.

   d.  As soon as practicable following the entry of this Order, and no later than the commencement of the Notice Program, the Settlement Administrator shall establish the Settlement Website pursuant to the terms of the Modified Settlement Agreement. The Notice shall be posted on the Settlement Website on or before the Notice Deadline; and

   e.  The Publication Notice shall be published pursuant to the terms of the Modified Settlement Agreement, on or before the Notice Deadline.

   13.  No later than seven (7) calendar days after the Notice Deadline, the Settlement Administrator shall provide Class Counsel and SPE with one or more affidavits confirming that the Mail Notice Program, Publication Notice, and posting of Notice on the Settlement Website were completed in accordance with this Order. Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Plaintiffs' motion for final approval of the Settlement.

   14.  Within forty-five (45) days of the entry of this Order, SPE shall provide the Settlement Administrator with a list of Settlement Class Members as to whom, based on information currently available, and after conducting a reasonable inquiry, SPE believes their PII was disclosed on the Internet as a result of the SPE Cyberattack.

**The Final Approval Hearing**

   15.  The Court will hold a Final Approval Hearing on _____, 2015 [no sooner than one hundred twenty (120) days after entry of this Order], at _____, in the United States District Court for the Central District of California, Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, for the

<mark>6</mark>

following purpose: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for class action treatment under Rules 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to rule upon Class Counsel's application for an award of attorneys' fees, costs, and expenses; (iv) to rule upon Class Counsel's application for Service Awards to Plaintiffs and Additional Plaintiffs; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

16. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members and (b) approve the Modified Settlement Agreement with modification and without further notice to Settlement Class Members. The parties retain their rights under the Modified Settlement Agreement to terminate the Settlement if the Court rejects, materially modifies, materially amends or changes, or declines to finally approve the Settlement.

17. Class Counsel's application for an award of attorneys' fees, expenses, and costs, and Class Counsel's application for Service Awards, will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any orders relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, or Class Counsel's application for Service Awards, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the judgment approving the Settlement and Agreement.

18. If the Settlement is approved, all Settlement Class Members who do not exclude themselves will be bound by the proposed Settlement provided for in the Modified Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members who do not exclude themselves shall be bound by all determinations and

judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

19. Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and Service Awards shall be filed no later than twenty-one (21) calendar days prior to the Objection Deadline. Papers in opposition shall be filed in accordance with paragraph 21 below. Reply papers shall be filed no later than fourteen (14) calendar days prior to the Final Approval Hearing.

**Objections and Appearance at the Final Approval Hearing**

20. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees, costs, and expenses or to Class Counsel's application for Service Awards. No Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees, costs, and expenses, or for Service Awards, unless that Settlement Class Member or person (i) filed objections with the Clerk of the United States District Court for the Central District of California, electronically or by first-class mail, no later than forty-five (45) calendar days after the Notice Deadline; and (ii) has served written objections, by first-class mail, including the basis for the objection(s), as well as copies of any papers and briefs in support of his or her position upon each of the following no later than forty-five (45) calendar days after the Notice Deadline: Clerk of the Court, Class Counsel, and SPE's Counsel, as set forth in the Notice.

MODIFIED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

21. For an objection to be considered by the Court, the objection must set forth: (a) the name of this Action; (b) the objector's full name, address, email address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, Class Counsel's fee application, or the application for Service Awards; (f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (i) the objector's signature, even if represented by counsel.

22. Any Settlement Class Member who does not make his or her objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses or for Service Awards. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

23. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

## Exclusion from the Settlement Class

24. Any requests for exclusion must be postmarked no later than forty-five (45) calendar days after the Notice Deadline ("Opt-Out Deadline"). Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must notify the Settlement Administrator in writing of the intent to exclude himself or herself from the Settlement Class, postmarked no later than the Opt-Out Deadline. The written notification must include the individual's (i) name, (ii) address, (iii) a statement that the person wishes to be excluded from the Settlement in this Action, and (iv) signature. All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Modified Settlement Agreement, shall not share in the forms of relief provided by the Settlement, and shall not be bound by the Modified Settlement Agreement or any orders of the Court, or any final judgment.

25. Any person who would otherwise be a member of the Settlement Class and who does not notify the Settlement Administrator of his/her intent to exclude himself or herself from the Settlement Class in the manner stated in this Order shall be deemed to have waived his or her right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including but not limited to, the release of the Released Claims against the Released Parties provided for in the Modified Settlement Agreement and the judgment, if the Court approves the Settlement.

26. The Settlement Administrator shall provide weekly reports to Class Counsel and SPE that summarize the number of opt-out notifications received that week. The Settlement Administrator shall also provide a final report to Class Counsel and SPE, no later than ten (10) calendar days after the Opt-Out

Deadline, that summarize the number of opt-out notifications received to date, and other pertinent information.

28. Class Counsel shall move to file copies of all completed opt-out notifications under seal with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

### Termination of the Settlement

28. If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Modified Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Modified Settlement Agreement, survive termination of the Modified Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Modified Settlement Agreement.

### The Use of this Order

29. As set forth in the Modified Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of SPE to the Class Representatives, the Settlement Class or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or lack of damages suffered by the class representatives, the Settlement Class or anyone else, or (v) that any benefits obtained by the Settlement Class pursuant to the Agreement or

any other amount represents the amount that could or would have been recovered in this Action against SPE if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Modified Settlement Agreement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

30. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**


DATE: _____    _____
                                  THE HONORABLE R. GARY KLAUSNER
                                  UNITED STATES DISTRICT JUDGE