Matthew J. Preusch (SBN 298144)
mpreusch@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1129 State Street, Suite 8
Santa Barbara, CA 93101
T: (805) 456-1496
F: (805) 456-1497

Lynn Lincoln Sarko, *admitted pro hac vice*
lsarko@kellerrohrback.com
**KELLER ROHRBACK L.L.P**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
T: (206) 623-1900
F: (206) 623-3384

| | |
|---|---|
| Daniel C. Girard (SBN 114826) | Michael W. Sobol (SBN 194857) |
| dcg@girardgibbs.com | msobol@lchb.com |
| **GIRARD GIBBS LLP** | **LIEFF CABRASER HEIMANN &** |
| 601 California Street, 14th Floor | **BERNSTEIN, LLP** |
| San Francisco, CA 94108 | 275 Battery Street, 29th Floor |
| T: (415) 981-4800 | San Francisco, CA 94111-3339 |
| F: (415) 981-4846 | T: (415) 956-1000 |
| | F: (415) 956-1008 |

*Class Counsel*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CORONA, CHRISTINA MATHIS, et al., individually and on behalf of others similarly situated, | CASE NO. 2:14−cv−09600−RGK−E |
| Plaintiffs, | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |
| vs. | |
| SONY PICTURES ENTERTAINMENT, INC., | Hearing Date: April 6, 2016 |
| Defendant. | Time:          10:00 a.m. |
| | Courtroom:   850 |
| | Judge:         Hon. R. Gary Klausner |

I.      **Introduction**

In their opening brief, Plaintiffs explained why their proposed settlement with Sony Pictures Entertainment Inc. ("SPE") is fair, adequate and reasonable.  At the time, the period for Settlement Class Members to comment on and object to the Settlement had not yet ended.  Now that it has, Plaintiffs can report that out of approximately 435,000 Settlement Class Members, most of whom received direct mail notice of the settlement, only two have objected.  Many Settlement Class Members have enrolled in the identity protection services provided by AllClear PRO and IDT911 and filed claims to recover costs related to preventive measures and identity theft.  Only 66 Settlement Class Members have asked to be excluded from the Settlement Class.  This overwhelmingly positive response from the class supports final approval of the settlement.

II.     **The Positive Reaction of the Class Supports Final Approval**

The fact that very few Settlement Class Members have raised any concerns with the Settlement supports final approval of the settlement.  *See, e.g.*, *National Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."); *see also Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) ("The small number of class members indicating their disapproval of the settlement, here only one percent, also indicates its acceptability.").  There are also very few Settlement Class Members who chose to opt out.  Of the approximately 435,000 Settlement Class Members, only 66 have requested exclusion from the Settlement.  Second Supp. Castaneda Decl., ¶ 6, Ex. A.[1]  Other courts have found that such a low number of objections and opt outs favors approval of the settlement.  *See, e.g.*, *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming district court's approval of settlement where 45 of 90,000 class members objected to the settlement and 500 opted out); *In re TD Ameritrade Account*

---

[1]  Three of the exclusion requests were postmarked after the March 9, 2016 deadline.

REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL

*Holder Litig.*, Nos. C 07-2852 SBA, et al., 2011 WL 4079226, at *7 (N.D. Cal. Sept. 13, 2011) ("Given the relatively small number of objections and opt-outs, the Court finds that the reaction of the class to the settlement is positive, which favors approving the settlement.").

Settlement Class Members have also shown their support for the Settlement by taking advantage of its benefits. While all Settlement Class Members will automatically receive AllClear Secure coverage through December 31, 2017, many have also chosen to enroll in the additional identity protection services provided by AllClear PRO (for United States residents) and IDT911 (for non-United States residents). AllClear PRO and IDT911 report that approximately 18,000 Settlement Class Members have enrolled in these additional identity protection services. Settlement Class Members who enroll will receive these services free of charge through December 31, 2017.

Many Settlement Class Members have already submitted claims for cash payments as well, and more claims are likely to be submitted in the month remaining before the April 23, 2016 deadline for Preventive Measure Claims and the twenty-one months remaining before the December 31, 2017 deadline for Identity Theft/Misuse Claims. The Settlement Administrator has received 3,063 Preventive Measure Claims and 64 Identity Theft/Misuse Claims so far. Second Supp. Castaneda Decl., ¶¶ 3-4. The fact that many Settlement Class Members have filed claims shows that the Notice Program effectively informed Settlement Class Members of their rights and that the claim process is operating smoothly. The Settlement Administrator has also received thousands of communications from Settlement Class Members, and reports that Settlement Class Members have not raised any problems or complications with the claim processes. *Id.*, ¶ 5.

Because the claim processes have proven effective and the low number of objections and opt outs confirms that the Settlement Class supports the Settlement, the Court should grant final approval.

REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL

### III.   Neither Objection Raises Meritorious Concerns

Only two Settlement Class Members objected to the settlement.  Both objectors believe the Settlement should provide different benefits.  Phoebe Rosenberg Diaz says that the identity protection services should be extended for another two years and that she should be able to pursue claims for actual damages in the future.  Second Supp. Castaneda Decl., Ex. B.  Peter J. Gleason says that the Settlement benefits "do not make up for the long-term harm" that may result from the exposure of personally identifiable information, although he does not say what benefits he thinks would be appropriate.  *Id.*

As the Ninth Circuit has recognized, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes."  *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998) (quoting *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982)).  Courts therefore generally discount objections like these that fall into a "category of suggestions as to how the settlement might be made *better*, particularly from the perspective of the plaintiff class."  *Fraley v. Facebook, Inc.*, 966 F. Supp. 2d 939, 948 (N.D. Cal. 2013), *aff'd sub nom Fraley v. Batman*, Nos. 13-16819 et al., 2016 WL 145984 (9th Cir. Jan. 6, 2016).  In considering a proposed settlement, courts should not determine "whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

The benefits of the proposed settlement are tied to the types of injuries that Settlement Class Members claim to have suffered as a result of the SPE Cyberattack and the strongest theories available to pursue damages for those injuries.  In negotiating the Settlement, Class Counsel considered the risk involved in pursuing the claims on behalf of the class through trial and any subsequent appeal, and the fact that the Settlement provides Settlement Class Members with certain and meaningful benefits without further delay.  Among the key benefits are the identity protection services that SPE will provide for Settlement Class Members through December 31, 2017, which is a full three years following the SPE Cyberattack.  This timing is consistent with the opinion of plaintiffs'

3

experts that any identity theft in this case is most likely to occur within three years of the Cyberattack. *See* ECF No. 107-2 (Report of Larry Ponemon, Ph.D.), ¶ 31 n.20; ECF No. 107-3 (Report of Henry H. Fishkind, Ph.D.), ¶¶ 18, 21, 34, 35.

Settlement Class Members can file claims to recover costs associated with measures they took, and time they spent, to protect themselves from identity theft following the SPE Cyberattack. Settlement Class Members can also file claims to recover losses they experience due to identity theft resulting from the SPE Cyberattack that are not reimbursed by the AllClear and IDT911 insurance. Settlement Class Members have until December 31, 2017 to file Identity Theft/Misuse Claims, which is again consistent with the opinion of plaintiffs' experts that most identity theft, if any, will occur within three years of the SPE Cyberattack.

Ms. Diaz and Mr. Gleason offer no support for their arguments that these benefits are inadequate or that the settlement should provide benefits further into the future. *See Nwabueze v. AT&T Inc.*, No. 09-cv-01529-SI, 2013 WL 6199596, at *8 (N.D. Cal. Nov. 27, 2013) (rejecting objections that were "largely conclusory and fail to provide legal support or evidence"); *Johansson-Dohrmann v. Cbr Systems, Inc.*, No. 12-cv-1115-MMA/BGS, 2013 WL 3864341, at *7 (S.D. Cal. July 24, 2013) (rejecting an objection that the settlement of a data breach case should provide lifetime reimbursement for identity theft because it "merely seeks a better result without consideration for whether the settlement is fair"). As the court noted in *Cbr Systems*, if the objecting class members "believed that '[their] personal claim[s] w[ere] being sacrificed for the greater good … they had the right to opt-out of the class.'" 2013 WL 3864341, at *7 (quoting *Hanlon*, 150 F.3d at 1027) (alterations in original).

## IV.   Conclusion

For the reasons discussed in their opening memorandum, and because the reaction of the Settlement Class strongly supports approval of the Settlement, Plaintiffs respectfully request that the Court enter an order granting final approval of the Settlement.

REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL

Dated:    March 23, 2016                Respectfully submitted,


**GIRARD GIBBS LLP**


By:  */s/ Daniel C. Girard*
Daniel C. Girard
dcg@girardgibbs.com
Amanda M. Steiner
as@girardgibbs.com
Linh G. Vuong
lgv@girardgibbs.com
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846


**KELLER ROHRBACK L.L.P.**


By:  */s/ Lynn Lincoln Sarko*
Lynn Lincoln Sarko, *Admitted pro hac vice*
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, *Admitted pro hac vice*
gcappio@kellerrohrback.com
Cari Campen Laufenberg, *Admitted pro hac vice*
claufenberg@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384


Matthew J. Preusch
mpreusch@kellerrohrback.com
1129 State Street, Suite 8
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (805) 456-1497

REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By:  */s/ Michael W. Sobol*
Michael W. Sobol
msobol@lchb.com
RoseMarie Maliekel
rmaliekel@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Nicholas Diamand
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592

*Class Counsel*

Hank Bates
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
11311 Arcade Drive
Little Rock, AR 72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

Raúl Pérez
Raul.Perez@Capstonelawyers.com
Jordan L. Lurie
Jordan.Lurie@capstonelawyers.com
Robert Friedl
Robert.Friedl@capstonelawyers.com

REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL

Tarek H. Zohdy
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett
Cody.Padgett@capstonelawyers.com
**CAPSTONE LAW APC**
1840 Century Park East, Suite 450
Los Angeles, CA 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

John H. Gomez
john@gomeztrialattorneys.com
John P. Fiske
jfiske@gomeztrialattorneys.com
Deborah Dixon
ddixon@gomeztrialattorneys.com
**GOMEZ TRIAL ATTORNEYS**
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496

Joseph G.Sauder
jgs@chimicles.com
Matthew D. Schelkopf
mds@chimicles.com
Benjamin F. Johns
bfj@chimicles.com
Joseph B. Kenney
jbk@chimicles.com
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

Richard A. Maniskas, Esquire
rmaniskas@rmclasslaw.com
**RYAN & MANISKAS, LLP**

7

REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL

995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Telephone: (484) 588-5516
Facsimile: (484) 450-2582

Steven M. Tindall
stindall@rhdtlaw.com
Valerie Bender
vbrender@rhdtlaw.com
**RUKIN HYLAND DORIA & TINDALL LLP**
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive, Suite 500
Chicago, IL 60613
Telephone: (312) 750-1265
Facsimile: (312) 212-5919

***Additional Plaintiffs' Counsel***

REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL