JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-CV-09600 RGK (SHx) | Date | April 12, 2016 |
|---|---|---|---|
| Title | *MICHAEL CORONA, et al v. SONY PICTURES ENTERTAINMENT, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Motion for Attorneys' Fees, Costs, and Service Awards (DE 158)

On February 17, 2016, Plaintiffs filed a Motion for Final Approval of Class Settlement and Motion for Attorneys' Fees, Costs, and Service Awards. On April 6, 2016, after considering all available facts, arguments, and objections, the Court found the terms of settlement for the class members fair and appropriate. The Court granted final approval of the class action settlement and took under submission the Motion for Attorneys Fee, Costs, and Service Awards, which is the subject matter of this order.

Plaintiffs seek (1) attorneys fees and costs in the amount of $3,490,000; and (2) service awards of $3,000 for each of the eight named Plaintiffs here, and $1,000 for each of nine additional plaintiffs who filed actions in this Court and state court. The Court addresses each in turn.

### A. <u>Attorneys' Fees and Costs</u>

In class action settlements, where attorneys fees are paid separately from the class relief and the value of that relief is uncertain, courts use the "lodestar" method for calculating the appropriate fee award.

Plaintiffs seek a total of $3,490,000 for work on this case, which includes (1) interviewing 150 current and former SPE employees; (2) researching and drafting the consolidated complaint; (3) opposing SPE's Motion to Dismiss; (4) serving and reviewing extensive discovery; (5) preparing for, and defending, depositions of the eight named Plaintiffs; (6) locating, retaining, and working with experts; (7) deposing SPE's experts and Rule 30(b)(6) designee; (8) preparing motion and reply for class certification; (9) locating and reviewing documents posted on the Internet following the cyberattack;

(10) preparing and participating in a full-day mediation session; (11) negotiating terms of the Settlement over three months; (12) drafting the formal settlement agreement, including notices, claim forms, and other exhibits; and (13) working with the Settlement Administrator to implement the notice program and claims processes.

Plaintiffs have submitted an exhibit showing, at the time this motion was filed, Class Counsel (and staff) expended 7,257 hours on this case, for a total lodestar amount of $3,696,311.75. (Mot. for Attorneys Fees, Exhibit B.) Additionally, the exhibit shows the varying billable rates for each individual, which the Court finds reasonable and consistent with those prevailing in the community for similar services. Based on these figures, the blended hourly rate is $509.34.

The Court takes issue with Plaintiffs' lodestar amount on two grounds. First, Plaintiffs have failed to include an itemization of how the hours were spent, so the Court cannot verify the reasonableness of the claimed hours. Second, from the filing of the initial complaint (*i.e.*, December 15, 2014) to the date Plaintiffs filed this motion (*i.e.*, February 17, 2016), approximately sixty-one weeks passed. Based on this figure, Plaintiff's lodestar amount indicates that for the entire 61-week time period, this action required seventeen hours of work each day, for seven days a week. On its face, even considering the nature of work described above, the Court finds this allocation of time unreasonable, suggesting duplication of effort or inefficient handling of the matter.[1]

Considering the nature of the claims, the complexity of the facts, the amount of investigation and discovery required, the experience of Class Counsel, and the work performed as reflected in court records, the Court finds a total of 4,500 hours for the 61-week period reasonable. Based on a blended rate of $509.34, the Court calculates a lodestar amount of $2,292,030. Furthermore, the Court finds no special circumstances that warrant either a positive or negative multiplier.

As previously found on April 6, 2016, the Court has determined that the class relief is fair and appropriate. This finding remains undisturbed, and stands apart from the issue of attorneys' fees and costs. Based on the discussion above, the Court determines $2,292,030 to be the amount of reasonable attorneys' fees. As set forth in Plaintiff's Exhibit C, the reasonable costs incurred by Class Counsel is $295,544.96. (Mot. for Attorneys' Fees, Ex. C.) Together, the Court finds that the reasonable attorneys' fees and costs award is $2,587,574.96. The Court notes that Defendant does not oppose, or otherwise take issue with, Plaintiffs' request for a larger amount of fees and costs. To the extent Defendant agrees to pay fees and costs beyond the amount the Court has found reasonable, such matter is left open for the parties to handle independently, as they see fit.

### B. Service Awards

Plaintiffs seek service awards in the amount of $3,000 for each of the eight named Plaintiffs in the current action, and $1,000 for each of the nine additional plaintiff who initially filed suit against Defendant in both federal and state court.

Upon review of the records, the Court finds these awards fair and justified.

---

[1] The Court does not question whether Class Counsel actually expended the time reflected in its exhibit, as the Court is not tasked with determining the veracity of Class Counsels' representations. Rather, the Court is tasked with determining the *reasonable* hours spent within the context of the case.

**C.** <u>**Conclusion**</u>

Based on the foregoing, the Court **grants in part** Plaintiff's Motion. Specifically, the Court grants reasonable attorneys' fees and costs in the amount of **$2,587,574.96**. The Court also grants reasonable service awards in the amount of **$3,000** for each of the eight named Plaintiffs here, and **$1,000** for each of nine additional plaintiffs who initially filed actions in this Court and state court.

    **IT IS SO ORDERED**.

           :       

<u>**Initials of Preparer**</u>